UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- X
MARC W. WEINSTEIN.                                              **14-CV-7210**
                                            Plaintiff,          **(ADS) (AKT)**

               -against-

THOMAS C. KRUMPTER, Acting Police Commissioner,        **COUNTY DEFENDANT'S**
Nassau County, New York, STEVEN E. SKYNECKI,                **ANSWER TO**
Chief of Department, Nassau County Police Department,    **PLAINTIFF'S AMENDED**
DANIEL P. FLANAGAN, Commanding Officer, First              **COMPLAINT**
Precinct, Nassau County Police Department, JAMES B.
MALONE, Police Officer, First Precinct, Nassau County
Police Department, JOHN DOES I-IV, Police Officers,
First Precinct, Nassau Police Department, PAUL CAPPY,
Police Officer and Investigator, Nassau County Police
Department, Pistol License Section, NASSAU COUNTY
POLICE DEPARTMENT, and COUNTY OF NASSAU,

                                            Defendants.
----------------------------------------------------------------------- X

        Defendants COUNTY OF NASSAU, THOMAS C. KRUMPTER, STEVEN E.

SKYNECKI, DANIEL P. FLANAGAN, JAMES B. MALONE, PAUL CAPPY, and

NASSAU COUNTY POLICE DEPARTMENT, (hereinafter referred to as "County

Defendants"), by its attorney, Carnell T. Foskey, Nassau County Attorney, by Richard J.

Femia, Deputy County Attorney, Answers Plaintiff's Amended Complaint (hereinafter

referred to as the "Complaint"), upon information and belief, as follows:

### AS AND FOR AN ANSWER TO SECTION:
### AMENDED COMPLAINT

        1.        Deny the allegations set forth in paragraph "1" of the Complaint and

respectfully refer all questions of law to the Court.

**AS AND FOR AN ANSWER TO SECTION:**
**PRELIMINARY STATEMENT**

2.      Deny the allegations set forth in paragraph "2" of the Complaint and respectfully refer all questions of law to the Court.

**AS AND FOR AN ANSWER TO SECTION:**
**JURY TRIAL DEMAND**

3.      Deny the allegations set forth in paragraph "3" of the Complaint and respectfully refer all questions of law to the Court.

**AS AND FOR AN ANSWER TO SECTION:**
**JURISDICTION AND VENUE**

4.      Deny the allegations set forth in paragraph "4" of the Complaint and respectfully refer all questions of law to the Court.

5.      Deny the allegations set forth in paragraph "5" of the Complaint and respectfully refer all questions of law to the Court.

6.      Deny the allegations set forth in paragraph "6" of the Complaint and respectfully refer all questions of law to the Court.

**AS AND FOR AN ANSWER TO SECTION:**
**PARTIES**

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7"of the Complaint.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8"of the Complaint.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9"of the Complaint.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10"of the Complaint.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11"of the Complaint.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12"of the Complaint.

13.     Admit that Defendant NASSAU COUNTY POLICE DEPARTMENT is an administrative agency of the County of Nassau, and as such is a non-suable entity.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14"of the Complaint.

15.     Deny the allegations set forth in paragraph "15" of the Complaint, except aver, that Nassau County is a municipal corporation organized and existing under the laws of the State of New York.

## AS AND FOR AN ANSWER TO SECTION:
## FACTS

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20.     Deny the allegations set forth in paragraph "20" of the Complaint.

21.     Deny the allegations set forth in paragraph "21" of the Complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23.     Deny the allegations set forth in paragraph "23" of the Complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24"of the Complaint.

25.     Deny the allegations set forth in paragraph "25" of the Complaint.

**AS AND FOR AN ANSWER TO SECTION: COUNT ONE**
**Right to Free Speech**

26.     Answering paragraph "26" of the Complaint, County Defendants repeat and re-aver each and every response herein to paragraphs "1" through "25" of the Complaint as though fully set forth herein.

27.     Deny the allegations set forth in paragraph "27" of the Complaint, and respectfully refer all questions of law to the Court.

28.     Deny the allegations set forth in paragraph "28" of the Complaint.

**AS AND FOR AN ANSWER TO SECTION: COUNT TWO**
**Right to Keep and Bear Arms**

29.     Answering paragraph "29" of the Complaint, County Defendants repeat and re-aver each and every response herein to paragraphs "1" through "28" of the Complaint as though fully set forth herein.

30.     Deny the allegations set forth in paragraph "30" of the Complaint, and respectfully refer all questions of law to the Court.

31.     Deny the allegations set forth in paragraph "31" of the Complaint.

4

## AS AND FOR AN ANSWER TO SECTION: COUNT THREE
### Due Process

32.     Answering paragraph "32" of the Complaint, County Defendants repeat and re-aver each and every response herein to paragraphs "1" through "31" of the Complaint as though fully set forth herein.

33.     Deny the allegations set forth in paragraph "33" of the Complaint, and respectfully refer all questions of law to the Court.

34.     Deny the allegations set forth in paragraph "34" of the Complaint.

35.     Deny the allegations set forth in paragraph "35" of the Complaint.

36.     Deny the allegations set forth in paragraph "36" of the Complaint.

## AS AND FOR AN ANSWER TO SECTION: COUNT FOUR
### Search and Seizure

37.     Answering paragraph "37" of the Complaint, County Defendants repeat and re-aver each and every response herein to paragraphs "1" through "36" of the Complaint as though fully set forth herein.

38.     Deny the allegations set forth in paragraph "38" of the Complaint, and respectfully refer all questions of law to the Court.

39.     Deny the allegations set forth in paragraph "39" of the Complaint.

40.     Deny the allegations set forth in paragraph "40" of the Complaint.

## AS AND FOR AN ANSWER TO SECTION: COUNT FIVE
### Conversion

41.     Answering paragraph "41" of the Complaint, County Defendants repeat and re-aver each and every response herein to paragraphs "1" through "40" of the Complaint as though fully set forth herein.

42.     Deny the allegations set forth in paragraph "42" of the Complaint.

## AS AND FOR AN ANSWER TO SECTION: COUNT SIX
### Intentional Infliction of Emotional Distress

43.     Answering paragraph "43" of the Complaint, County Defendants repeat and re-aver each and every response herein to paragraphs "1" through "42" of the Complaint as though fully set forth herein.

44.     Deny the allegations set forth in paragraph "44" of the Complaint.

45.     Deny the allegations set forth in paragraph "45" of the Complaint.

## AS AND FOR AN ANSWER TO SECTION: WHEREFORE

46.     Deny the allegations set forth in paragraph "1" of the Wherefore Clause of the Complaint.

47.     Deny the allegations set forth in paragraph "1(a)" of the Wherefore Clause of the Complaint.

48.     Deny the allegations set forth in paragraph "1(b)" of the Wherefore Clause of the Complaint.

49.     Deny the allegations set forth in paragraph "1(c)" of the Wherefore Clause of the Complaint.

50.     Deny the allegations set forth in paragraph "2" of the Wherefore Clause of the Complaint.

51.     Deny the allegations set forth in paragraph "2(b)" of the Wherefore Clause of the Complaint.

52.     Deny the allegations set forth in paragraph "2(c)" of the Wherefore Clause of the Complaint.

53.     Deny the allegations set forth in paragraph "2(d)" of the Wherefore Clause of the Complaint.

## AFFIRMATIVE DEFENSES

54.     Plaintiff has failed to state a cause of action against County Defendants upon which relief can be granted.

55.     Plaintiff has not complied with Section 50-e and/or 50-i and/or 50-h of the General Municipal Law of the State of New York.

56.     Plaintiff has not complied with Section 52 of County Law of the State of New York.

57.     Plaintiff has failed to mitigate his damages in this matter.

58.     That at all times herein mentioned and mentioned in the Complaint, the peace officers, and/or agents, servants or employees of the Defendant County of Nassau, having anything to do with the Plaintiff and/or Plaintiff's decedent were in the performance of their respective duties as peace officers, and/or agents, servants or employees of the Defendant County of Nassau; that all of the acts performed by each peace officer, and/or agent, servant or employee of the Defendant County of Nassau in connection with Plaintiff and/or Plaintiff's decedent were performed in good faith, without malice, and with reasonable and proper cause in the ordinary course of their duties as such peace officers, and/or agents, servants or employees of the Defendant County of Nassau, and as peace officers of the State of New York, and as required by them and each of them by reason of Plaintiff's decedent's conduct, arrest and confinement.

59.     Pursuant to the *Monell* doctrine, the County of Nassau cannot be held liable for the acts of its employees solely on the basis of respondeat superior in a 42 U.S.C. § 1983 action, and consequently the County cannot be liable for the acts or conduct of any individual defendant herein, as a matter of law.

60.     The actions complained of were in full accord with the applicable law.

61.     Plaintiff's constitutional and statutory rights have not been violated by the County Defendants herein.

62.     The County of Nassau, its agencies, departments and/or employees at all applicable times herein enjoyed a full, partial or qualified immunity from civil suit.

63.     The alleged acts or omissions of the County Defendants were not the proximate cause of any injuries or damages incurred by Plaintiff and/or Plaintiff's decedent.  Any injuries or damages incurred by Plaintiff and/or Plaintiff's decedent were the result of his own actions, the actions of others and/or the superseding intervention of causes outside the control of the County Defendants.

64.     Punitive damages may not be recovered against the County of Nassau as a matter of law.

65.     Plaintiff has failed to extinguish all available state remedies and, therefore is not entitled to institute the within claim.

66.     Pursuant to the New York Civil Procedure Law and Rules ("CPLR") Section 1603, County Defendants assert the limitations contained in CPLR Sections 1601 and 1602 and all rights contained therein.

67.     If the Plaintiff sustained the damages as alleged in the Complaint, such damages were sustained through and by virtue of the negligent, reckless and/or wrongful

conduct, acts or omissions of a third party, without any negligence, wrongdoing acts or omissions on the part of County Defendants contributing thereto.

68.     If the Plaintiff sustained the damages as alleged in the Complaint, such damages were sustained solely through and by virtue of the negligent, reckless and/or wrongful conduct of the Plaintiff, without any negligence or wrongdoing on the part of the County Defendants contributing thereto.

69.     Should the Plaintiff recover damages as a result of a finding of liability in whole or in part as against County Defendants, such recovery should be reduced and diminished in proportion to the degree of comparative negligence, recklessness and/or wrongdoing of Plaintiff in contributing to such damages.

**WHEREFORE,** County Defendants demand judgment dismissing the Complaint as against the County Defendants, in its entirety, with prejudice, together with the costs and disbursements of this action, and such other relief as deemed just by the Court.

Dated:  Mineola, New York
          February 11, 2015

                                        CARNELL T. FOSKEY
                                        Nassau County Attorney

                                        BY: _____/s/_____
                                        Richard J. Femia
                                        Deputy County Attorney
                                        One West Street
                                        Mineola, New York 11566
                                        (516) 571-0709
                                        *Attorney for County Defendants*

TO:     The Law Offices of Robert T. Bean
        *Attorney for Plaintiff*
        3033 Brighton 3rd Street
        Brooklyn, New York 11235
        (718) 616-1414
        *Via ECF*

9