UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARC W. WEINSTEIN,

    Plaintiff,

    -against-

THOMAS C. KRUMPTER, Acting Police Comissioner, Nassau County, New York

STEVEN E. SKRYNECKI, Chief of Department, Nassau County Police Department,

DANIEL P. FLANAGAN, Commanding Officer, First Precinct, Nassau County Police Department,

JAMES B. MALONE, Police Officer, First Precinct, Nassau County Police Department

JOHN DOES I –IV, Police Officers, First Precinct, Nassau Police Department,

PAUL CAPPY, Police Officer and Investigator, Nassau County Police Department, Pistol License Section,

NASSAU COUNTY POLICE DEPARTMENT,

and

COUNTY OF NASSAU

    Defendants

CIVIL ACTION NO.

CV - 14 – 7210 (ADS) (AKT)

NOTICE OF MOTION

Motion for Preliminary Injunction      1

## NOTICE OF MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Marc W. Weinstein pursuant to Rule 65(a) F.R.Civ.P. hereby moves the Court for a preliminary injunction enjoining all defendants and their agents, officers, contractors and /or employees:

1. From destroying firearms seized by defendants from the plaintiff;

2. From retaining possession of said firearms;

3. From searching for firearms in the home of plaintiff and other similarly situated persons, without cause, where there is no Order of Protection, no domestic violence, and no arrest or charges filed;

4. From seizing firearms from the plaintiff and other similarly situated persons without cause, where there is no Order of Protection, no domestic violence, and no arrest or charges filed;

5. From continuing its policy of confiscating firearms in the even of any "domestic incident" with a "police presence" even though there is no crime, no violence and no Order of Protection.

Plaintiff further moves this Court to issue an Order directing defendants to:

6. Immediately return to plaintiff all firearms seized from him and retained by defendants;

7. Within 60 days institute a procedure, in the event of any confiscation of firearms, setting forth a deadline for the return of the firearms and pistol license to their owner, of not more than five days, and if not returned by said deadline, a procedure for a hearing before a judicial officer, not more than

fourteen days after said confiscation, as to the lawful reasons for retaining said firearms, with defendant having the burden of proof thereof.

Plaintiff make this motion prevent irreparable harm to himself as many of his firearms retained by defendants are custom made target rifles, not easily reproduced and to prevent ongoing, continuing and repeated violations of plaintiff's and other similarly situated persons civil rights under the 1st, 2nd, 4th, 5th and 14th Amendments to the United States Constitution occasioned by the defendant county's unconstitutional policy of confiscation and refusal to provide pre or post depravation judicial proceedings.

Dated: Brooklyn, New York
       February 25, 2015

*[signature]*
Robert T. Bean (RB 4464)
Attorney for the Plaintiff
Law Office of Robert T. Bean
3033 Brighton 3rd Street
Brooklyn, New York 11235
(718) 616-1414
E-Mail: RBeanlaw@aol.com