# EXHIBIT 1

Exhibit 1, Affirmation of Marc Weinstein

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARC W. WEINSTEIN,

       Plaintiff,

                                   CIVIL ACTION NO.

      -against-                   CV - 14 – 7210 (ADS) (AKT)

THOMAS C. KRUMPTER, Acting Police Commissioner, Nassau County, New York

STEVEN E. SKRYNECKI, Chief of Department, Nassau County Police Department,                         AFFIRMATION
                                                                 MARC WEINSTEIN

DANIEL P. FLANAGAN, Commanding Officer, First Precinct, Nassau County Police Department,

JAMES B. MALONE, Police Officer, First Precinct, Nassau County Police Department

JOHN DOES I –IV, Police Officers, First Precinct, Nassau Police Department,

PAUL CAPPY, Police Officer and Investigator, Nassau County Police Department, Pistol License Section,

NASSAU COUNTY POLICE DEPARTMENT,

                                   Jury Trial Demanded

**and**

COUNTY OF NASSAU

               Defendants

Exhibit 1, Affirmation of Marc Weinstein                                                             1

Marc W. Weinstein, in accordance with 28 U.S.C. § 1746, does declare under penalty of perjury following is true and correct:

1. I am the plaintiff in this case. On or about February 25, 2014 I got into an argument with my adult son at my home located in Baldwin, New York regarding the use of a washing machine. I had recently installed a new front loading washing machine and told him not to overload the machine with clothes.

2. When I heard the washing machine making unusual noises I went to investigate and found the machine bouncing on the floor. I stopped the machine and water started coming out of the front door. Since I had asked him not to do so and he did anyway, I became angry at him and shouted. He shouted back. There was no violence, no threats of violence and no brandishing of weapons.

3. My wife apparently called the police. James B. Malone, police officer from the Nassau County Police Department and another officer arrived. By that time the argument was over and I had finished cleaning the water from the floor of the basement where the washing machine was located.

4. To my knowledge and belief the officer spoke to my wife and son and then came down to the basement and spoke to me. He asked to see my pistol license, which I

Exhibit 1, Affirmation of Marc Weinstein                                                                                         2

produced and showed to him. He then asked if I would surrender my firearms. I declined as I had a shooting match that weekend and needed some of the guns for that purpose. I asked him if I had to surrender my guns and he said "I don't see why". He then left.

5. No arrests were made and no charges were filed. All for my firearms were secured in gun safes. None were out to be seen.

6. Approximately three hours later, Officer James B. Malone and four other armed officers arrived and demanded that I surrender my pistol license and all my firearms, pistols and long guns. He threatened that if I refused to do so, they would arrest me and file "menacing" and other unspecified criminal charges against me and then break into my safe and confiscate all my guns anyway.

7. I am a disabled member of the New York City Fire Department seriously injured on September 11, 2001 at the World Trade Center, and have undergone multiple major surgeries and was in no condition to contest the matter with five armed police officers.

8. No search warrant or Order of Surrender of Firearms was presented to me.

9. Under duress and without my consent I opened my gun safes at the demand of said police officers and allowed them to confiscate my legally owned firearms.

10. In the weeks following the aforesaid confiscation of my firearms, I co-operated with the Nassau County Police Department, producing all information and documents requested. My wife and son confirmed in writing and under oath that there had been no violence, threats of violence or brandishing of weapons on the occasion is question.

11. I both orally and in writing requested that my firearms be returned to me. Over nine months elapsed since the unlawful confiscation of my firearms and although requested to do so on several occasions the police department failed to return my guns to me.

12. I enjoy and participate in long range rifle competition and have a High Masters Classification. Many of my rifles are custom made long range competition rifles and are irreplaceable. Because the police refused to return my firearms to me for over nine months without any explanation why they would not, I feared that after a year my firearms would be destroyed. Therefore I felt I had no option but to file this suit.

13. After filing this suit and obtaining service of process on the defendants my pistol license and handguns were returned to me on February 6, 2015. My long guns have still not been returned.

14. Because of the Police department's policy of confiscating all guns when ever there is a "domestic situation" what ever that may be and a police presence, I am restrained from speaking my own mind in my own house or neighborhood for fear that I

restrained from speaking my own mind in my own house or neighborhood for fear that I might offend someone and they call the police and all my guns will again be confiscated once again, pursuant to this overbroad and misused policy.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: Baldwin, New York
February 18th, 2015

*Marc Weinstein*

Marc Weinstein