# EXHIBIT 2

# NASSAU COUNTY POLICE DEPARTMENT

# PISTOL LICENSE SECTION

# HANDBOOK



**EDWARD P. MANGANO**
**COUNTY EXECUTIVE**

**THOMAS C. KRUMPTER**
**ACTING COMMISSIONER OF POLICE**

**Revised August 7, 2014**



**Nassau County Police Department**
**Pistol License Section**

1490 Franklin Avenue
Mineola, New York 11501

Telephone (516) 573-7559
Fax (516) 573-7861

OPEN TO THE PUBLIC
Monday & Friday 8:00 AM – 5:00 PM
Tuesday & Thursday 9:00 AM – 7:00 PM
Wednesday: CLOSED

Pistol license applications can be obtained at the following website:

**www.pdcn.org**

Nassau County pistol license applicants and holders are responsible for compliance with this Handbook and all future revisions. All questions concerning the Handbook shall be directed to the Nassau County Police Department ("NCPD"), Pistol License Section. Please note that while pistol licenses are processed as quickly as possible, **the present processing time is approximately six (6) months**. All applicants will be sent a notice as soon as their license is ready. **PLEASE DO NOT CALL TO INQUIRE AS TO THE STATUS OF A PENDING APPLICATION.**

Article 400 of the New York State Penal Law mandates specific administrative procedures with regard to the issuance, renewal, filing, cancellation and revocation of licenses to possess, carry and deal in firearms. Section 265.00(10) of the NYS Penal Law defines the "Licensing Officer" as the Nassau County Police Commissioner.

The Pistol License Section of the Nassau County Police Department was established to assist the Police Commissioner in carrying out the responsibilities mandated by law.

**The NCPD Pistol License Section's duties consist of, but are not limited to, the following:**

1. Assists the Police Commissioner in the processing of applications and renewals for pistol licenses in Nassau County;

2. Pursuant to Section 265(4) of the NYS Penal Law, conducts complete and thorough investigations concerning applications and renewals of pistol licenses, including dealer in firearms and gunsmith licenses, and reports its findings to the Police Commissioner;

3. Conducts investigations for license amendments to pistol licenses;

4. Oversees armed security guards in relation to their compliance with New York State law;

5. Investigates allegations of misconduct of a licensee or dealer in firearms to determine whether the licensee should continue to possess a license;

6. Conducts stolen/lost firearms investigations to determine if firearms were properly safeguarded;

7. Conducts dealer in firearms and gunsmith inspections for accurate inventory, proper recording of transactions, and compliance with all applicable Federal and State laws;

8. Conducts license suspension and revocation investigations;

9. Prepares and presents investigative information concerning suspensions and revocations to the Hearing Officer for Departmental hearings and to the County Attorney for Article 78 proceedings;

10. Issues purchase documents and pistol license amendments;

11. Inventories firearms for safeguarding or destruction;

12. Confiscates firearms and licenses of licensees involved in domestic violence incidents, orders of protection, arrests, and/or in furtherance of NCPD's public safety mandate;

13. Maintains records of all Departmental and personal firearms of sworn members of the Department;

14. Works with Federal, State and local agencies on criminal and administrative projects relating to compliance with applicable laws, rules and regulations, and the licensing of firearms;

15. Members of the Pistol License Section testify for the Department at trials as expert witnesses on issues concerning pistol licensing.

**TABLE OF CONTENTS**

**INTRODUCTION**....................................................................................**1**

**TERMS AND DEFINITIONS** .................................................................**1**

**CHAPTER 1:** <u>**PISTOL LICENSES**</u>. ..................................................**4**

    **A. APPLICANT REQUIREMENTS** .................................................**4**

    **B. TYPES OF PISTOL LICENSES** ...................................................**6**

        **1. Target/Hunting License** ........................................................**6**

        **2. Business License** ...................................................................**7**

        **3. Restricted Business License**

           **For Armed Guard & Armored Car Guard** ...................**9**

        **4. Full Carry License** ..............................................................**11**

        **5. Retired Police Officer/Federal Law**

           **Enforcement Officer License** ........................................**12**

        **6. Retired Peace Officer License** ...........................................**12**

    **C. APPLICATION DENIAL** ............................................................**12**

        **1. Appeal Of Denial**...............................................................**12**

        **2. Re-application After Denial** ..............................................**13**

    **D. LICENSE RENEWAL** .................................................................**13**

        **1. Expiration** ..........................................................................**13**

        **2. Renewal Process** ................................................................**13**

        **3. Failure To Timely Renew** ..................................................**13**

        **4. Licensee Decision Not To Renew** ......................................**13**

    **E. CHANGE OF LICENSE CLASSIFICATION** ...........................**13**

**F. LICENSING FEES** ............................................................................ **14**

    **1. Amount** .............................................................................. **14**

    **2. Payment** ............................................................................. **14**

**G. LOST, STOLEN OR MUTILATED LICENSE** ............................. **15**

    **1. Stolen License** ................................................................. **15**

    **2. Lost or Mutilated License** ............................................. **15**

**H. HOW TO CANCEL YOUR OWN PISTOL LICENSE** ................... **15**

**I. LICENSE SUSPENSION, REVOCATION OR DOWNGRADE** ................. **15**

    **1. Automatic Revocation** ................................................... **16**

    **2. Grounds For Suspension And/Or Revocation** ............... **16**

    **3. Timely Notification By Licensee To NCPD PLS** ........... **19**

    **4. Investigation And Notification Of Suspension, Revocation Or Downgrade** ...... **19**

    **5. Right To Appeal Revocation Or Downgrade** ............... **20**

    **6. Failure To Comply With Suspension, Revocation Or Downgrade** .......... **20**

    **7. Re-application After Revocation** ................................. **20**

**CHAPTER 2:  TERMS OF PISTOL LICENSE** ............................................ **21**

**A. WHERE VALID** ................................................................................ **21**

**B. TRAVELING THROUGH NEW YORK CITY** ............................... **21**

**C. DUTIES AND RESPONSIBILITIES OF A PISTOL LICENSEE** ................. **22**

**D. DOMESTIC VIOLENCE AND ORDERS OF PROTECTION** .................... **23**

**E. INCIDENTS REQUIRING REPORTING TO NCPD PISTOL LICENSE SECTION** ................................................ **24**

**F. FIREARMS, RIFLES, SHOTGUNS OR MACHINE GUNS SURRENDERED TO, OR REMOVED BY, THE NCPD** ............................. **25**

iv

**CHAPTER 3:   FIREARMS GUIDELINES FOR LICENSEES** ................................. 27

   **A.  PURCHASING FIREARMS** ................................................................ 27

   **B.  REPORTING A LOST OR STOLEN FIREARM** ......................................... 28

   **C.  SELLING  OR DISPOSING OF A FIREARM** ............................................ 28

   **D.  CONSIGNMENT** .............................................................................. 29

   **E.  REGISTERING A DECEASED PERSON'S FIREARM** ............................... 30

   **F.  PURCHASING AMMUNITION** ............................................................ 30

   **G.  UNITED STATES CODE TITLE 18, PART I, CHAPTER 44** ..................... 31

**CHAPTER 4:   ADMINISTRATIVE PROCEDURES** .................................... 31

   **A.  CHANGE OF ADDRESS** ................................................................... 31

   **B.  BUSINESS NAME CHANGE/BUSINESS NATURE CHANGE** .................. 32

   **C.  NAME CHANGE** ............................................................................ 32

   **D.  RECORDS TRANSFER TO ANOTHER JURISDICTION** .......................... 32

**CHAPTER 5:   FIREARMS INFORMATION** .................................................. 33

   **A.  BLACK POWDER FIREARMS** .......................................................... 33

   **B.  ASSAULT WEAPONS** ..................................................................... 33

   **C.  LARGE CAPACITY AMMUNITION FEEDING DEVICES** ....................... 33

   **D.  CURRENT AND RETIRED LAW ENFORCEMENT** ................................. 34

      **1.  Current Police Officers** ................................................. 34

      **2.  Qualified Retired Law Enforcement Officers** ............................ 34

**CHAPTER 6:   DEALER, RANGE AND GUN SHOW INFORMATION** ................ 35

**A.  DEALER LICENSE FORM** ........................................................ 35

**B.  DEALER LICENSE/SIGN EXHIBITION AND DISPLAY** ............................ 35

**C.  DEALER GUN RENTALS AT RANGES** ............................................ 36

**D.  PISTOL RANGES** ................................................................ 36

**E.  GUN SHOW OR EVENT** .......................................................... 37

**CHAPTER 7:   ADDITIONAL PERTINENT INFORMATION** ................................ 38

**A.  THE NEW YORK SECURE AMMUNITION AND FIREARMS ACT** ....... 38

**B.  THE FREEDOM OF INFORMATION LAW (FOIL)** ................................... 39

**C.  FIREARM SAFETY TRAINING**…………………… .......................................... 39

## INTRODUCTION

Section 400.00 of the Penal Law of the State of New York ("NYSPL") gives the Commissioner of Police of Nassau County the exclusive authority to issue pistol licenses within the County of Nassau upon satisfactory proof that the applicant is of good moral character and provided that good cause exists for granting such license.

This Handbook has been prepared as a guide for pistol license applicants and current pistol license holders in Nassau County. It provides information pertaining to the laws, rules and regulations governing pistol licensing, as well as the duties and responsibilities of applicants and licensees. This Handbook also contains guidelines relating to gunsmiths and dealers in firearms. The terms and conditions outlined herein are concurrent with, and in addition to, provisions contained in Articles 265 and 400 of the New York State Penal Law ("NYSPL"), as well as Title 18, Part I, Chapter 44 of the United States Code and the New York Secure Ammunition And Firearms Enforcement Act of 2013 ("NY SAFE Act").

It is the responsibility of all applicants and current license holders to read and comply with the contents of this Handbook, as well as all applicable New York State and Federal laws, rules and regulations pertaining to the lawful and proper possession and use of firearms, including the permissible use of deadly physical force.

## TERMS & DEFINITIONS

(A)  **ANTIQUE FIREARM**: Any unloaded muzzle loading pistol or revolver with a matchlock, flintlock, percussion cap, or similar type of ignition system, or a pistol or revolver which uses fixed cartridges which are no longer available in the ordinary channels of commercial trade (NYSPL § 265.00).

(B)  **APPLICANT:** Any person, business or organization seeking to obtain a pistol license from the Nassau County Police Department.

(C)  **ARMOR PIERCING AMMUNITION:** Any ammunition capable of being used in pistols or revolvers containing a projectile or projectile core, or a projectile or projectile core for use in such ammunition, that is constructed entirely (excluding the presence of traces of other substances) from one or a combination of any of the following: tungsten alloys, steel, iron, brass, bronze, beryllium, copper, or uranium (NYSPL § 265.00).

(D)  **ASSAULT WEAPON**: (a) a semiautomatic rifle that has an ability to accept a detachable magazine and has at least one of the following characteristics: (i) a folding or telescoping stock; (ii)  a pistol grip that protrudes conspicuously beneath the action of the weapon; (iii) a thumbhole stock; (iv) a second handgrip or a protruding grip that can be  held  by  the non-trigger hand; (v) a bayonet mount; (vi) a flash suppressor, muzzle break, muzzle compensator, or threaded barrel designed  to accommodate  a  flash suppressor, muzzle break, or muzzle compensator; (vii) a grenade launcher; or (b) a semiautomatic shotgun that has at least  one  of  the  following characteristics:(i) a folding or telescoping stock; (ii) a thumbhole stock; (iii) a second handgrip or a protruding grip that can be held by the non-trigger hand; (iv) a fixed magazine capacity in excess of seven rounds; (v) an ability to accept a detachable magazine; or (c) a semiautomatic pistol that has an ability to accept a  detachable magazine and has at least one of the following characteristics: (i) a folding or telescoping stock; (ii) a thumbhole stock; (iii) a second handgrip or a protruding grip that can be held by the non-trigger hand; (iv) capacity to accept an ammunition magazine that  attaches  to  the  pistol outside of the pistol grip; (v)  a  threaded  barrel capable of accepting a barrel extender, flash suppressor, forward handgrip, or silencer; (vi) a shroud that is attached to, or partially  or  completely encircles, the barrel and that permits the shooter to hold the firearm with the non-trigger hand without being

1

burned; (vii) a manufactured weight of fifty ounces or more when the pistol is unloaded; or (viii) a semiautomatic version of an automatic rifle, shotgun or firearm; (d) a revolving cylinder shotgun; (e) a semiautomatic rifle, a semiautomatic shotgun or a semiautomatic pistol or weapon defined in subparagraph (v) of paragraph (e) of subdivision twenty-two of section 265.00 of this chapter as added by chapter one hundred eighty-nine of the laws of two thousand and otherwise lawfully possessed pursuant to such chapter of the laws of two thousand prior to September fourteenth, nineteen hundred ninety-four; (f) a semiautomatic rifle, a semiautomatic shotgun or a semiautomatic pistol or weapon defined in paragraph (a), (b) or (c) of this subdivision, possessed prior to the date of enactment of the chapter of the laws of two thousand thirteen which added this paragraph; (g) provided, however, that such term does not include:(i) any rifle, shotgun or pistol that (A) is manually operated by bolt, pump, lever or slide action; (B) has been rendered permanently inoperable; or (C) is an antique firearm as defined in 18 U.S.C. 921(a)(16); (ii) a semiautomatic rifle that cannot accept a detachable magazine that holds more than five rounds of ammunition; (iii) a semiautomatic shotgun that cannot hold more than five rounds of ammunition in a fixed or detachable magazine; or (iv) a rifle, shotgun or pistol, or a replica or a duplicate thereof, specified in Appendix A to 18 U.S.C. 922 as such weapon was manufactured on October first, nineteen hundred ninety-three. The mere fact that a weapon is not listed in Appendix A shall not be construed to mean that such weapon is an assault weapon; (v) any weapon validly registered pursuant to subdivision sixteen-a of section 400.00 of this chapter. Such weapons shall be subject to the provisions of paragraph (h) of this subdivision; (vi) any firearm, rifle, or shotgun that was manufactured at least fifty years prior to the current date, but not including replicas thereof that is validly registered pursuant to subdivision sixteen-a of section 400.00 of this chapter; (h) Any weapon defined in paragraph (e) or (f) of this subdivision and any large capacity ammunition feeding device that was legally possessed by an individual prior to the enactment of the chapter of the laws of two thousand thirteen which added this paragraph, may only be sold to, exchanged with or disposed of to a purchaser authorized to possess such weapons or to an individual or entity outside of the state provided that any such transfer to an individual or entity outside of the state must be reported to the entity wherein the weapon is registered within seventy-two hours of such transfer. An individual who transfers any such weapon or large capacity ammunition device to an individual inside New York State or without complying with the provisions of this paragraph shall be guilty of a class A misdemeanor unless such large capacity ammunition feeding device, the possession of which is made illegal by the chapter of the laws of two thousand thirteen which added this paragraph, is transferred within one year of the effective date of the chapter of the laws of two thousand thirteen which added this paragraph (NYSPL § 265.00).

(E)   **BUILDING:** In addition to its ordinary meaning, includes any structure, vehicle or watercraft used for overnight lodging of persons, or used by persons for carrying on business therein, or used as an elementary or secondary school, or an inclosed motor truck, or an inclosed motor truck trailer (NYSPL § 140.00).

(F)   **CONSIGNMENT:** The act of giving a handgun to a "dealer in firearms" to display for sale.

(G)   **DEALER IN FIREARMS:** Any person, firm, partnership, corporation or company who engages in the business of purchasing, selling, keeping for sale, loaning, leasing, or in any manner disposing of, any assault weapon, large capacity ammunition feeding device, pistol or revolver (NYSPL § 265.00).

(H)   **DEADLY PHYSICAL FORCE:** Physical force which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury (NYSPL § 10.00).

(I)   **DEADLY WEAPON:** Any loaded weapon from which a shot, readily capable of producing death or other serious physical injury, may be discharged, or a switchblade knife, gravity knife, pilum ballistic knife, metal knuckle knife, dagger, billy, blackjack, plastic knuckles or metal knuckles (NYSPL § 10.00).

(J)   **DISPOSE OF:** In addition to its ordinary meaning, to give, give away, offer, offer for sale, sell, transfer or exchange.

(K)     **FIREARM:** (a) any pistol or revolver; or (b) a shotgun having one or more barrels less than eighteen inches in length; or (c) a rifle having one or more barrels less than sixteen inches in length; or (d) any weapon made from a shotgun or rifle whether by alteration, modification, or otherwise if such weapon as altered, modified or otherwise has an overall length of less than twenty-six inches; or (e) an assault weapon. For the purpose of this definition, the length of the barrel on a shotgun or rifle shall be determined by measuring the distance between the muzzle and the face of the bolt, breech, or breechlock when closed and when the shotgun or rifle is cocked; the overall length of a weapon made from a shotgun or rifle is the distance between the extreme ends of the weapon measured along a line parallel to the center line of the bore. Firearm does not include antique firearm (NYSPL § 265.00).

(L)     **FIREARM EXHIBITOR:** Any person, firm, partnership, corporation or company that exhibits, sells, offers for sale, transfers or exchanges firearms, rifles or shotguns at a gun show.

(M)     **GUN SHOW:** An event sponsored, whether for profit or not, by an individual, national, state or local organization, association or other entity devoted to the collection, competitive use, sporting use, or any other legal use of firearms, rifles or shotguns, or an event at which: (a) twenty percent or more of the total number of exhibitors are firearm exhibitors, or (b) ten or more firearm exhibitors are participating, or (c) a total of twenty-five or more pistols or revolvers are offered for sale or transfer, or (d) a total of fifty or more firearms, rifles or shotguns are offered for sale or transfer. The term gun show shall include any building, structure or facility where firearms, rifles or shotguns are offered for sale or transfer and any grounds used in connection with the event.

(N)     **GUNSMITH:** Any person, firm, partnership, corporation or company who engages in the business of repairing, altering, assembling, manufacturing, cleaning, polishing, engraving or truing, or who performs any mechanical operation on, any firearm, large capacity ammunition feeding device or machine-gun (NYSPL § 265.00).

(O)     **LICENSEE**: Any person, business or organization to whom a pistol license has been issued by the Nassau County Police Department.

(P)     **LICENSING OFFICER:** As the term applies to this Handbook, is defined as the Police Commissioner of the Nassau County Police Department.

(Q)     **MISDEMEANOR CRIME OF DOMESTIC VIOLENCE:** Any offense, whether or not explicitly described in a statute as a crime of domestic violence, which has as its factual basis the use or attempted use of physical force, or the threatened use of a deadly weapon, and was committed by persons who are currently legally married, formerly legally married, related by blood, marriage or adoption, have a child in common, and/or are currently, or formerly, involved in an intimate or dating relationship.

(R)     **POSSESS:** To have physical possession or otherwise to exercise dominion or control over tangible property (NYSPL § 10.00).

(S)     **PREMISES:** Includes the term "building," as defined herein, and any real property (NYSPL § 140.00).

(T)     **REVOCATION**: The discontinuance and removal of a license and privilege to possess a handgun or rifle/shotgun and/or to conduct business as a dealer, gunsmith or manufacturer, or possess rifles or shotguns as an organization.

(U)     **SERIOUS PHYSICAL INJURY:** Physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ (NYSPL § 10.00).

(V)     **SUSPENSION**: The temporary removal of a license and privilege to possess a handgun or rifle/shotgun and/or to conduct business as a dealer, gunsmith, or manufacturer, or possess rifles or shotguns as an organization.

3

# CHAPTER 1:                  PISTOL LICENSES

## A.    APPLICANT REQUIREMENTS

The requirements for the issuance of a pistol license application are listed below. The contents of a license application will be thoroughly investigated by the NCPD Pistol License Section, including a review of the circumstances relevant to the information provided by the applicant. All available evidence will be considered in making a determination. During the pendency of the application, *the applicant shall notify* the Pistol License Section of any corrections to, or modifications of, the information provided in the original application, or any change in his or her status or circumstances which may be relevant to the application process.

An applicant for the issuance of a pistol license *must*:

1.    Provide two passport-size photos with their application;

2.    Reside or maintain a principal place of business within the confines of the County of Nassau;

3.    Complete the notarized form letter (found in the application package) which states all persons 18 years of age or older who reside with the applicant are aware applicant will be securing a firearm(s) in the residence.

4.    Be at least twenty-one (21) years of age or older, provided however, that where such applicant has been honorably discharged from the United States Army, Navy, Marine Corps, Air Force or Coast Guard, or the National Guard of the State of New York, no such age restriction shall apply;

5.    Not have been discharged from the Armed Forces under dishonorable conditions;

6.    Not have had a license revoked or be under a suspension or ineligibility order issued pursuant to the provisions of Section 530.14 of the NYS Criminal Procedure Law or Section 842-A of the NYS Family Court Act;

7.    Not be an alien who is illegally or unlawfully residing in the United States;

8.    Not have been admitted to the United States under a nonimmigrant visa subject to the exception in 18 U.S.C.§ 922(y)(2);

9.    Having been a citizen of the United States, never renounced his or her citizenship;

10.   Be of good moral character;

11.   Demonstrate the existence of proper cause or legitimate business necessity for the issuance of a license other than Target/Hunting or Retired Officer;

<u>Note</u>:   The NCPD may alter a licensee's classification *at any time* upon a finding that proper cause/legitimate business necessity no longer exists. Proper cause, like any license requirement stated herein, must be demonstrated each time the license is renewed and at any time upon request by NCPD Pistol License Section personnel. If proper cause is not proven, the license will be modified accordingly to reflect the appropriate classification.

12.   Have no prior conviction anywhere of a felony or other serious offense, as defined in Section 265.00(17) of the NYSPL;

13.   Have no prior conviction anywhere of a misdemeanor crime of domestic violence;

14.   Disclose whether he or she has been the subject or recipient of an Order of Protection or a Temporary Order of Protection;

15.   Not be a fugitive from justice;

16.   Not be an unlawful user of, or addicted to, any controlled substance as defined in 21 U.S.C. § 802;

17.   Not have been involuntarily committed to a facility under the jurisdiction of the Department of Mental Hygiene pursuant to Article 9 or 15 of the NYS Mental Hygiene Law, Article 730 or Section 330.20 of the NYS Criminal Procedure Law, Article 402 or 508 of the NYS Correction Law or Section 322.2 or 353.4 of the NYS Family Court Act;

18.   Not have been civilly confined in a secure treatment facility pursuant to Article 10 of the NYS Mental Hygiene Law;

19.   Not have had a guardian appointed for him or her pursuant to any provision of New York State law, based upon a determination that as a result of marked subnormal intelligence, mental illness, incapacity, condition or disease, he or she lacks the mental capacity to contract or manage his or her own affairs;

20.   Not have a history of suffering from a mental illness;

21.   Be free from any mental disorders, conditions, defects or diseases that would impair or affect his or her ability to safely possess or use a firearm;

<u>Note</u>:   If an applicant is being treated by a psychiatrist or psychotherapist, he or she must obtain a letter of "no objection" from that caregiver.

22.   Demonstrate that no good cause exists for the denial of such license.

5

**B.**    **TYPES OF PISTOL LICENSES**

**1.  Target/Hunting License**

a.    Restricts licensee to possess a firearm in the following circumstances *only*:

    i.      within his or her home for the purpose of home protection;
    ii.     while actively engaged in lawful target shooting; or
    iii.    while actively engaged in lawful hunting.

Note:  A Target/Hunting licensee may also take his or her licensed firearm(s) to and from a licensed firearms dealer, *without unreasonable delay*, for the limited purpose of conducting transactions or repairs.

Note:  For the purpose of hunting, possession of a valid NYS *hunting license is required* and must be presented to the NCPD Pistol License Section. The licensee must comply with all applicable hunting rules and regulations (applicants are directed to see the NYS Department of Environmental Conservation website at http://www.dec.ny.gov/permits/6094.html).

b.    When carrying a firearm in the above-listed circumstances, the firearm must be *carried concealed* except while actively engaged in lawful target shooting or lawful hunting.

c.    Firearms may only be transported between the licensee's residence and a lawful target shooting location and/or a lawful hunting area located within the State of New York (also see "Traveling Through New York City (Five Boroughs)" at Chapter 2, Section B of this Handbook).

Note:  When traveling to/from a lawful target shooting location, *only one* (1) *loaded* firearm may be carried concealed on licensee's person.

d.    Licensees are authorized to stop *only* for fuel, nonalcoholic refreshments and/or a meal on the way to and from their lawful target shooting location or hunting area. Licensees are authorized to do this only during the period between leaving their residence and arriving at the lawful shooting/hunting destination or during the return trip. A licensee is not authorized to take his or her firearm to any establishment used primarily for alcohol consumption. A licensee is not authorized to conduct any other non-target shooting or hunting activity while in possession of his or her firearm. In the event a licensee does break for fuel, a refreshment or meal, he or she is responsible for the concealment and safeguarding of the firearm.

e.    A Target/Hunting licensee must bring his or her license and/or firearms to the NCPD Pistol License Section when requested to do so.

2. **Business License**

a.  Restricts the licensee to possess a firearm in New York State (*except* in all five boroughs of the City of New York) while in the normal course (i.e. time, location, activity) of a documented, legitimate business, located within Nassau County, for which it is deemed necessary.

   <u>Note</u>:  A Business licensee may also take his or her licensed firearm(s) to and from a licensed firearms dealer, *without unreasonable delay*, for the limited purpose of conducting transactions or repairs.

   <u>Note</u>:  The licensee is directed to see "Traveling Through New York City (Five Boroughs)" at Chapter 2, Section B of this Handbook.

   <u>Note</u>:  A Business licensee seeking permission to carry a firearm within the five boroughs of the City of New York is directed to visit http://www.nyc.gov/html/nypd/html/permits/handgun_licensing_application.shtml.

b.  A Business licensee must bring his or her license and/or firearms to the NCPD Pistol License Section when requested to do so.

c.  Business licensees must have the ability to safeguard their weapon(s) at the workplace in a safe or other locked, metal box attached to the structure of the building and incapable of being easily moved or carried away.

d.  If an applicant lives outside of Nassau County, he or she must FIRST apply for an appropriate pistol license from the applicable licensing agency. Upon receiving that pistol license, the applicant must request copies of the pistol license records be mailed to the NCPD Pistol License Section. Only THEN may the applicant apply for a Nassau County Business License.

e.  Applicants MUST supply the following to the NCPD Pistol License Section:

   #1  A copy of a current NYS Business Certificate or Corporate Filing Receipt;

   #2  A *notarized* letter of "no objection" by *all* owners of the business;

   #3  A utility bill listing the Nassau County business;

   #4  If the business is located in a *residence*, a *notarized* letter from the governing municipality (town, village or city) stating that the business is "not in violation of any local laws and zoning ordinances;"

   #5  An Income Tax Return for the *business* for the prior year;

   #6  A *notarized* letter of necessity demonstrating to the NCPD a *legitimate business need* for security or protection. The letter must include the names and license numbers of all members of the company who also possess a business pistol license for that business. The letter should follow the following format:

**Business Necessity Letter First Paragraph:**

*Must* clearly state the legitimate business necessity for the issuance of a Business License, *providing sufficient proof* as to the existence of *any* of the following circumstances**:**

a)      The business has been the victim of a crime.   Proof *must* be well-documented and shown in the form of a *police department case report*.

b)      A substantial amount of cash or negotiable instruments are held, exchanged, carried, transported, deposited, etc. in the regular course of business.

c)      Valuable merchandise or equipment is held, exchanged, carried, transported, etc.

d)      Physicians, duly registered with the Drug Enforcement Administration, who have, possess, carry or distribute narcotics (Copy of *DEA certificate* must be provided).

e)      Although none of the above-listed circumstances (a through d) apply to a business, there exists another legitimate business necessity for the issuance of a Business License. *Please explain*.

**Business Necessity Letter Second Paragraph:**

The letter of necessity *must* also contain the following:

a)      For an *employee* of a company, a detailed description of his or her position of employment and the specific reason/need for a Business License as it pertains to his or her job description;

b)      A statement acknowledging that the firearm must only be carried during the course of business. The statement must also include a declaration that when not being carried for business purposes, the firearm(s) will be secured either in his or her residence, if properly licensed to do so, or in a safe inside the business location which is only accessible to the applicant or the employer/applicant when they are not conducting business;

      Note:   An applicant may use his or her firearm(s) to target shoot if properly licensed.

c)      A statement acknowledging that the applicant must notify the NCPD Pistol License Section in person within ten (10) business days should their employment cease (to either downgrade his or her pistol license to Target/Hunting or to surrender his or her pistol license and firearm(s) if living outside of Nassau County);

d)      A statement indicating that the applicant has read and understands the provisions of the New York State Penal Law Article 35 (Use of Deadly Force), Article 265 (Criminal Possession, Use and Sale of a Firearm), and Article 400 (Licensing and Other Provisions Relating To Firearms).

3. **Restricted Business License For Armed Guard & Armored Car Guard**

    a.    As required by NYS law, applicants must provide a copy of documentation showing completion of the following courses of instruction/identification:

        i.    a forty-seven (47) hour training course;

        ii.    an eight (8) hour in-service training course completed *annually* after one (1) year from completion of the forty-seven (47) hour course; and

        iii.    a NYS Guard License Identification Card.

        Note:    If the applicant is a resident of a county outside of Nassau, he or she must FIRST obtain a pistol license in his or her county of residence *prior to applying for this license* in Nassau County.

    b.    An applicant must also supply a letter from his or her employer, stating that he or she is employed for a minimum of twenty (20) hours per week as a NYS licensed armed guard or armored car guard.

    c.    A licensee must be employed by a New York State licensed agency and must keep the Police Department informed of *all employers* for whom the firearm will be carried.

    d.    Armed Guard – Specific Provisions

        An Armed Guard License is subject to the following provisions:

        i.    Valid anywhere in New York State, *except* in all five boroughs of the City of New York.

        ii.    The firearm may *only* be carried while actually engaged in the employment for which the license was issued. The licensee *may not* carry the firearm at any other time, or for other employment not disclosed to the NCPD Pistol License Section.

            Note:    A licensee may also take his or her licensed firearm(s) to and from a licensed firearms dealer, *without unreasonable delay*, for the limited purpose of conducting transactions or repairs.

9

iii.    An Armed Guard licensee may carry the firearm when traveling from the licensee's residence to the place of employment:

Nassau County Residents

The firearm may only be carried from the Nassau residence that the licensee indicated on his or her application directly to his or her place of employment, or to the work assignment for that particular day. If a licensee does not stay at his or her residence prior to work, he or she is obligated to return home to obtain the firearm before traveling to work the following day.

Non-Nassau County Residents

All non-Nassau resident licensees must follow the applicable rules and regulations of their resident county and any county he or she is traveling through.

Note:    There must also be *no unreasonable delay* in returning the firearm from the licensee's place of employment to his or her residence to be secured (see "Traveling Through New York City (Five Boroughs)" at Chapter 2, Section B of this Handbook).

iv.    A licensee must bring his or her license and/or firearms to the NCPD Pistol License Section when requested to do so.

e.    Armored Car Guard – Specific Provisions

An Armored Car Guard License is subject to the following provisions:

i.    Valid anywhere in New York State, *including* all five boroughs of the City of New York.

ii.    The firearm may *only* be carried while actually engaged in the employment for which the license was issued. The licensee *may not* carry the firearm at any other time, or for other employment not disclosed to the NCPD Pistol License Section.

Note:    A licensee may also take his or her licensed firearm(s) to and from a licensed firearms dealer, *without unreasonable delay*, for the limited purpose of conducting transactions or repairs.

10

    iii.    An Armored Car Guard licensee may carry the firearm when traveling from the licensee's residence to the place of employment:

Nassau County Residents

The firearm may only be carried from the Nassau residence that the licensee indicated on his or her application directly to his or her place of employment, or to the work assignment for that particular day. If a licensee does not stay at his or her residence prior to work, he or she is obligated to return home to obtain the firearm before traveling to work the following day.

Non-Nassau County Residents

All non-Nassau resident licensees must follow the applicable rules and regulations of their resident county and any county he or she is traveling through.

Note:    There must also be *no unreasonable delay* in returning the firearm from the licensee's place of employment to his or her residence to be secured (see "Traveling Through New York City (Five Boroughs)" at Chapter 2, Section B of this Handbook).

    iv.    A licensee must bring his or her license and/or firearms to the NCPD Pistol License Section when requested to do so.

**4.**  **Full Carry License**

a.    Authorizes the licensee to carry a firearm at all times in New York State, *except* in all five boroughs of the City of New York, for the purpose of self-protection.

Note:    The licensee is directed to see "Traveling Through New York City (Five Boroughs)" at Chapter 2, Section B of this Handbook.

Note:    A Full Carry licensee who is seeking permission to carry a firearm within the five boroughs of the City of New York is directed to visit http://www.nyc.gov/html/nypd/html/permits/handgun_licensing_application.shtml.

b.    Pursuant to Section 400.00(2)(f) of the NYSPL, an applicant seeking a Full Carry License shall be required to demonstrate "**proper cause**" (see below) prior to the issuance of such license.

**Proper cause** *is demonstrated by proof of an actual and articulable special need for self-protection distinguishable from that of the general community or of persons engaged in the same conduct, profession or business*. Proper cause requires a showing that there exists an *objective threat* to the applicant's safety. This showing may include proof that the applicant is exposed to extraordinary personal danger, the documentation of a genuine threat to life or safety and/or other clear circumstances requiring the necessity to carry a firearm. An example of acceptable proof may be in the form of police department records demonstrating that the life and well-being of the applicant is endangered. It should be noted that the mere fact that an applicant has been the victim of a crime, or resides or is employed in a "high crime area," does not sufficiently establish proper cause.

Note:   The existence of "proper cause" shall be determined by the NCPD Pistol License Section after reviewing the totality of facts and circumstances relevant to the applicant's need for personal protection, as set forth by the applicant in his or her "Supplement to Application for the Issuance of a 'Full Carry' Pistol License" available by contacting the NCPD Pistol License Section.

**5. Retired Police Officer/Federal Law Enforcement Officer License**

Authorizes the licensee to carry firearms at all times anywhere in New York State, *including* New York City (Five Boroughs).

Note:   Holders of Retired Police Officer pistol licenses, as defined in the NYS Criminal Procedure Law § 1.20(34) and holders of Retired Federal Law Enforcement pistol licenses, as defined in the NYS Criminal Procedure Law § 2.15, upon retirement, are exempt from the New York City restriction by state law.

**6. Retired Peace Officer License**

Authorizes the licensee to carry firearms at all times anywhere in New York State, **EXCEPT** in New York City (Five Boroughs).

**C.   APPLICATION DENIAL**

**1. Appeal Of Denial**

In the event that an applicant is notified by the NCPD Pistol License Section that his or her license application is denied, the applicant shall have the ability to appeal this determination. The Pistol License Section's letter of denial to the applicant shall be accompanied by instructions regarding the appeal process. The applicant must follow these instructions in order to exercise his or her appeal.

2. **Re-application After Denial**

In the event the NCPD Pistol License Section denies an application, or a timely-filed appeal concludes and the denial is upheld by the Appeals Officer, the applicant must wait a minimum of one (1) year from the date of the denial or from the appeal decision upholding denial, whichever is later, before re-applying for a pistol license. Furthermore, the applicant should only re-apply if the deficiency/reason for denial *has been satisfactorily corrected*. Please note that resolution of the issue(s) that resulted in the denial is *mandatory prior to re-application*, otherwise the application will be denied once again and the application fee is non-refundable. A re-application after denial *must* contain a written statement by the applicant that he or she has thoroughly addressed the issue(s) that resulted in denial, stating exactly how the deficiency/reason for denial has been satisfactorily corrected.

D. **LICENSE RENEWAL**

1. **Expiration**

Licenses expire five (5) years from the date of issuance and then again every five (5) years after each subsequent renewal.

2. **Renewal Process**

The renewal period generally commences sixty (60) days prior to the expiration date. A renewal application will be mailed to the licensee with instructions explaining the process. Renewals are sent by mail to the most recent address on file. As such, a licensee must notify the Pistol License Section of any address change.

Note:   If a licensee has not received the renewal application thirty (30) days prior to the expiration date, he or she must call the NCPD Pistol License Section.

3. **Failure To Timely Renew**

Failure to timely renew a pistol license shall result in cancellation of the license by operation of law (i.e. the license is no longer in effect). Continued possession of firearms is therefore unlawful under section 265 of the New York State Penal Law. If such is the case, YOU MUST contact the Pistol License Section immediately. Any licensee who allows their license to expire will be ineligible to reapply for another pistol license for a period of one (1) year.

4. **Licensee Decision Not To Renew**

In the event the licensee does not intend on renewing his or her license, he or she must advise the Pistol License Section immediately.

E. **CHANGE OF LICENSE CLASSIFICATION**

Licensees who wish to be considered for a modification of their current pistol license classification based upon a change in circumstances should contact the NCPD Pistol License Section to request a reclassification of their current status.

13

F.    **LICENSING FEES**

1.  **Amount**

One or more of the following fees will apply to an application:

| | | |
|---|---|---|
| a. | Pistol License | $200.00 |
| b. | DCJS Fingerprinting Fee (one time only) | $91.50 |
| c. | Pistol License Renewal Fee (every five years) | $200.00 |
| d. | Dealer License Renewal Fee (every three years) | $150.00 |
| e. | Gunsmith Renewal Fee (every three years) | $75.00 |
| f. | Purchase Document | $10.00 |
| g. | Sale of a Gun | $10.00 |
| h. | Amendment | $10.00 |
| i. | Change of Address | $10.00 |
| j. | Replacement License | $5.00 |
| k. | Records Transfer | $5.00 |

2.  **Payment**

Please note the following provisions:

a. **WE DO NOT ACCEPT CASH • FEES ARE NON-REFUNDABLE**

-Fees must be paid by:

-    CHECK OR MONEY ORDER (made payable to "N.C.P.D."), or
-    CREDIT/DEBIT CARD.

b.  Checks returned for insufficient funds may result in the suspension of your pistol license and a $20.00 returned check fee.

Note:    A returned check may also prevent the applicant's ability to use a personal check as a future method of payment to the NCPD Pistol License Section.

c.  The application fee and renewal fee is waived for qualified retired Police Officers, Peace Officers and Federal Law Enforcement Officers (NYSPL § 400.00(14)).

### G.   LOST, STOLEN OR MUTILATED LICENSE

**1. Stolen License**

a)   In the event that a pistol license is stolen, a licensee MUST *immediately* report such information to the precinct of occurrence, or local police agency, where the theft occurred and obtain a case report number; and

b)   Within three (3) days of reporting the theft, the licensee MUST appear at the NCPD Pistol License Section with the case report number, identification and the appropriate fee ($5.00) for a duplicate license.

Note:  Depending upon the circumstances, the Pistol License Section may require an investigation prior to the issuance of a duplicate license.

**2. Lost Or Mutilated License**

If a license is lost or mutilated, the licensee MUST appear at the NCPD Pistol License Section within three (3) business days with identification and the appropriate fee ($5.00) for a duplicate license.

Note:  Depending upon the circumstances, the Pistol License Section may require an investigation prior to the issuance of a duplicate license.

### H.   HOW TO CANCEL YOUR OWN PISTOL LICENSE

In order to cancel a Nassau County Pistol License, a licensee MUST do all of the following:

1.   Legally dispose of the firearm(s) listed on the license (see Chapter 3, Section B "Selling Or Disposing Of A Firearm");

2.   Return the license to the NCPD Pistol License Section; and

3.   Present documentation to the Pistol License Section of the lawful disposition of all firearms.

### I.   LICENSE SUSPENSION, REVOCATION OR DOWNGRADE

Pursuant to NYSPL § 400.00(11), a pistol license issued by the Nassau County Police Department may be revoked and cancelled by the Commissioner of Police *at any time*. Furthermore, a person whose pistol license is suspended or revoked for any reason is required to surrender their license and firearms, *including their rifles and shotguns*, to the NCPD Pistol License Section. In the event a license is downgraded, a licensee *must* comply with any and all rules and regulations applicable to their new pistol license status.

1. **Automatic Revocation**

A pistol license shall be automatically revoked in the following circumstances:

a.    In the event a licensee is named as the respondent in a permanent Order of Protection;

b.    Upon the conviction of a licensee anywhere of a felony or serious offense;

c.    Upon the conviction of a licensee of a misdemeanor crime of domestic violence; or

d.    The licensee is deemed not mentally fit by the NCPD Pistol License Section.

2. **Grounds For Suspension And/Or Revocation**

A pistol license may be suspended and/or revoked based upon evidence of any disqualification pursuant to this Handbook or applicable law. The policy of the Nassau County Police Department is to *immediately suspend* the pistol license of any licensee who violates any of the terms and conditions of the license or this Handbook and commence an investigation to determine whether or not the license should be revoked. Violations of the terms and conditions of the pistol license include, but are not limited to:

a.    Possession of a *loaded* firearm at the NCPD Pistol License Section located at Nassau County Police Headquarters;

b.    Arrest, indictment, issuance of a field appearance ticket, being named as respondent in a proceeding for the issuance of an Order of Protection or a Temporary Order of Protection, or any conviction, other than a traffic summons, in any jurisdiction;

c.    The licensee is the subject of a Court Order restraining him or her from harassing, stalking, threatening or engaging in any acts of physical violence directed towards another person;

d.    Report of any domestic situation involving a licensee where violence is threatened or alleged to have occurred or the existence of a volatile domestic situation;

e.    Improper use of a firearm;

f.    Failure to report any of the following to the Pistol License Section within three (3) business days :

-any arrest, indictment or conviction in any jurisdiction (except non-criminal traffic infractions);

16

-any discharge of a firearm by a licensee or involving one of licensee's firearms (other than for lawful target shooting or hunting);

-a lost, stolen or mutilated pistol license;

-a lost or stolen firearm;

-any domestic dispute/disturbance involving a licensee and also involving police presence; or

-the issuance of an Order of Protection or Temporary Order of Protection involving a licensee.

g. Failure to properly safeguard a firearm;

h. Carrying a firearm outside of license classification;

i. Mental illness of a licensee or admission of a licensee to any hospital or institution, public or private, for mental illness;

j. Any medical or mental condition which impairs the licensee's ability to own, carry or safeguard a firearm;

k. Admission of licensee to any psychiatric institution, sanitarium and/or the receipt of psychiatric treatment;

l. Possession by licensee of any firearm(s) loaded with armor piercing ammunition (*except* when on a pistol range authorized by local law for the purpose of target shooting);

m. The illegal use or possession by a licensee of a controlled substance as defined in Section 220.00 of the NYSPL;

n. Alcoholism or drug abuse by the licensee;

o. The presence or occurrence of a disability or condition that may affect the licensee's handling of a firearm, including but not limited to epilepsy, diabetes, fainting spells, blackouts, temporary loss of memory or nervous disorder;

p. A licensee carrying a handgun in a location prohibited by local, state or federal law;

Note: This prohibition does not apply to licensees employed at the prohibited location if the carrying of a firearm at that location is a condition of such employment.

q.   Going through or attempting to go through a weapons screening area at an airport terminal, or board or attempt to board an aircraft operated by an air carrier in air transportation, when the licensee has on or about their person or property, or the property of another, a firearm which is, or could be, accessible beyond the screening area or on board an aircraft;

Note:   This prohibition does not apply to licensees employed at the airport or by an airline and the carrying of a firearm is a condition of such employment.

r.   A licensee enters any court facility while having a firearm on or about their person;

Note:   This prohibition does not apply to licensees employed at the court and/or when the carrying of the firearm is authorized by the District Administrative Judge for Nassau County.

s.   A licensee enters a federal facility while having a firearm on or about their person;

Note:   This includes property of the U.S. Postal Service and Federal Courts (18 U.S.C. § 930 - Possession of Firearms and Dangerous Weapons In Federal Facilities). This prohibition does not apply to licensees that are exempt as per § 930 (c)(1)(2)(3).

t.   Incidents, regardless of whether an arrest was made or a case was prosecuted, where the licensee:

1)   Is intoxicated and could be a threat to himself or herself or another person,

2)   Has caused or threatened bodily harm to another person, or

3)   Is behaving irrationally and in a manner that causes a normal rational person to be fearful or threatened by the licensee having access to firearms;

u.   Falsification of any documentation submitted to the NCPD Pistol License Section, including, but not limited to, correspondence, amendment forms and/or license renewal applications;

v.   A gunsmith or dealer in firearms conducting firearm transactions at any location other than their licensed premises;

Note:   The only exception to this rule is that business may temporarily be conducted at a location, other than the location specified on the

18

license, if such temporary location is for a gun show or event sponsored by any national, state or local organization, or any affiliate of any such organization, devoted to the collection, competitive use or other sporting use of firearms. While at any such show or event, a copy of the gunsmith or dealer license must be available for inspection. Records of receipt and disposition of firearm transactions conducted at such temporary location shall include the location of the sale or other disposition and shall be entered in the permanent records of the gunsmith or dealer of firearms and retained at the location specified on the license.

w.   If a police officer requests a licensee to exhibit or display his or her license and firearm(s), and the licensee refuses, such conduct will be considered *presumptive evidence* that the licensee is not duly licensed per NYSPL § 400.00(8), and the licensee may be arrested and charged with a violation of § 365.01(1) Criminal Possession of a Weapon 4th, a class A misdemeanor;

x.   Any alteration, mutilation or destruction of a pistol license;

y.   A licensee's public display of a firearm;

z.   A licensee's failure to comply with any of the regulations stated in this handbook.

**3.   Timely Notification By The Licensee To The Pistol License Section**

The licensee is responsible for making timely notification to the NCPD Pistol License Section of any and all incidents or occurrences that may affect his or her standing as a licensee, including, but not limited to, those terms and conditions listed above. The licensee should not assume that other law enforcement agencies or officers of the Nassau County Police Department will make such notifications to the Pistol License Section on the licensee's behalf. Unless otherwise specifically noted in this Handbook, notifications must be made within three (3) business days after occurrence, or if previously disclosed, notification must be made within (3) business days when circumstances have changed. Nothing in this Handbook shall be presumed to relieve the licensee of his or her obligation to report an incident or occurrence to the proper police department with jurisdiction over said incident or occurrence.

**4.   Investigation And Notification of Suspension, Revocation Or Downgrade**

Licensees are notified by mail of any suspension, revocation or downgrade and will be given the name of the NCPD Pistol License Section investigating officer assigned, if any. In some cases, if a licensee receives such a notification, the licensee may be required to surrender his or her license and firearm(s) to any precinct in Nassau County or to the Pistol License Section at Police Headquarters.

*Failure to cooperate with the investigation or to follow the directions of the NCPD may result in revocation of the license.* Following the investigation, review and evaluation of a suspension/revocation/downgrade by the Pistol License Section, the licensee may be subject to an additional term of suspension, continued revocation or downgrade.

**5.  Right To Appeal Revocation Or Downgrade**

When a licensee is notified that his or her pistol license is revoked or downgraded, the licensee has the ability to appeal this determination. The Pistol License Section's letter of revocation/downgrade to the applicant shall be accompanied by instructions regarding the appeal process. The applicant must follow these instructions in order to exercise his or her appeal.

**6.  Failure To Comply With Suspension, Revocation or Downgrade**

Failure to comply with the directions of the NCPD Pistol License Section involving suspension, revocation or downgrade of a pistol license is a violation of the NYS Penal Law, and shall result in summary action by the Nassau County Police Department. Possession of an unlicensed handgun is a crime. *If a license is suspended or revoked, the firearm(s) listed thereon are no longer considered licensed. If a license is downgraded, the licensee must comply with the rules and regulations applicable to his or her current license.*

**7.  Re-application After Revocation**

In the event the NCPD Pistol License Section revokes a license, or a timely-filed appeal concludes and the revocation is upheld by the Appeals Officer, the licensee must wait a minimum of three (3) years from the date of revocation or from the appeal decision upholding revocation, whichever is later, before submitting a new, full application for a pistol license. Furthermore, the applicant should only re-apply if the deficiency/reason for revocation *has been satisfactorily corrected*. Please note that resolution of the issue(s) that resulted in revocation is *mandatory prior to re-application*, otherwise the application will be denied and the application fee is non-refundable. A re-application after revocation *must* contain a written statement by the applicant that he or she has thoroughly addressed the issue(s) that resulted in revocation, stating exactly how the deficiency/reason for revocation has been satisfactorily corrected.

# CHAPTER 2:                    TERMS OF PISTOL LICENSE

### A.    WHERE VALID

1. The following licenses issued by the Nassau County Police Department are valid anywhere in New York State, *except* in all five boroughs of the City of New York and are subject to the specific restrictions stated in the preceding chapter:

    • Target/Hunting License

    • Business License

    • Restricted Business License For Armed Guard

    • Full Carry License

    • Retired Peace Officer License

    Note:   These licensees are directed to know and comply with Section B of this chapter.

2. Restricted Business For Armored Car Guard Licenses are valid throughout New York State, *including* the City of New York, and are subject to the specific restrictions stated in the preceding chapter of this Handbook.

3. Retired Police Officer or Retired Federal Law Enforcement Officer Licenses are valid throughout New York State, *including* the City of New York.

### B.    TRAVELING THROUGH NEW YORK CITY (THE FIVE BOROUGHS)

Holders of Nassau County Target/Hunting, Business, Armed Guard, Full Carry or Retired Peace Officer Pistol Licenses must comply with the following procedure when transporting firearms through the City of New York:

- Have the *unloaded* firearm(s) in a *locked* container during a *continuous and uninterrupted* trip through the City of New York.

- Ammunition and firearms must be stored *separately* in locked containers. Storage should be in the *trunk*.

    Note:       If the vehicle does not have a trunk, the locked containers must be kept the farthest distance possible from the licensee's person.

    Note:       Nassau County licensees who also have a pistol license issued by the City of New York, must abide by the rules and regulations applicable to their New York City pistol license.

Retired Police Officers and Retired Federal Law Enforcement are permitted to possess firearms in New York City.

Armored Car Guard licensees are permitted to possess firearms in New York City *only* while actually engaged in the employment for which the license was issued.

### C.  DUTIES AND RESPONSIBILITES OF A PISTOL LICENSEE

A pistol licensee is required to know, understand and strictly adhere to all of the duties and responsibilities set forth in this Handbook.

**FAILURE TO DO SO MAY RESULT IN THE SUSPENSION, DOWNGRADE OR REVOCATION OF THE PISTOL LICENSE**

The duties and responsibilities of the licensee include, but are not limited to, the following:

1.  A pistol licensee is authorized to carry and possess only the *listed* firearm(s) on his or her license.

2.  While carrying a firearm, a pistol licensee must be in possession of his or her pistol license *at all times*.

3.  A pistol licensee must secure his or her firearm(s) *at all times*.

    Note:  There are many levels of security ranging from a trigger lock to a safe. Firearms should be stored in a locked receptacle, preferably a safe or other metal box attached to the structure of the building and incapable of being easily moved or carried away. If a licensee maintains more than one residence, registered firearm(s) must be secured at the licensee's Nassau County residence, unless the licensee is permitted to legally possess the firearm(s) in his or her non-Nassau residence.

4.  A pistol licensee must keep his or her firearm(s) away from unauthorized persons, *especially children*.

    Note:  Access to a security device should be limited to the licensee *only*.

5.  A pistol licensee shall not leave a firearm in a motor vehicle, even temporarily, or any other place where an unauthorized person might have access.

6.  A pistol licensee shall not draw or otherwise display a firearm unjustifiably, unnecessarily or carelessly.

7.      In the event that a licensee is unable to produce a firearm upon request by a police officer or other member of law enforcement, or if the licensee is unable to locate a firearm or cannot account for the firearm's whereabouts, it will be considered a "Failure to Safeguard a Firearm" and the pistol license will be subject to suspension and/or revocation.

8.      A pistol licensee shall not take possession of a firearm prior to obtaining a "Purchase Document" from the NCPD Pistol License Section.

9.      A pistol licensee shall not misuse a pistol license or firearm.

10.     All pistol licensees are required to comply with the geographic restrictions as set forth in this chapter in the section entitled "Where Valid" (see Section A of this chapter).

11.     In the event that the NCPD Pistol License Section contacts, or attempts to contact, a pistol licensee or applicant (whether in person, by mail, email or telephone), the licensee/applicant must be responsive within three (3) business days to any and all inquiries and/or requests.


## D.     DOMESTIC VIOLENCE AND ORDERS OF PROTECTION

The policy of the Nassau County Police Department is to take a proactive stance against domestic violence, specifically to protect victims of domestic violence, enforce laws and prevent future violence. Therefore, upon notification of any domestic situation where violence is threatened or alleged to have occurred or upon notification of the existence of a volatile domestic situation, the Nassau County Police Department will require the surrender of the pistol license and firearm(s) *as well as rifles and shotguns* of any involved licensee pending an investigation into the facts and circumstances of the domestic incident and ongoing domestic relations of the licensee and other involved party(ies). Nassau County Police Department policy requires an investigation before reinstatement of the pistol license can be authorized. The license and firearm(s) as well as any rifles or shotguns will be returned only after a thorough investigation reveals that there are no compelling reasons for continuing the suspension.

The issuance of an Order of Protection or a Temporary Order of Protection naming the licensee as respondent will result in the immediate suspension of a license and surrender of a licensee's firearm(s) as well as rifles and shotguns. The license will remain suspended until the Order expires or is vacated by the issuing court, and a thorough investigation is completed.

E.     **INCIDENTS REQUIRING REPORTING TO NCPD PISTOL LICENSE SECTION**

A licensee is required to report to the NCPD Pistol License Section within three (3) business days, unless otherwise specifically noted in this Handbook, his or her involvement in any of the following instances:

1.  Any discharge of a firearm by a licensee or involving one of licensee's firearms (except while lawfully target shooting or hunting).

2.  A lost, stolen or mutilated pistol license.

3.  A lost or stolen firearm.

    Note:   With regard to 1, 2 and 3 above, the licensee is *also* required to *immediately* report to the precinct of occurrence or local police agency having jurisdiction over the incident.

4.  Any arrest, indictment or conviction, *except* non-criminal traffic infractions, of the licensee in any court or jurisdiction.

5.  Any domestic incident involving a licensee and police presence.

6.  The issuance of a Warrant, Field Appearance Ticket, Order of Protection or Temporary Order of Protection involving a licensee or a household member of licensee.

7.  Change of business or residential address (licensee must report to the Pistol License Section within ten (10) business days).

8.  Change of business or residential telephone number (licensee must report to the Pistol License Section within ten (10) business days).

9.  Change of business or personal name (licensee must report to the Pistol License Section within ten (10) business days).

10. A Business licensee is no longer employed in the business for which the license was issued (licensee must report to the Pistol License Section within ten (10) business days).

11. Any incapacitating illness or injury that would preclude the proper safeguarding of a firearm(s) (licensee must report to the Pistol License Section as soon as feasible).

12. When the licensee or a member of the licensee's household receives professional treatment for mental health issues (including depression).

13. When the licensee or a member of the licensee's household is admitted to any public or private hospital for treatment of mental health issues.

14. Should it become apparent that a member of the licensee's household is the unlawful user of marijuana or its derivatives, narcotics or any controlled substances as defined by 21 U.S.C. § 802 and/or NYSPL Article 220, or is arrested for use or possession of the same.

15. The confiscation of a pistol license and/or firearm by law enforcement.

16. The surrender of a pistol license and/or firearm to law enforcement.

17. The sale, transfer or disposition of a firearm (licensee must report to the Pistol License Section within ten (10) business days).

Note:   The licensee is responsible for making proper notifications to the NCPD Pistol License Section. The licensee is not to assume that other law enforcement agencies or the Nassau County Police Department will make the necessary notification on the licensee's behalf. Failure to make timely and proper notifications in the aforementioned circumstances may be cause for suspension and/or revocation of a pistol license.

## F.   FIREARMS, RIFLES, SHOTGUNS OR MACHINE GUNS SURRENDERED TO, OR REMOVED BY, THE NASSAU COUNTY POLICE DEPARTMENT

A licensee whose pistol license is suspended or revoked for any reason is not only required to surrender their license and handguns *but also* their rifles, shotguns or machine guns to the licensing authority (the Nassau County Police Department).

**Penal Law § 265.20(a)(1)(f)** reads as follows:

*(f) A person voluntarily surrendering such weapon, instrument, appliance or substance, provided that such surrender shall be made to the superintendent of the division of state police or a member thereof designated by such superintendent, or to the sheriff of the county in which such person resides, or in the county of Nassau or in the towns of Babylon, Brookhaven, Huntington, Islip and Smithtown in the county of Suffolk to the commissioner of police or a member of the police department thereof designated by such commissioner, or if such person resides in a city, town other than one named in this subparagraph, or village to the police commissioner or head of the police force or department thereof or to a member of the force or department designated by such commissioner or head; and provided, further, that the same shall be surrendered by such person in accordance with such terms and conditions as may be established by such superintendent, sheriff, police force or department. Nothing in this paragraph shall be construed as granting immunity from prosecution for any crime or offense except that of unlawful*

*possession of such weapons, instruments, appliances or substances surrendered as herein provided. A person who possesses any such weapon, instrument, appliance or substance as an executor or administrator or any other lawful possessor of such property of a decedent may continue to possess such property for a period not over fifteen days. If such property is not lawfully disposed of within such period the possessor shall deliver it to an appropriate official described in this paragraph or such property may be delivered to the superintendent of state police. Such officer shall hold it and shall thereafter deliver it on the written request of such executor, administrator or other lawful possessor of such property to a named person, provided such named person is licensed to or is otherwise lawfully permitted to possess the same. <u>If no request to deliver the property is received by such official within one year of the delivery of such property, such official shall dispose of it in accordance with the provisions of section 400.05 of this chapter.</u>*

If these items are not surrendered they are to be removed and declared a nuisance by any police officer or peace officer acting pursuant to his or her special duties. Relevant sub-sections of **Penal Law§ 400.05** read as follows:

*1. Any weapon, instrument, appliance or substance specified in article two hundred sixty-five, when unlawfully possessed, manufactured, transported or disposed of, or when utilized in the commission of an offense, is hereby declared a nuisance. When the same shall come into the possession of any police officer or peace officer, it shall be surrendered immediately to the official mentioned in paragraph (f) of subdivision one of section 265.20, except that such weapon, instrument, appliance or substance coming into the possession of the state police shall be surrendered to the superintendent of state police.*

*2. The official to whom the weapon, instrument, appliance or substance which has subsequently been declared a nuisance pursuant to subdivision one of this section is so surrendered shall, <u>at any time but at least once each year, destroy the same or cause it to be destroyed, or render the same or cause it to be rendered ineffective and useless for its intended purpose and harmless to human life.</u>*

*3. Notwithstanding subdivision two of this section, the official to whom the weapon, instrument, appliance or substance is so surrendered shall not destroy the same if (a) a judge or justice of a court of record, or a district attorney, shall file with the official a certificate that the non-destruction thereof is necessary or proper to serve the ends of justice; or (b) the official directs that the same be retained in any laboratory conducted by any police or sheriff's department for the purpose of research, comparison, identification or other endeavor toward the prevention and detection of crime.*

26

*6. A firearm or other weapon which is surrendered, or is otherwise voluntarily delivered pursuant to section 265.20 of this chapter and which has not been declared a nuisance pursuant to subdivision one of this section, <u>shall be retained by the official to whom it was delivered for a period not to exceed one year. Prior to the expiration of such time period, a person who surrenders a firearm shall have the right to arrange for the sale, or transfer, of such  firearm to a dealer in firearms licensed in accordance with this chapter or for the transfer of such firearm to himself or herself provided that a license therefor has been issued in accordance with this chapter. If no lawful disposition of the firearm or other weapon is made within the time provided, the firearm or weapon concerned shall be declared a nuisance and shall be disposed of in accordance with the provisions of this section</u>.*

# CHAPTER 3:          FIREARMS GUIDELINES FOR LICENSEES

## A.   <u>PURCHASING FIREARMS</u>

The following is the proper procedure for the purchase of a firearm:

1. The licensee <u>pays</u> a licensed gun dealer *in full* for a firearm (*but does not* take possession of said firearm).

    <u>Note</u>:   Licensees are only authorized to possess the firearm(s) listed on their pistol license.

    <u>Note</u>:   A licensee is not required to purchase or own a firearm in order to receive or maintain a pistol license.

2. The licensee must respond to the NCPD Pistol License Section with the bill of sale showing the date of sale, make, model, caliber, color, barrel length and serial number.

3. The NCPD Pistol License Section prepares a "Purchase Document" and an Amendment.

    <u>Note</u>:   A Purchase Document must have a raised Nassau County Police Department seal in order to be authentic.

4. The licensee must pay the $10.00 Purchase Document fee (for each weapon) to the NCPD Pistol License Section.

5. If the purchase was made from a licensed dealer in firearms *within* Nassau County:

a.      The NCPD Pistol License Section adds the firearm(s) to the license.

b.      The Purchase Document will expire ten (10) business days from the date of issuance. As such, the licensee has only ten (10) business days to pick up the new firearm(s).

Note:   The licensee *does not* have to bring the firearm(s) back to the NCPD Pistol License Section.

6. If the purchase was made from a licensed dealer in firearms *outside* of Nassau County:

a.      The Purchase Document will expire ten (10) business days from the date of issuance. As such, the licensee has only ten (10) business days to pick up the new firearm(s).

b.      The licensee then has ten (10) business days to bring the firearm(s) to the NCPD Pistol License Section so the firearm(s) can be added to the license.

Note:   THE FIREARM(S) MUST BE UNLOADED PRIOR TO BEING PRESENTED TO THE NCPD PISTOL LICENSE SECTION FOR INSPECTION.

**B.      REPORTING A LOST OR STOLEN FIREARM**

If a firearm is lost or stolen, the licensee is required to do all of the following:

1. Within twenty-four (24) hours of discovery of a lost or stolen firearm, report such information to the precinct of occurrence or local police agency where the loss occurred (failure to do so is a class A misdemeanor punishable under NYSPL § 400.10) and obtain a case report or other police report number; and

2. Notify the NCPD Pistol License Section of the police report number no later than the next business day.

**C.      SELLING OR DISPOSING OF A FIREARM**

1. To legally dispose of a firearm(s), a licensee is required to do one of the following:

a. Surrender the firearm(s), in a safe, *unloaded* condition to the NCPD Pistol License Section,

b. Sell or transfer the firearm(s) to a NYS licensed dealer in firearms,

28

    c.  Sell or transfer the firearm(s) to a Federal Firearms License holder in a state other than New York,

        <u>Note</u>:     A licensee may do this by common carrier or by having a local dealer in firearms transfer same to a Federal Firearms License holder outside of New York State.

    d.  Sell or transfer the firearm(s) to an immediate family member,

        <u>Note</u>:     Sales or transfers to spouses, domestic partners, children and step-children are permitted by the NY SAFE Act.

    e.  Surrender the firearm(s) to a licensed gunsmith for destruction, or

    f.  Place the firearm on consignment (see Section D of this chapter).

2.  In addition, when legally disposing of a firearm(s), a licensee is required to do the following:

    1.  All firearms transactions must occur *prior* to the expiration of a license. If the license is expired, the firearms must be *immediately* surrendered to the NCPD as described above.

    2.  A bill of sale or dealer's receipt must accompany all sales of firearms, and must be submitted to the NCPD Pistol License Section in person along with the license for amendment within ten (10) business days.

<u>Note</u>:     A violation of the above procedures may result in criminal charges for a class A misdemeanor as defined under NYSPL § 265.10(7) and immediate suspension to the license (see also NYSPL § 400.00(15)).  A revocation of the license may also result.

**D.**    <u>**CONSIGNMENT**</u>

The act of giving a dealer in firearms a firearm to display for sale requires the licensee to respond within ten (10) business days to the NCPD Pistol License Section to file a Notification of Amendment form ($10.00 fee) to delete the firearm from their license. The dealer must issue a receipt to the licensee for the firearm and is also required to enter the firearm transaction into the Federal and New York State Record Dealer Book. Although this type of transaction often does not involve money or trade, the NCPD Pistol License Section considers this transaction to be a "sale." Therefore, should the licensee want the firearm returned, he or she would be required to obtain a purchase document prior to its return.

### E.  REGISTERING A DECEASED PERSON'S FIREARM

NYSPL § 265.20(1)(f) allows the executor, administrator or any other lawful possessor of the estate of a deceased pistol license holder fifteen (15) days to lawfully dispose of the deceased's firearm(s).

1. To legally dispose of a firearm(s), the executor, administrator or any other lawful possessor of the estate must:

   a.  Sell the deceased's firearm(s) to a NYS licensed dealer.

       Note:  Transfers to spouses, domestic partners, children and step-children are also permitted by the NY SAFE Act.

   b.  Surrender the deceased's firearm(s) to the NCPD Pistol License Section to be destroyed.

   Note:  If a firearm is not legally disposed of within fifteen (15) days, the firearm MUST be surrendered within three (3) business days to any precinct of the Nassau County Police Department or to the NCPD Pistol License Section. This allows family members to surrender the deceased's firearms to the police department without fear of any prosecution.

2. After legally disposing of the firearm(s), the executor of the estate or a family member of the deceased must surrender, in person or by mail, to the NCPD Pistol License Section, the deceased's pistol license with a document showing the disposition of the firearm(s).

3. If the weapons are in the possession of the Nassau County Police Department, the following documents must be obtained before the firearm(s) will be released:

       1) a copy of the preliminary letters of administration or testamentary,

       2) a copy of the Last Will & Testament,

       3) a copy of the Death Certificate, and

       4) a notarized letter from the executor/executrix of the estate stating he or she is turning a firearm(s) over to such person (list each one).

### F.  PURCHASING AMMUNITION

As per NYSPL § 400.03, all ammunition purchases must be made from or conducted through a New York State Dealer in Firearms or New York State Seller of Ammunition as defined by that section. All ammunition transactions require prior authorization and entry into a statewide database created and monitored by the New

York State Police. No commercial transfer of ammunition shall take place unless a licensed dealer in firearms or registered seller of ammunition acts as an intermediary between the transferor and the ultimate transferee of the ammunition for the purposes of contacting the statewide license and record database pursuant to NYSPL § 400.03. Such transfer between the dealer or seller and transferee must occur in person.

**G.      UNITED STATES CODE TITLE 18, PART I, CHAPTER 44**

Pursuant to Federal Law, a NICS (National Instant Criminal Background Check Systems) check must be completed in order for a licensed firearms dealer to transfer any firearm. It may take up to three (3) business days to receive a response from NICS, which will either authorize or deny the release of a firearm to an individual.

Note:      Licensees are required to notify the NCPD Pistol License Section of a NICS denial within one (1) business day of same.

Note:      If a licensee wishes to sell or transfer a firearm(s) to a licensed firearms dealer or another licensee outside of New York State, he or she must conduct this transaction through a licensed firearms dealer in New York State. The firearms provisions enunciated in Title 18, Part I, Chapter 44 of the United States Code can be viewed at http://uscode.house.gov/.

# CHAPTER 4:             ADMINISTRATIVE PROCEDURES

**A.      CHANGE OF ADDRESS**

1.   Should a licensee change his or her residence (or business address) from the address listed on the license, he or she must *personally appear* with the pistol license at the NCPD Pistol License Section no later than ten (10) business days after the change becomes effective.

2.   The licensee will be required to submit the following to the Pistol License Section:

   a)      a valid NYS DMV Drivers License or Identification Card verifying the new address,

   b)      a utility bill, lease agreement or deed displaying the licensee's name, and

   c)      the $10.00 Amendment fee.

Note:      If the licensee relocates outside of Nassau County, instructions regarding a records transfer or cancellation must be followed (see Section D of this chapter).

> Note:     If a licensee resides with another person or persons 18 years of age or older
> (i.e. friends, roommates, relatives), the licensee must submit to the NCPD
> Pistol License Section, *notarized* letters from any and all such persons,
> stating they are aware the licensee will possess a firearm in the residence.

**B.      BUSINESS NAME CHANGE/NATURE OF BUSINESS CHANGE**

If the name of a business listed with the NCPD Pistol License Section is changed, the
licensee must *personally appear* with his or her pistol license at the Pistol License
Section no later than ten (10) business days after the change becomes effective.
Verifying documents regarding the name change will be required. The documents must
contain the new name and be accompanied by new proof of a *legitimate business need*
(see Chapter 1, Section B, Sub. 2 "Business License").

If the nature of a business changes, the licensee must contact the Pistol License Section
within ten (10) business days and follow the same procedure as outlined above for a
name change.

> Note:     An Amendment Fee ($10.00) shall apply in the event of a business name or
> nature of business change.

**C.      NAME CHANGE**

In the event a licensee legally changes his or her name, the licensee must notify the
NCPD Pistol License Section within ten (10) business days and provide documentation
verifying the name change.

> Note:     An Amendment Fee ($10.00) applies for a name change.

**D.      RECORDS TRANSFER TO ANOTHER JURISDICTION**

If a licensee should move out of Nassau County and relocate within New York State,
NYSPL § 400.00(d)(5) allows the licensee to transfer their *application or records* (not
their license) to the appropriate licensing agency in the new county of residence. In
order to accomplish this, a licensee must notify the NCPD Pistol License Section
within ten (10) business days of their moving and file a transfer of record form along
with the applicable $5.00 fee.

> Note:     A licensee can simply send a letter to the NCPD Pistol License Section,
> including their new address and telephone number, a copy of their pistol
> license and a check made payable to "NCPD" in the amount of $5.00.

# CHAPTER 5:             FIREARMS INFORMATION

## A.    BLACK POWDER FIREARMS

Current statutes exempt black powder firearms from the existing licensing requirements, however please note that persons intending to load and fire these weapons, or persons who possess components required to do so, MUST register these firearms.

## B.    ASSAULT WEAPONS

NYSPL § 265.00(22) defines what is considered to be an "assault weapon" within the State of New York. NYSPL § 400.00(16)(a) authorizes individuals who lawfully possessed an assault weapon prior to January 15, 2013 to continue to lawfully possess said weapon if they properly registered it on or before April 15, 2014 in accordance with that section.

> *If an assault weapon was not duly registered prior to April 15, 2014,*
> *it is imperative that such registration be completed without delay.*

The registration of assault weapons can be completed by submitting the requisite form via mail or online through the New York State Police ("NYSP") at https://firearms.troopers.ny.gov/safeact/welcome.faces. The registration for an assault weapon must be renewed every five (5) years. A person who acquired an assault weapon after January 15, 2013 is subject to full criminal liability for possessing the weapon unless he or she is covered by one of the exemptions in NYSPL § 265.20. Notification of the lawful disposal of an assault weapon must also be made to the NYSP within seventy-two (72) hours of the disposal. This form may be found at http://www.governor.ny.gov/nysafeact/gun-owners.

Current and retired police officers and federal law enforcement officers should refer to Section D of this chapter for information regarding assault weapons and large capacity ammunition devices.

## C.    LARGE CAPACITY AMMUNITION FEEDING DEVICES

NYSPL § 265.00(23) defines a "large capacity ammunition feeding device" as any "magazine, belt, drum, feed strip, or similar device, that has a capacity of, or that can be readily restored or converted to accept, more than ten rounds of ammunition."

> *It is now unlawful to possess any large capacity ammunition feeding device.*

Any magazine, belt, drum, feed strip, or similar device with a capacity over ten (10) rounds must have either been rendered permanently incapable of accepting more than ten (10) rounds or have been lawfully disposed of prior to January 15, 2014.

> ***It is also unlawful to possess any magazine, belt, drum, feed strip, or similar device <u>loaded</u> with more than seven (7) rounds of ammunition, other than at a designated firing range or at certain sanctioned shooting events.***

<u>Note</u>:   These restrictions and definitions do not apply to attached tubular devices capable of operating only with .22 caliber rimfire ammunition or a feeding device that is a curio or relic.

Current and retired police officers and federal law enforcement officers should refer to Section D of this chapter for information regarding assault weapons and large capacity ammunition devices.

## D.   <u>CURRENT AND RETIRED LAW ENFORCEMENT</u>

### 1.   <u>Current Police Officers</u>

While police officers may continue to legally purchase and possess assault weapons and large capacity ammunition feeding devices under the former police exemption in Penal Law § 265.20 (a) (1), this exemption only applies when the officer is an *active* police officer.

### 2.   <u>Qualified Retired Law Enforcement Officers</u>

A retired officer who meets the definition of a "Qualified Retired New York or Federal Law Enforcement Officer" may possess a <u>registered assault weapon</u> that would otherwise be unlawful if all of the following conditions are met:

a) The retired officer **properly registers** the assault weapon **within sixty (60) days of retirement**;

b) The assault weapon is **possessed** by the retired police officer **within twelve (12) months prior to his or her retirement**;

c) The officer **must be retired** and not merely separated from service;

d) The assault weapon must have been issued to or purchased by the retired officer **in the course of his or her official duties**;

d) The officer must have been **qualified by his or her agency** in the use of the assault weapon **within twelve (12) months prior to his or her retirement.**

A retired officer who meets the definition of a "Qualified Retired New York or Federal Law Enforcement Officer" may possess a <u>large capacity feeding device</u> that would otherwise be unlawful if all of the following conditions are met:

a) the device was issued to such officer or purchased by such officer **in the course of his or her official duties**;

b) the device was **owned** by such officer **at the time of his or her retirement**;

c) the agency that employed the officer **qualified** such officer in the use of the weapon which accepts such device in accordance with applicable state or federal standards for active duty law enforcement officers **within twelve (12) months prior to his or her retirement**; and

d) such retired officer meets, at his or her own expense, such applicable standards for such weapon **at least once within three years after his or her retirement date and at least once every three years thereafter**, provided, however, that any such qualified officer who has been retired for eighteen (18) months or more on the effective date of this subdivision shall have eighteen (18) months from such effective date to qualify in the use of the weapon which accepts such large capacity ammunition feeding device notwithstanding that such officer did not qualify within three years after his or her retirement date, provided that such officer is otherwise qualified and maintains compliance with these.

# CHAPTER 6:    DEALER, RANGE AND GUN SHOW INFORMATION

## A.    DEALER LICENSE FORM

The NYS Gunsmith and Dealer In Firearms License issued by the NCPD as per NYSPL § 400.00(7) is valid only for the specific address for which it was issued. *All dealer transactions must be done at the licensed premise*. A Gunsmith and Dealer In Firearms License is not transferable to any other person or premise.

<u>Note</u>:    See GUN SHOW OR EVENT exception at Section F of this chapter.

## B.    DEALER LICENSE/SIGN EXHIBITION AND DISPLAY

A Gunsmith and Dealer In Firearms License shall be prominently displayed at the licensed premise. The license must also be prominently displayed at an authorized gun show or event. Failure of any licensee to exhibit or display his or her license shall be presumptive evidence that he or she is not duly licensed.

Any person, firm or corporation engaged in the retail business of selling rifles, shotguns or firearms, as such terms are defined in NYSPL § 265.00, shall, in the place

where such rifles, shotguns or firearms are displayed or transferred to the purchaser, post a notice conspicuously stating the following in bold print:

**THE USE OF A LOCKING DEVICE OR SAFETY LOCK IS ONLY ONE ASPECT OF RESPONSIBLE FIREARM STORAGE. FOR INCREASED SAFETY, FIREARMS SHOULD BE STORED UNLOADED AND LOCKED IN A LOCATION THAT IS BOTH SEPARATE FROM THEIR AMMUNITION AND INACCESSIBLE TO CHILDREN AND ANY OTHER UNAUTHORIZED PERSON.**

## C.    DEALER GUN RENTALS AT RANGES

Dealers may rent firearms to licensees as long as the range at which they will be shooting is *on the premises of the dealer*. The firearm may not leave the premises while under the rental agreement and the dealer must utilize a log that will contain the date, firearm make, model, serial number, name and license or shield number of renter.

## D.    PISTOL RANGES

NYSPL § 265.20 Exemptions

265.20(7) Possession, at an indoor or outdoor shooting range for the purpose of loading and firing, of a rifle or shotgun, the propelling force of which is gunpowder by a person under sixteen years of age but not under twelve, under the immediate supervision, guidance and instruction of (a) a duly commissioned officer of the United States army, navy, air force, marine corps or coast guard, or of the national guard of the state of New York; or (b) a duly qualified adult citizen of the United States who has been granted a certificate as an instructor in small arms practice issued by the United States army, navy, air force or marine corps, or by the adjutant general of this state, or by the national rifle association of America, a not-for-profit corporation duly organized under the laws of this state; or (c) a parent, guardian, or a person over the age of eighteen designated in writing by such parent or guardian who shall have a certificate of qualification in responsible hunting, including safety, ethics, and landowner relations-hunter relations, issued or honored by the department of environmental conservation; or (d) an agent of the department of environmental conservation appointed to conduct courses in responsible hunting practices pursuant to article eleven of the environmental conservation law.

265.20(7-a) Possession and use, at an indoor or outdoor pistol range located in or on premises owned or occupied by a duly incorporated organization organized for conservation purposes or to foster proficiency in small arms or at a target pistol shooting competition under the auspices of or approved by the national rifle

association for the purpose of loading and firing the same, by a person duly licensed to possess a pistol or revolver pursuant to section 400.00 or 400.01 of this chapter of a pistol or revolver duly so licensed to another person who is present at the time.

265.20(7-e) Possession and use of a pistol or revolver, at an indoor or outdoor pistol range located in or on premises owned or occupied by a duly incorporated organization organized for conservation purposes or to foster proficiency in small arms or at a target pistol shooting competition under the auspices of or approved by an association or organization described in paragraph 7-a of this subdivision for the purpose of loading and firing the same by a person at least fourteen years of age but under the age of twenty-one who has not been previously convicted of a felony or serious offense, and who does not appear to be, or pose a threat to be, a danger to himself or to others; provided however, that such possession shall be of a pistol or revolver duly licensed to and shall be used under the immediate supervision, guidance and instruction of, a person specified in paragraph seven of this subdivision.

## E.    GUN SHOW OR EVENT

NYSPL § 400.00(8) allows a gunsmith or dealer in firearms to conduct business temporarily at a location other than the location specified on the license if such temporary location is the location for a gun show or event sponsored by any national, state, or local organization, or any affiliate of any such organization devoted to the collection, competitive use or other sporting use of firearms. The license, or a photocopy of same, must be prominently displayed while at the temporary location. Records of receipt and disposition of firearm transactions conducted at such temporary locations shall include the location of the sale or other disposition and shall be entered in the permanent records of the gunsmith or dealer in firearms and retained on the location specified on the license.

Note:    Nothing in this Handbook shall authorize any licensee to conduct business from any motorized or towed vehicle. Any inspection or examination of inventory or records under this Handbook at such temporary location shall be limited to inventory consisting of, or records related to, firearms held or disposed at such temporary locations.

Note:    *Failure of any licensee to so exhibit or display his or her license shall be presumptive evidence that he or she is not duly licensed.*

NYS General Business Law § 897: Sale of a firearm, rifle or shotgun at a gun show

1. A national instant criminal background check shall be conducted and no person shall sell or transfer a firearm, rifle or shotgun at a gun show, except in accordance with the provisions of 18 U.S.C. § 922(t).

2. No person shall offer or agree to sell or transfer a firearm, rifle or shotgun to another person at a gun show or dealer show location and transfer or deliver such firearm, rifle or shotgun to such person or person acting on his or her behalf thereafter for the purpose of evading or avoiding compliance with 18 U.S.C.§ 922(t).

3. Any person who knowingly violates any of the provisions of this section shall be guilty of a class A misdemeanor punishable as provided in the penal law.


# CHAPTER 7:                    ADDITIONAL PERTINENT INFORMATION

## A.    THE NEW YORK SECURE AMMUNITION AND FIREARMS ACT (SAFE)

The NY SAFE Act, signed into law on January 15, 2013, amended various provisions of New York law in relation to firearms, long guns, assault weapons and ammunition. The Act was intended to enhance public safety by:

- Expanding the classification of those weapons considered to be assault weapons and restricting access, possession and transfer of these weapons.

- Providing safeguards, through implementation of a new statewide database, to help ensure that individuals who are not qualified to possess certain weapons or ammunition do not obtain access to these weapons.

- Restricting the types of magazines that individuals are allowed to possess and limiting the number of rounds permitted to be loaded in a magazine.

- Extending the requirement of a NICS check, formerly applicable only to commercial sales, to private sales of firearms subject to certain exceptions.

- Requiring those with existing firearms licenses (pistol permits) to renew or recertify these permits every five (5) years.

- Establishing several new Penal Law offenses and enhancing the penalties for existing offenses.

- Exempting records relating to the Act from public disclosure and providing all permit holders and applicants with an opportunity to ensure that any county records relating to their individual permit or application will also be exempt from the NY State FOIL provisions.

Note:    It is the *licensee's responsibility* to be fully familiar, and in compliance, with all relevant provisions of the NY SAFE Act, as well as all applicable New York State laws, rules and regulations pertaining to the ownership, use

and possession of firearms (www.governor.ny.gov/nysafeact/gun-reform) (Questions? Call 1-855-LAW-GUNS).

**B.**     **THE FREEDOM OF INFORMATION LAW (FOIL)**

The NY SAFE Act protects the privacy of licensees by permitting them to notify a County Clerk that they do not wish for their information to be released publicly under FOIL (Article 6, New York State Public Officers Law). Current licensees and new applicants may make this notification at any time to the NCPD Pistol License Section, using a form approved by the Superintendent of the New York State Police. The NCPD Pistol License Section provides this form with all application packets and it is available online at www.pdcn.org. The form can also be found at the NY SAFE Act website at www.nysafeact.com.

**C.**     **FIREARM SAFETY TRAINING**

Safety training is extremely important and every licensee is encouraged to participate in some type of firearms safety training.

Case 2:14-cv-07210-ADS-AKT   Document 11-2   Filed 02/25/15   Page 48 of 48 PageID #: 142



**In addition to being available for viewing online at <u>www.pdcn.org</u>,
this Pistol License Handbook must be printed and available
at the Nassau County Police Department Pistol License Section.**