# EXHIBIT 4

Exhibit 4, Affirmation of William Livore

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**MARC W. WEINSTEIN,**

        Plaintiff,

        CIVIL ACTION NO.

        -against-

        CV - 14 – 7210 (ADS) (AKT)

**THOMAS C. KRUMPTER, Acting Police**
**Commissioner, Nassau County, New York**

**STEVEN E. SKRYNECKI, Chief of**
**Department, Nassau County Police**
**Department,**

        **AFFIRMATION**
        **WILLIAM LIVORE**

**DANIEL P. FLANAGAN, Commanding**
**Officer, First Precinct, Nassau County Police**
**Department,**

**JAMES B. MALONE, Police Officer, First**
**Precinct, Nassau County Police Department**

**JOHN DOES I –IV, Police Officers, First**
**Precinct, Nassau Police Department,**

**PAUL CAPPY, Police Officer and**
**Investigator, Nassau County Police**
**Department, Pistol License Section,**

**NASSAU COUNTY POLICE**
**DEPARTMENT,**

        Jury Trial Demanded

**and**

**COUNTY OF NASSAU**

        Defendants

Affirmation of William Livore         1

William Livore, in accordance with 28 U.S.C. § 1746, does declare under penalty of perjury following is true and correct:

1.      I am a resident of the town of Syosset, Nassau County, New York. I live there with my wife, adult son and daughter.

2.      On December 14, 2010, I had bladder surgery and spent several days at home recuperating. The next day I was told by my wife that she and my twenty year old daughter had an argument while at Nassau County Community College. My daughter reportedly smashed the windshield of my wife's car. I was not present when that occurred.

3.      On December 18, 2010, while I was still recuperating, still in pain and still passing blood, my wife and daughter got into an argument at home. I separated them and got things calmed down.

4.      I understand that my daughter called the police. When the police officers arrived, they came into the house, asked if there were any guns in the house. I stated that there were, but they were all secured in my gun safe and I was the only one who had access.

5.      Even though I was not involved in the dispute and all firearms were secured in my gun safe, the police, against my will, required me to open the safe whereupon they confiscated all my firearms.

6.      As days stretched into months and my firearms were not returned, I purchased and new AR-15 target rifle as I compete in high power rifle competition. I was not disqualified and so could do so legally.

7.      I operate a wrecker service and automobile body shop. In conjunction with that business I have a "business carry" pistol permit. Because they confiscated my pistol permit, I was unable to carry a firearm for self protection. At my business I regularly get

Affirmation of William Livore                                                    2

calls for wrecker service at time and in locations that I believe are not safe. As a result of the confiscation of my handguns and pistol license, I declined a number of jobs with the attendant loss of income to the business, both wrecker fees and resulting automobile repairs.

8.     Eventually, after about a year, my pistol permit and firearms were returned to me by the Nassau County Police Department.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: Syosset, New York
          February 25, 2015

                                                                    _____
                                                                    William Livore