| EDWARD P. MANGANO<br>County Executive | | CARNELL T. FOSKEY<br>County Attorney |
|---|---|---|
| | | RALPH J. REISSMAN<br>Deputy County Attorney |

**COUNTY OF NASSAU**
**OFFICE OF THE COUNTY ATTORNEY**
One West Street
Mineola, New York 11501-4820
Tel. (516) 571-3046 / Fax (516) 571-3058

April 6, 2015

Via ECF
Hon. Arthur D. Spatt
United States District Court
100 Federal Plaza
Central Islip, New York 11722

               Re: *Weinstein v. Krumpter, et al.*
                  14-CV-7210 (ADS)(AKT)

Dear Judge Spatt:

      This office represents defendants Thomas C. Krumpter, Acting Commissioner of the Nassau County Police Department, Steven E. Skyynecki, Chief of Department of the Nassau County Police Department, Daniel P. Flanagan, Commanding Officer of the Nassau County Police Department's First Precinct, Nassau County Police Officer James B. Malone, Nassau County Police Officer Paul Cappy, the Nassau County Police Department and the County of Nassau in the above-referenced action. This letter is written in response to Your Honor's April 2, 2015 directive that defendants advise the Court whether they intend to oppose the motion for a preliminary injunction and/or the motion for leave to file an amended complaint.

      **A. Second Amended Complaint**. After reviewing plaintiff Marc Weinstein's proposed Second Amended Complaint [DE 14-1], defendants have no objection to plaintiff's counsel, Robert T. Bean, serving and filing the Second Amended Complaint.

      **B. A Preliminary Injunction is Not Warranted**. Defendants oppose plaintiff's application for a preliminary injunction because, given the facts alleged in the proposed Second Amended Complaint, plaintiff cannot meet the requirements in order for the Court is issue a preliminary injunction.

      "A preliminary injunction is an extraordinary remedy." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008). A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of the injunction; (3) that the balance of hardships tips in the movant's favor; and (4) that the public interest is not disserved by the issuance of the injunction. *Juicy Couture, Inc. v. Bella Intern. Ltd.*, 930 F. Supp.2d 489, 498

(S.D.N.Y. 2013); *Salinger v. Colting,* 607 F.3d 68, 79–80 (2d Cir. 2010); *Bulman v. 2BKCO, Inc.,* 882 F.Supp.2d 551, 557 (S.D.N.Y. 2012). A court can also grant a preliminary conjunction "in situations where it cannot determine with certainty that the moving party is more likely than not to prevail on the merits of the underlying claim, but where the costs outweigh the benefits of not granting the injunction." *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.,* 598 F.3d 30, 35 (2d Cir. 2010). The party seeking the injunction must demonstrate "by a clear showing" that the necessary elements are satisfied. *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997).

In this case, plaintiff cannot meet the requirements needed for the Court to issue a preliminary injunction. In his motion for a preliminary injunction [DE 10] filed February 25, 2105 plaintiff seeks seven forms of relief. The first is to prevent defendants "[f]rom destroying firearms seized by defendants from the plaintiff." The second is to prevent defendants "[f]rom retaining possession of the said arms." Since the time plaintiff filed his motion on February 25, 2015, defendants have returned all of plaintiff's firearms, a fact with plaintiff acknowledges in ¶ 23 of his proposed Second Amended Complaint. Thus, plaintiff cannot meet the requirement of "irreparable harm in the absence of the injunction," *Juicy Couture,* 930 F. Supp.2d at 498.

The third form of relief plaintiff seeks in his motion is to prevent defendants "[f]rom searching for firearms in the home of plaintiff and other similarly situated persons, without cause, where there is no Order of Protection, no domestic violence, and no arrest or charges filed." Here, plaintiff cannot meet any of the four required elements to warrant a preliminary injunction, either on his behalf, of on the behalf of "other similarly situated persons."

Police officers responding to the scene of reported domestic violence, as all police officers, are charged with the duty to "preserve the public peace, prevent crime, protects the rights of persons and property, and guard the public health." *Nassau County Administrative Code* §8-22.0, "Duties of Police Department." Nassau County police officers undergo extensive training in order to fulfill this mission, and are required to use their discretion and professional judgment in protecting the public, especially in situations where violence is at issue. The fatal flaw in plaintiff's third request for injunctive relief is that he asks the Court to bar the police from searching his and others' homes *"without cause"* and *"where there is no domestic violence."* (Emphasis added.) It is the police officer's responsibility to determine whether cause exists to search a home for firearms, especially in the event of domestic violence. Thus, plaintiff is not likely to succeed on the merits of this claim for relief, since the search is warranted; there is no irreparable harm in the officers' entering his house; for purposes of preserving lives and the public peace, the balance hardships tips in defendants' favor as opposed to plaintiff's right to privacy in his home; and for this same reason, to permit defendants to preserve lives and the public peace, the public would be disserved if an injunction were issued.

The same analysis applies even more so to the fourth branch of relief sought, to prevent defendants from seizing firearms. Once again, it is the police officer's sworn duty to protect the public by preventing gun violence in responding to reports of domestic violence, and it is for the officer to employ his discretion and professional judgment in removing the threat of further violence from guns found in the home. Therefore, on the fourth claim for relief, plaintiff is not likely to

succeed on the merits; there is no irreparable harm since, as explained below, defendants' policy for return of seized firearms comports with the Constitution; the balance of hardship tips in favor of the police protecting the public peace; and the public will be disserved if police are prevented from removing firearms in cases of domestic violence.

Moreover, a preliminary injunction is not warranted as to the fifth form of relief, in which plaintiff seeks an order to prevent defendants "[f]rom continuing its policy of confiscating firearms in the even[t] of any 'domestic incident' with a 'police presence even if there is no crime, no violence and no Order of Protection." Again, in the interest of preserving lives and the public peace, it is the officer's responsibility to determine if there is a threat of violence from guns even in the absence of a crime or Order of Protection.

The sixth form of relief is moot, since all of plaintiff's firearms have been returned to him, *see* plaintiff's proposed Second Amended Complaint, ¶ 23.

As to plaintiff's seventh and final form of requested relief, no preliminary injunction is warranted. Plaintiff would have this Court impose upon the Police Department, within sixty days, a five-day deadline to return seized firearms to their owner, and further, if the firearms were retained past the five days, a hearing before a judicial hearing officer nine days later. Plaintiff is not likely to succeed on the merits of this claim for relief. Following this Court's decision in *Razzano v. County of Nassau*, 765 F. Supp.2d 176 (E.D.N.Y. 2011), the Police Department revised its policies regarding seizure and return of firearms to include the Court's instructions. As the Court may see in Exhibit "A" annexed hereto, Police Department Procedure OPS 10023, originally enacted in August 2011 and revised on May 11, 2012, the Police Department has created the position of Domestic Liaison Coordinator, usually the Deputy Commanding Officer, for each police precinct in Nassau County (page 3, § C, "Rifles and Shotguns Investigation").

It is the responsibility of the Precinct Domestic Incident Liaison Officer, as a neutral judge who had absolutely nothing to do with confiscation of firearms in any domestic incident, to review the circumstances of such confiscation; determine if the confiscation was appropriate; and "Ensure the immediate return of confiscated rifles and shotguns in the following situations: (a) confiscation was inappropriate, (b) new information is learned which makes the confiscation inappropriate." The Domestic Incident Liaison Officer further undertakes additional steps in conjunction with the Patrol Division Domestic Incident Coordinator (Ex. A, § C, steps 4-27) to ensure timely return of confiscated longarms, where appropriate. In this manner, the Police Department has implemented the Court's directive to implement timely and Constitutionally compliant procedures.

For these reasons, plaintiff cannot demonstrate by a "clear showing" that he is entitled to a preliminary injunction. He is not likely to succeed on the merits, there is no irreparable harm, the balance of hardships tips in favor of defendants, who are charged with protecting lives and the public peace, and the public would be disserved by granting the injunction, in that an injunction as proposed by plaintiff would completely disrupt the effectiveness of the Police Department's policy of balancing the need to prevent domestic violence, with an individual's right to possess longarms where, in the professional judgment of the Police Department, no further threat of domestic violence

exists. Therefore, plaintiff's motion for a preliminary injunction should be denied

As always, defendants thank Your Honor for your attention and consideration in this matter.

Respectfully submitted,

RALPH J. REISSMAN
Deputy County Attorney

cc: Robert T. Bean, Esq.
    Attorney for Plaintiff (via ECF)

# EXHIBIT A

**Nassau County Police Department**

# Department Procedure

| PROCEDURE TITLE | PROCEDURE NUMBER | REVISION |
|---|---|---|
| Removal and Disposition of Weapons – Domestic Incidents/Threats to Public Safety | OPS 10023 | 2 |

**POLICY**  The policy of the Police Department is to afford the public the greatest protection available against threats of violence. In furtherance of this goal, firearms, rifles, and shotguns are removed, when warranted, from persons involved in domestic incidents or when such weapons pose a threat to the public safety.

**PURPOSE**  To establish procedures for the following:

1. removing firearms, rifles, and shotguns, when necessary, from the parties involved in a domestic incident,
2. removing firearms, rifles, and shotguns, when such weapons create a threat of violence or threat to the public safety,
3. returning, retaining or destroying the firearms, rifles, and shotguns after completion of an investigation or review.

**DEFINITIONS**  **Federal Gun Control Act:** A federal law in the United States that broadly regulates the firearms industry. It also prohibits firearms ownership by certain individuals thought to pose a threat to the public safety. 18 U.S.C. §922(d) states:

It shall be unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person--
 (1) is under indictment for, or has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
 (2) is a fugitive from justice;
 (3) is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802));
 (4) has been adjudicated as a mental defective or has been committed to any mental institution;
 (5) who, being an alien--
  (A) is illegally or unlawfully in the United States; or
  (B) except as provided in subsection (y)(2), has been admitted to the United States under a nonimmigrant visa (as that term is defined in section 101(a)(26) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(26)));
 (6) [who] has been discharged from the Armed Forces under dishonorable conditions;
 (7) who, having been a citizen of the United States, has renounced his citizenship;
 (8) is subject to a court order that restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child, except that this paragraph shall only apply to a court order that--
  (A) was issued after a hearing of which such person received actual notice, and at which such person had the opportunity to participate; and
  (B) (i) includes a finding that such person represents a

| ISSUING AUTHORITY | SIGNATURE | EFFECTIVE DATE | PAGE |
|---|---|---|---|
| Commissioner | Thomas V. Dale | 05/11/2012 | 1 of 6 |

# Removal and Disposition of Weapons – Domestic Incidents/Threats to Public Safety  OPS 10023  2

        credible threat to the physical safety of such intimate partner or child; or

    (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury; or

(9) has been convicted in any court of a misdemeanor crime of domestic violence.

**DEFINITIONS**  Firearms: [See Glossary]

**SCOPE**  All Members of the Force.

**SOURCES**  18 USC §922. Federal Gun Control Act.

NYS CPL §265. (Firearms and Other Dangerous Weapons)
    §400. (License to Carry, Possess, Repair and Dispose of Firearms)

**RULES**  No new rules within this procedure.

**REPLACES**  OPS 10023 Revision 1, dated 08/05/2011.

**PROCEDURE**  A. **Removal of Firearms, Rifles and Shotguns**

**Police Officer**

1. *Confiscates* illegally possessed firearms, rifles, and shotguns *and*

   a. if present, *arrests* the offender, [See OPS 2115]
   b. *processes* the evidence.

2. *Confiscates* pistol licenses and licensed firearms when the licensee is:

   a. arrested,
   b. the subject of an order of protection,
   c. involved in physical violence or the threat of violence.

   **Note:** A pistol license is a privilege. Any licensed pistol holder who refuses to surrender his pistol license and/or firearm(s) upon lawful request must be reported to the licensing agency.

3. *Confiscates* legally possessed firearms, rifles and shotguns when such firearms, rifles and shotguns create a threat of violence or threat to the public safety.

4. *Accepts* legally possessed firearms, rifles, and shotguns that are voluntarily surrendered by persons.

5. *Renders* firearms, rifles, and shotguns safe.

6. *Prepares* PDCN Form 41, Property Receipt, *and*

   a. *gives* a copy to the owner,
   b. *forwards* a copy to the Precinct Domestic Incident Liaison Officer.

7. *Invoices* the confiscated property.

B. **Licensed Firearms Investigation**

**RB Pistol License Section Investigator**

1. *Conducts* a pistol license incident investigation and *prepares* recommendations regarding the following:

   a. disposition of the licensed firearms,

# Removal and Disposition of Weapons –
# Domestic Incidents/Threats to Public Safety    OPS 10023    2

| | |
|---|---|
| | b. reinstatement of the pistol license, |
| | c. suspension or revocation of the pistol license. |
| RB Pistol License Section Investigator | 2. *Reports* the results of the investigation to a Records Bureau (RB) Pistol License Section Supervisor and *recommends* actions to be taken. |
| RB Pistol License Section Supervisor | 3. *Reviews* the investigator's report and recommendations. |
| | 4. *Forwards* a copy of the investigator's report and recommendations to the Precinct Domestic Incident Liaison Officer of the precinct of occurrence. |
| Precinct Domestic Incident Liaison Officer | 5. *Reviews* the investigator's report and recommendations. |
| | 6. *Confers* with a Pistol License Section Supervisor regarding the recommendations. |
| RB Pistol License Section Supervisor | 7. *Prepares* and *forwards* a narrative report [See Glossary] to the Chief of Department detailing the results of the investigation and recommendations. |
| Chief of the Department | 8. *Reviews* the narrative report and the recommendations and *notifies* the Records Bureau Commanding Officer of his decision. |
| Records Bureau Commanding Officer | 9. *Follows* the direction of the Chief of Department. |
| RB Pistol License Section Investigator | 10. *Notifies* the Precinct Domestic Incident Liaison Officer whenever firearms are to be returned, and |
| | a. if previously confiscated rifles and shotguns are still being held: |
| | (1) *notifies* the Precinct Domestic Incident Liaison Officer that these rifles and shotguns can be released, |
| | (2) *includes* any rifles and shotguns along with licensed firearms when preparing PDCN Form 83, Property Disposition Form, |
| | (3) *forwards* internal correspondence regarding reinstatement of pistol license, to the Precinct Domestic Incident Liaison Officer. |
| | **C. Rifles and Shotguns Investigation** |
| Precinct Domestic Incident Liaison Officer | 1. *Reviews* all incidents involving confiscation of rifles and shotguns as soon as possible. |
| | 2. *Determines* if the confiscation of rifles and shotguns was appropriate. |
| | 3. *Ensures* the immediate return of confiscated rifles and shotguns in the following situations: |
| | a. confiscation was inappropriate, |
| | b. new information is learned which makes the confiscation inappropriate. |
| | 4. *Initiates* an administrative review to determine if a legal impediment exists *not* to return confiscated rifles and shotguns. |

# Removal and Disposition of Weapons –
# Domestic Incidents/Threats to Public Safety     OPS 10023    2

| | |
|---|---|
| **Precinct Domestic Incident Liaison Officer** | 5. *Mails* the following forms, return receipt requested, to the owner of the rifles and shotguns:<br>    a. PDCN Form 173, Long Gun Review Record, *and*<br>    b. Long Gun cover letter.<br><br>6. *Forwards* the following ***mandatory*** information to the Desk Personnel and *directs* them to request a National Crime Information Computer (NCIC) inquiry, using the QICS format, to determine if there is any information that would prohibit a return of firearms, rifles, and shotguns under the Federal Gun Control Act **[See Definition]**:<br>    a. name,<br>    b. sex,<br>    c. race,<br>    d. date of birth,<br>    e. state of residence.<br><br>**Note:** A social security number *is **not*** mandatory but should also be forwarded, if available. |
| **Desk Personnel** | 7. *Completes* the QICS format on the NYSPIN computer and *transmits* to the Teletype Section. |
| **PCO Teletype Section** | 8. *Enters* the QICS into NYSPIN and *transmits* to the NYSP.<br><br>9. *Receives* reply from NYSPIN and *performs* a Criminal History Check in the eJusticeNY if there is any indication of criminal history.<br><br>10. *Faxes* the results to the requesting Desk Personnel. |
| **Desk Personnel** | 11. *Forwards* the results to the Precinct Domestic Incident Liaison Officer. |
| **Precinct Domestic Incident Liaison Officer** | 12. *Determines* if any of the following conditions exist:<br>    a. the owner is prohibited from possessing rifles or shotguns under the Federal Gun Control Act,<br>    b. the owner has a relevant pending court disposition,<br>    c. the owner is a subject of an order of protection,<br>    d. the owner has a relevant Nassau County arrest history,<br>    e. domestic incidents have occurred since the time of the confiscation or voluntary surrender,<br>    f. other extenuating circumstances which indicate that rifles and shotguns should not be returned.<br><br>13. *Interviews* the investigating detective, if the Detective Division was involved in the initial incident.<br><br>14. *Interviews* the victim of a domestic incident, outside the presence of the offender, to determine the following:<br>    a. current status of the relationship,<br>    b. if there have been any threats since the initial incident,<br>    c. whether the victim believes that the rifles and shotguns can be safely returned,<br>    d. any other circumstances relevant to the return of the rifles and shotguns. |

# Removal and Disposition of Weapons – Domestic Incidents/Threats to Public Safety   OPS 10023   2

| | |
|---|---|
| **Precinct Domestic Incident Liaison Officer** | 15. *Reviews* the gathered information to determine if the rifles and shotguns should continue to be held or be returned. |
| | 16. If notified by a Pistol License Section Supervisor that the owners license has been reinstated:<br><br>    a. *prepares* a brief narrative report outlining the investigation, *indicating* that Pistol License Section has concluded a pistol license investigation and is reinstating the owners license, *and*<br>    b. *forwards* the following to the Patrol Division Domestic Incident Coordinator:<br><br>        (1) narrative report,<br>        (2) copy of internal correspondence received from Pistol License Section regarding the reinstatement of pistol license. **[End of Procedure]** |
| | 17. *Prepares* a brief narrative report outlining the investigation, including a recommendation as to whether the rifles and shotguns should be returned. |
| | 18. *Prepares* the following forms, if the rifles and shotguns will be returned:<br><br>    a. PDCN Form 83, and<br>    b. PDCN Form 110, Property Bureau Notice to Claimant Card. |
| | 19. *Forwards* the following to the Patrol Division Domestic Incident Coordinator:<br><br>    a. narrative report,<br>    b. PDCN Form 83, if prepared,<br>    c. PDCN Form 110, if prepared. |
| **Patrol Division Domestic Incident Coordinator** | 20. *Reviews* the narrative report and *confers* with the Precinct Domestic Incident Liaison Officer. |
| | 21. *Advises* the Precinct Domestic Incident Liaison Officer to *either:*<br><br>    a. continue to hold the rifles and shotguns, *or*<br>    b. return them to the owner. |
| | 22. *Forwards* the following forms to Property Bureau (PB) if the rifles and shotguns will be returned:<br><br>    a. PDCN Form 83, and<br>    b. PDCN Form 110. |
| **Precinct Domestic Incident Liaison Officer** | 23. If the shotguns and rifles *will not* be returned, *notifies* Legal Bureau to initiate legal proceedings. |
| | 24. *Notifies* the following regarding the status of the rifles and shotguns:<br><br>    a. victim, if one exists,<br>    b. owner, only if rifles and shotguns will be returned. |
| | 25. *Notifies* PB to destroy firearms, rifles and shotguns in the following situations:<br><br>    a. owner can not be located, |

# Removal and Disposition of Weapons –
# Domestic Incidents/Threats to Public Safety  OPS 10023  2

| | |
|---|---|
| | b. owner does not want rifles and shotguns returned, |
| | c. an investigation reveals a legal impediment still exists not to return the rifles and shotguns. |
| | Note: The Liaison Officer should take into consideration if rifles and shotguns should continue to be held for reasons such as court orders, which *temporarily* prohibit the owner from possessing such rifles and shotguns. |
| **Precinct Domestic Incident Liaison Officer** | 26. *Maintains* written records of all actions taken regarding confiscated or voluntarily surrendered rifles and shotguns. |
| **Property Bureau Personnel** | 27. *Upon receipt* of PDCN Form 83 and PDCN Form 110: |
| | a. *mails* PDCN Form 110, return receipt requested, to the owner of the rifles and shotguns, and |
| | b. *files* PDCN Form 83. |