# Law Office of Robert T. Bean
### 3033 Brighton 3rd Street
### Brooklyn, New York 11235
### 718-616-1414

Cell Phone: 484-838-9464  
E-Mail: RBeanlaw@aol.com  
Fax: 718-368-0981

Of Counsel for  
Tanya Gendelman, P. C.

3-17-15

Via ECF  
Hon. A. Kathleen Tomlinson  
United States Magistrate Judge  
Eastern District of New York  
100 Federal Plaza  
Central Islip, New York 11722-9014

F I L E D  
IN CLERK'S OFFICE  
U.S. DISTRICT COURT E.D.N.Y.

★ APR 07 2015 ★

LONG ISLAND OFFICE

Re: Weinstein v. Krumpter et al  
Docket No.: CV 14-7210 (ADS) (AKT)

**Letter Motion for Leave to File Second Amended Complaint**

Dear Judge Tomlinson,

I represent the plaintiff in the above civil rights case based on 42 USC §§ 1983 and 1985 and by this letter, pursuant to your Individual Practice Rules III A. 1. move the Court pursuant to F.R.Civ.P. 15(a)(2) for leave to file the Second Amended Complaint annexed hereto as Exhibit A. In compliance with Local Civil Rule 26.5 I requested that Mr. Reissman, counsel for Defendants, to consent to this amendment. He Refused.

This case is based on the Defendants' unconstitutional confiscation and retention of Plaintiff's firearms in violation of the 2nd, 4th, 5th and 14th Amendments to the United States Constitution. Rule 15(a)(2) states "(2) . . . a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires".

Second Circuit cases state that the rule should be liberally applied and leave to amend shall be freely given when justice so requires. *Walder v. Paramount Publix Corp., S.D.N.Y.1955, 135 F.Supp. 228*; The purpose of these rules is to provide for full and fair hearing on the merits, and the burden of further discovery and motions resulting from grant of motion to amend a complaint is not a satisfactory basis to deny such motion. *Middle Atlantic Utilities Co. v. S. M. W. Development Corp., C.A.2 (N.Y.) 1968, 392 F.2d 380*. Leave to amend a complaint shall be freely given when justice so requires, and if plaintiff has at least colorable ground for relief,

justice does so require unless plaintiff is guilty of undue delay or bad faith or unless permission to amend would unduly prejudice the opposing party. *S.S. Silberblatt, Inc. v. East Harlem Pilot Block--Building 1 Housing Development Fund Co., Inc., C.A.2 (N.Y.) 1979, 608 F.2d 28.*

By this motion, plaintiff seeks leave to amend to include a properly plead "Monell Claim". This will not delay this matter or prejudice the Defendants as this case was only recently filed in December of 2014 and no discovery has taken place other than the parties' Initial Disclosures. There is no surprise here as Plaintiff has in his prior pleadings alleged that his house was searched and firearms seized pursuant to "department policy" of the Nassau County Police Department.

This motion for Leave to Amend is not brought in bad faith as Plaintiff has evidence that the policy of confiscating all firearms in "domestic incidents" when ever there is a "police presence" even if there is no violence, threats of violence or brandishing of weapons, is long standing and is promulgated and/or approved by those with authority to do so in Nassau County. Plaintiff has evidence that the policy has been applied to others before and after the seizure involving the Plaintiff. (Exhibits to Plaintiff's Memorandum of Law in Support of Motion for Preliminary Injunction, Doc. 11, 11-2, 11-3, 11-4, 11-5, 11-6). Further this policy is published in the Nassau County Police Pistol License Handbook (Doc. 11-2, pages 17 and 23), which hand book is issued in the name of Edward P. Mangano, County Executive and Thomas C. Krumpter, Acting Commissioner of Police and is set forth on the Nassau County Police website. (Doc. 11 page 3). Plaintiff is seeking injunctive relief to require implementation of this Court's decision in *Razzano v. Nassau County* regarding a prompt post deprivation procedure and an order to cease and desist the unconstitutional policy and actions based thereon, in addition to monetary relief.

Justice requires that Plaintiff be allowed to amend his Complaint to properly plead the "Monell Claim" so as to hold Nassau County responsible for its actions. The officers involved were not acting on their own, but pursuant to orders given them in furtherance of the above policy set forth by those in authority. Only monetary and injunctive relief against Nassau County will be effective in stopping the repeated violation of the civil rights of the citizens of Nassau County.

Sincerely,

Robert T. Bean

Via ECF and E-Mail
Carnell T. Foskey
Nassau County Attorney
Attn. R. Reissman
Deputy Nassau County Attorney
One West Street
Mineola, New York 11566
e-mail: RReisman@nassaucounty.gov

Motion granted as unopposed.
So ordered.

s/ Arthur D. Spatt

Arthur D. Spatt, U.S.D.J.
4/7/15