UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARC WEINSTEIN,

    Plaintiff,

    -against-

THOMAS C. KRUMPTER, Acting Police Commissioner, Nassau County, New York

STEVEN E. SKRYNECKI, Chief of Department, Nassau County Police Department,

DANIEL P. FLANAGAN, Commanding Officer, First Precinct, Nassau County Police Department,

JAMES B. MALONE, Police Officer, First Precinct, Nassau County Police Department

JOHN DOES I –IV, Police Officers, First Precinct, Nassau Police Department,

PAUL CAPPY, Police Officer and Investigator, Nassau County Police Department, Pistol License Section,

NASSAU COUNTY POLICE DEPARTMENT,

**and**

COUNTY OF NASSAU

    Defendants

CIVIL ACTION NO.

CV - 14 – 7210 (ADS) (AKT)

SECOND AMENDED
COMPLAINT

Jury Trial Demanded

Second Amended Complaint            1

**SECOND AMENDED COMPLAINT**

1.  Plaintiff, MARC WEINSTEIN, by and through his attorney, Robert T. Bean, with Leave of Court, files this his SECOND AMENDED COMPLAINT, pursuant to Rule 15(a) (2) and respectfully sets forth to this Court as follows:

PRELIMINARY STATEMENT

2.  This action is brought pursuant to the provisions of 42 U.S.C. § 1983 and § 1985 for deprivation of Plaintiff's and other similarly situated persons constitutional rights, including, the right to free speech, illegal search, seizure, harassment, intentional infliction of emotional distress, intentional conversion of property and the depravation of his rights to keep and bear arms. The claims include the illegal confiscation of Plaintiff's firearms by members of the Nassau County Police Department and a conspiracy on the part of those persons to prevent the return of said legally owned firearms to the Plaintiff.

JURY TRIAL DEMANDED

3.  Plaintiff demands trial by jury in this action.

## JURISDICTION AND VENUE

4. This action arises under the 1st, 2nd, 4th, 5th and 14th Amendments to the United States Constitution, under 42 U.S.C §§ 1983, 1985 and 1988.

5. The jurisdiction of this Court is predicated upon 28 U.S.C. § 1331 and § 1343(a) (1), (2) and (3) and upon pendent and ancillary jurisdiction.

6. Venue lies in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

7. The Plaintiff was and still is a resident citizen of the County of Nassau, State of New York.

8. Upon information and belief, at all times hereinafter mentioned, Defendant THOMAS C. KRUMPTER is and was the Acting Police Commissioner, Nassau County, New York, whose place of business is in Nassau County, New York.

9. Upon information and belief, at all times hereinafter mentioned, Defendant STEVEN E. SKRYNECKI was and is Chief of Department, Nassau County Police Department, whose place of business is in Nassau County, New York.

10. Upon information and belief, at all times hereinafter mentioned, Defendant DANIEL P. FLANAGAN was and is Commanding Officer, First Precinct, Nassau County Police Department, whose place of business is in Nassau County, New York.

11. Upon information and belief, at all times hereinafter mentioned, Defendant JAMES B. MALONE was and is a Police Officer, First Precinct, Nassau County Police Department, whose place of business is in Nassau County, New York.

12. Upon information and belief, at all times hereinafter mentioned, Defendants JOHN DOES I –IV were and are Police Officers, First Precinct, Nassau Police Department, whose names and identities are unknown to Plaintiff and whose places of business are in Nassau County, New York.

13. At all times relevant hereto, the Defendant NASSAU COUNTY POLICE DEPARTMENT is a law enforcement entity, existing under and pursuant to the laws of the State of New York, and the rules, regulations, statutes and ordinances of the County of Nassau, State of New York that created and operated said police department for the public benefit and protection of its citizens.

14. Upon information and belief, at all times hereinafter mentioned, Defendant PAUL CAPPY, was and is a Police Officer and Investigator, Nassau County

Second Amended Complaint                                                                                                                  4

Police Department, Pistol License Section, whose place of business is in Nassau County, New York.

15.     Defendant, COUNTY OF NASSAU, is a duly constituted municipal corporation of the State of New York, existing and operating under and by virtue of the laws of the State of New York.

FACTS

16.     On or about February 25, 2014, the Plaintiff MARC W. WEINSTEIN at his home located at 781 Jefferson Street, Baldwin, New York 11510 got into an argument with his adult son, Abraham Weinstein, regarding the use of a washing machine. There was shouting between them but no violence, no threats of violence and no brandishing of weapons.

17.     Zoila E. Watson-Weinstein, wife of Plaintiff MARC W. WEINSTEIN called the police. Defendant **JAMES B. MALONE,** police officer from the NASSAU COUNTY POLCIE DEPARTMENT and officer Doe arrived, finding the home at peace, spoke with the wife and son and found that the argument had been peaceably resolved.

18.     Defendant Officer **JAMES B. MALONE** wrote his report and asked to see the plaintiff's New York State Pistol License. The license was produced and at that point,

Officer Malone requested that the Plaintiff voluntarily turn over his firearms to the police. Plaintiff declined.

19. Defendant Officer **JAMES B. MALONE** and officer Doe left. No arrests were made and no charges were filed.

20. Approximately three hours later, Defendant Officer **JAMES B. MALONE** and four Defendant Doe officers, acting under color of law, arrived all armed and demanded that Plaintiff surrender his pistol license and all his firearms, pistols and long guns and threatened that if he refused to do so, they would arrest him and file "menacing" and other unspecified criminal charges against him.

21. Faced with the threat of criminal charges and five armed police officers, Plaintiff opened his gun safes at the demand of said police officers and under duress allowed them to confiscate his legally owned firearms.

22. In the weeks following the aforesaid confiscation of his firearms, the Plaintiff co-operated with the NASSAU COUNTY POLICE DEPARTMENT, producing all information and documents requested. Plaintiff's wife and son confirmed in writing and under oath that there had been no violence, threats of violence or brandishing of weapons on the occasion is question.

23. Plaintiff, MARC WEINSTEIN, both orally and in writing requested that his firearms be returned to him. Plaintiff's firearms were eventually returned to him after one year and only after this institution of this suit.

24. Defendant PAUL CAPPY, Police Officer, Nassau County Police Department, Investigator, Pistol License Section, related to Plaintiff that their investigation was complete but the return of his firearms had to be "approved" by some un-named and undisclosed superior. Such approval was delayed for a year for unknown reasons.

25. On information and belief, it is the policy of the Defendant NASSAU COUNTY POLICE DEPARTMENT to confiscate all firearms with regard to any domestic disturbance call, whether such call is valid or not, even if there were no violence, no threats of violence and no brandishing of weapons, and once confiscated to prevent the return of such firearms on any pretense that can be imagined and either destroying said firearms or converting them to the Department's use without compensation to the owner.

COUNT ONE

(Right to Free Speech)

26. Paragraphs 1 through 25 are realleged and incorporated herein as if they are fully set forth.

27. The First Amendment of the United States Constitution prohibits Congress and through the Fourteenth Amendment, the States and subdivisions thereof from "abridging the freedom of speech."

28. The NASSAU COUNTY POLICE DEPARTMENT'S policy of confiscating all firearms in the event of "notification of a volatile domestic situation" and "any domestic incident involving a licensee and police presence" even if the "incident" was only verbal and involved no threats of violence, constitutes a prior restraint on Plaintiff's freedom of speech in his own home and the free exercise thereof. It threatens the infringement of his constitutional right to keep and bear arms if he exercises his right of free speech in a loud manner or in any manner contrary to the wishes of any person in the domestic situation or in manners not desired by the NASSAU COUNTY POLICE DEPARTMENT.

COUNT TWO
(Right to Keep and Bear Arms)

29. Paragraphs 1 through 28 are realleged and incorporated herein as if they are fully set forth.

30. The Second Amendment to the United States Constitution, which applies to the States and subdivisions thereof through the Fourteenth Amendment, provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

31.     The above-described acts of Defendants ordering the confiscation of the firearms of Plaintiff, and other similarly situated persons, and actually confiscating same and failing to return same to their owners abridged and infringed on the right of the Plaintiff and other similarly situated persons to keep and bear arms in violation of U.S. Const., Amends. II and XIV.

## COUNT THREE
(Due Process)

32.     Paragraphs 1 through 31 are realleged and incorporated herein as if they are fully set forth.

33.     The Fifth and Fourteenth Amendments to the United States Constitution provide that no State shall deprive any person of life, liberty, or property without due process of law.

34.     The firearms confiscated by Defendants constituted private property that was lawfully possessed by Plaintiff pursuant to State and Federal law. Moreover, the manner in which Plaintiff kept, bore, and possessed such property was a liberty interest recognized by State and Federal law.

35.     Further, New York State law requires a permit issued by the State to possess handguns, a type of firearm commonly used and possessed by the people for the purpose of self defense in the home and else where and for other lawful purposes. In confiscating

Second Amended Complaint                                                                                                          9

Plaintiff's handguns and pistol license without cause, without any standards for guidance, without provisions for judicial review of the licensing officer's decision, with unlimited discretion on the part of the licensing officer, with no time limits on making any ruling or decision, Plaintiff has been denied due process of law.

36. In confiscating Plaintiff's rifles and shot guns (long guns) without cause, with no procedure for judicial review, without time limits to return said personal property or show cause why they should not be returned Plaintiff has been deprived of due process of law and in violation of the Order and Decision of this Court in *Razzano v. County of Nassau*, No. 07-cv-3983, reported 765 F. Supp. 2d. 176 (Feb. 28, 2011) that required at least a prompt post-deprivation hearing in such situations.

## COUNT FOUR
(Search and Seizure)

37. Paragraphs 1 through 35 are realleged and incorporated herein as if they are fully set forth.

38. The Fourth Amendment to the United States Constitution, which applies to the States through the Fourteenth Amendment, provides in part that "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated . . ."

Second Amended Complaint    10

39.     As stated above, Defendant JAMES B. MALONE, and four others referred to herein as JOHN DOES I –IV, Police Officers, First Precinct, Nassau Police Department, pursuant to "department policy" returned to Plaintiff's home and demanded that he turn over to them all firearms, where upon, after threats of arrest and criminal prosecution, Plaintiff, against his will and while under duress allowed said armed officers into his home to search for and confiscate all firearms legally owned and possessed by Plaintiff. Such search and seizures were made without probable cause, with no evidence of any crime having taken place and without a warrant.

40.     The above described acts violated the rights of the Plaintiff to be secure in his person and house against unreasonable searches and seizures in violation of the 4th and 14th Amendments of the United States Constitution.

## COUNT FIVE
(Monell Claim)

41.     Paragraphs 1 through 40 are realleged and incorporated herein as if they are fully set forth.

42.     The Plaintiff was deprived of his constitutional rights as set forth above as a result of the policy of the Nassau County Police Department to confiscate all firearms in the event of any domestic incident when there is a police presence.

43. The Nassau County Police Department is an agency of the County of Nassau and the Chief of Police of the Nassau County Police Department and the Commissioner of Police of Nassau County are charged with the duty of devising and implementing department policies. Said officials directed and ordered members of the Nassau County Police Department to execute said confiscation policy.

44. The County of Nassau through the aforesaid officials implemented, continued and/or ratified the aforesaid gun confiscation policy. The District Attorney, County Attorney, County Executive and/or Legislature are and were aware of the gun confiscation policy and approved, continued and/or ratified same thereby approving and causing the denial of Plaintiff's Constitutional rights under the 1st, 2nd, 4th, 5th and 14th Amendments of the United States Constitution.

45. The County of Nassau, through it's Commissioner of Police, Chief of the Nassau County Police Department, District Attorney, County Attorney, County Executive and/or Legislature, with knowledge of this Court's Decision in *Razzano v. County of Nassau* intentionally failed and refused to implement prompt post deprivation procedures before a neutral judge, thereby causing, ratifying and/or approving the denial of plaintiffs' constitutional rights to due process under the 5th and 14th Amendments of the United States Constitution.

46.     As a result of aforesaid longstanding governmental policy, which resulted in the denial of Plaintiff's constitutional rights, the County of Nassau is liable to the Plaintiff for monetary damages and injunctive relief.

## COUNT SIX
### (Conversion)

47.     Paragraphs 1 through 46 are realleged and incorporated herein as if they are fully set forth.

48.     By the above acts the defendants intentionally converted the Plaintiffs' property valued in excess of one hundred thousand dollars ($100,000.00), to their and/or the departments own use, to the detriment of plaintiff, as a result of which, the plaintiff is damaged in the above amount and is entitled to punitive damages in the amount of one million dollars ($1,000,000.00). Plaintiff's property was only returned to him following the filing of this suit, still depriving him of his property for over a year, causing financial hardship and consequential damages and incurring of attorneys fees and cost.

49.     As a result of said seizure, conversion and retention of his firearms, which were held for the purpose of investment as will as other lawful purposes, plaintiff was unable to sell firearms to provide his portion of "Sandy Relief" money by the legal deadline and thereby loss government assistance in the amount of $65,000.00 and as a result has been unable to complete renovations, alterations and repairs to his house, resulting in additional emotional distress.

.

## COUNT SEVEN
(Intentional Infliction of Emotional Distress)

50. Paragraphs 1 through 49 are realleged and incorporated herein as if they are fully set forth.

51. Plaintiff is a disabled member to the Fire Department of the City of New York, seriously injured as a result of the attack on the World Trade Center on September 11, 2001. As a result of said injuries, Plaintiff has undergone multiple surgeries and is in need of additional surgeries. Consequently, Plaintiff's only sporting activity in which he desires and is able to partake is long range rifle competition. Plaintiff holds expert, master and high master qualifications in said competitions and participates in such lawful activity though out the United States. As a result of the unlawful and unconstitutional confiscation of plaintiff's firearms, he has been unable to so participate and has already missed one entire shooting season.

52. Plaintiff conveyed said facts to defendants in an effort to have his firearms returned, but knowing plaintiff's disability and desires, still refused and failed to return Plaintiff's property until after the filing of this suit, thereby intentionally inflicting emotional distress upon the plaintiff. As a result of said actions plaintiff is entitled to compensatory damages in the amount of one million dollars ($1,000,000.00) and punitive damages in the amount of one million dollars ($1,000,000.00).

WHEREFORE, Plaintiff prays that the Court:

1. Issue a temporary restraining order and preliminary and permanent injunctions:

    (a) ordering the Defendants to cease and desist its policy of confiscation of all firearms and pistol licenses with regard to any domestic disturbance call except in cases where there is confirmed evidence of violence or threats of violence and incontrovertible evidence of danger of immediate and serious harm, or where a crime has been committed;

    (b) institute a procedure, in the event of confiscation, setting forth a reasonable deadline for the return of the firearms and pistol license to their owner (not more than ten days), and if not returned by said deadline, a procedure for a hearing before a judicial officer as to the lawful reasons for retaining said firearms, with defendant having the burden of proof thereof.

2. Render judgment against defendants as follows:

    (a) On each Count in such sums as may be determined upon the trial of this action, including, but not limited to actual and punitive damages;
    (b) For reasonable attorney's fees pursuant to 42 U.S.C. §1988, together with cost and disbursements; and

Second Amended Complaint                                                                                     15

  (c) For such other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
   April 10, 2015

            /S/
           Robert T. Bean (RB 4464)
           Attorney for the Plaintiff
           Law Office of Robert T. Bean
           3033 Brighton 3rd Street
           Brooklyn, New York 11235
           (718) 616-1414
           E-Mail: RBeanlaw@aol.com