UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARC W. WEINSTEIN,

                      Plaintiff,                    **INITIAL CASE MANAGEMENT**
                                                      **AND SCHEDULING ORDER**
       -against-                                      CV 14-7210 (ADS) (AKT)

THOMAS C. KRUMPTER, et al.,

                      Defendants.
----------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.      DEADLINES AND COURT APPEARANCES**

| | |
|---|---|
| Deadline for completion of initial disclosures required by Rule 26(a): | March 11, 2015 |
| Requests for production of documents and interrogatories must be served by: | May 15, 2015 |
| Responses to first request for production of documents and first request for interrogatories due by: | June 26, 2015 |
| Deadline to initiate the process for joinder of additional parties and/or amendment of pleadings: | July 14, 2015 |
| <u>Discovery Status Conference</u>: | August 27, 2015, at 11 a.m. |

**II.     DISCOVERY IN GENERAL**

     a.     **Stays of discovery.**  Discovery is not automatically stayed by the pendency of a dispositive motion, settlement discussions between the parties, or a referral to mediation.  A party seeking a stay of discovery must seek a court order and must show good cause why such relief should be granted.

     b.     **Written discovery.**  Unless otherwise ordered by the Court, responses to any request for written discovery pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure is due, within the discretion of this Court, no later than 6 weeks after service of the

request. All such requests and responses must conform to Local Civil Rules 26.3 (uniform definitions in discovery requests) and 26.4 (cooperation among counsel in discovery).

      c.    **Depositions.** Pursuant to Local Civil Rule 26.4, counsel are expected to cooperate with each other, consistent with the legitimate interests of their clients, in scheduling depositions. If counsel cannot agree on a schedule for a given deposition, the deponent must appear at the date, time, and place set forth in a notice properly served pursuant to Federal Rule of Civil Procedure 30 unless excused by the party who served the notice or by the Court.

      d.    **Expert discovery.** Scheduling of expert discovery will take place during the Discovery Status Conference. Any party intending to use an expert in its case in chief must be prepared to confirm that fact at the Discovery Status Conference. Counsel are free to propose an expert discovery schedule in the "Discovery Status Report" (see Section III below), subject to the review and approval of the Court.

      e.    **Compliance with deadlines.** To be timely, a request for written discovery, deposition notice, or subpoena must be served in sufficient time for compliance to occur before the relevant deadline pursuant to the Federal Rules and the Local Rules of the Eastern District of New York. The Court will generally decline to enforce an untimely request, notice, or subpoena.

      f.    **Discovery disputes.**

          i.    While parties must attempt in good faith to resolve discovery disputes in good faith before seeking judicial intervention, they must also ensure that any unresolved dispute is brought to the Court's attention in sufficient time for the dispute to be resolved and discovery to be completed according to the deadlines in this schedule.

          ii.    A motion to resolve a discovery dispute must be litigated pursuant to Local Civil Rules 37.3 and in accordance with my Individual Rules, which can be found at http://www.nyed.uscourts.gov/pub/rules/AKT-MLR.pdf. Motions that do not comply with all such requirements may not be accepted. Failure to submit a timely opposition in compliance with applicable rules may result in a motion being granted as unopposed.

### III.    DISCOVERY STATUS CONFERENCE

**Three business days before the scheduled date for the Discovery Status Conference set forth above, the parties are directed to file a Discovery Status Report** setting forth the following information: (1) confirming that all paper production has been completed and that any objections to each other's productions have been resolved (and if not, state why not); (2) confirming that each party's interrogatory responses have been certified by the client as to their accuracy and completeness and that any objections to each other's interrogatory responses have been resolved (and if not, state why); (3) stating whether there are any outstanding discovery disputes; if so, each attorney must set forth the legal support for the position being taken on

behalf of the client (i.e., provide the case citations for any cases relied upon to support the argument being made on behalf of the client and further state the proposition from that case which counsel asserts supports his/her argument); and (4) confirming that counsel have conferred with each other and reached an agreement concerning whom they wish to depose in the case, including both party and non-party witnesses and providing an the date on which the last deposition is scheduled to be taken.  Once these four items have been addressed in the report, the parties are to confirm whether discovery is proceeding on schedule. **NOTE**: Any status report that does not specifically and individually address the four categories noted above will be returned to the parties as non-compliant.

IV.     MODIFICATIONS TO THE SCHEDULE

a.      While the parties are encouraged to cooperate with each other in conducting discovery, they may not agree among themselves to any extensions that will render them unable to meet any deadline set forth above.  **The deadlines in this order will be enforced, and will be modified only upon a timely showing of good cause**.

b.      A request for an extension of any deadline submitted less than 30 days before that deadline will be considered untimely and may not be granted absent extraordinary circumstances.

c.      A request for modification of any deadline in this scheduling order must be in writing, and submitted in accordance with my Individual Practice Rules.

V.      ELECTRONIC FILING AND CONTACT INFORMATION:

All filings must be submitted electronically pursuant to Administrative Order 2004-08.  The lead attorney for each party must be registered with the Court's ECF system and must file a notice of appearance in this action so that he or she will be personally notified of all filings.  The parties are under a continuing obligation to keep the Court apprised of any changes in their contact information, including mailing addresses, e-mail addresses, and daytime telephone numbers.

SO ORDERED:

Dated: Central Islip, New York
       April 27, 2015

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge