UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
MARC W. WEINSTEIN.                                                          **14-CV-7210**
                                    Plaintiff,        **(ADS) (AKT)**

      -against-

THOMAS C. KRUMPTER, Acting Police Commissioner,     **ANSWER TO SECOND**
Nassau County, New York, STEVEN E. SKRYNECKI,        **AMENDED COMPLAINT**
Chief of Department, Nassau County Police Department,
DANIEL P. FLANAGAN, Commanding Officer, First
Precinct, Nassau County Police Department, JAMES B.
MALONE, Police Officer, First Precinct, Nassau County
Police Department, JOHN DOES I-IV, Police Officers,
First Precinct, Nassau Police Department, PAUL CAPPY,
Police Officer and Investigator, Nassau County Police
Department, Pistol License Section, NASSAU COUNTY
POLICE DEPARTMENT, and COUNTY OF NASSAU,

                                             Defendants.
------------------------------------------------------------------------ X

       Defendants County of Nassau, Thomas C. Krumpter ("Krumpter"), Steven E. Skrynecki ("Skrynecki"), Daniel P. Flanagan ("Flanagan"), James B. Malone ("Malone"), Paul Cappy ("Cappy") and Nassau County Police Department, (hereinafter referred to collectively as "defendants"), by its attorney, Carnell T. Foskey, Nassau County Attorney, by Ralph J. Reissman, Deputy County Attorney, as and for their Answer to the Second Amended Complaint (hereinafter referred to as the "Complaint") of plaintiff, Marc Weinstein ("plaintiff") dated April 10, 2015 and filed as Docket Entry "18" on April 11, 2015, state upon information and belief, as follows:

## **AS AND FOR AN ANSWER TO SECTION:**
## **AMENDED COMPLAINT**

    1.    Deny the allegations set forth in paragraph "1" of the Complaint and respectfully refer all questions of law to the Court.

## AS AND FOR AN ANSWER TO SECTION: PRELIMINARY STATEMENT

2. Deny the allegations set forth in paragraph "2" of the Complaint and respectfully refer all questions of law to the Court.

## AS AND FOR AN ANSWER TO SECTION: JURY TRIAL DEMANDED

3. In response to paragraph "3" of the Complaint, in which plaintiff demands trial by jury, defendants waive their right to trial by jury, and respectfully request that this action be tried to the Court.

## AS AND FOR AN ANSWER TO SECTION: JURISDICTION AND VENUE

4. Deny the allegations set forth in paragraph "4" of the Complaint and respectfully refer all questions of law to the Court.

5. Deny the allegations set forth in paragraph "5" of the Complaint and respectfully refer all questions of law to the Court.

6. Deny the allegations set forth in paragraph "6" of the Complaint and respectfully refer all questions of law to the Court.

## AS AND FOR AN ANSWER TO SECTION: PARTIES

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint, except aver that defendant Krumpter is a member of the Nassau County Police Department.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint, except aver that defendant Skrynecki is a member of the Nassau County Police Department.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint, except aver that defendant Flanagan is a member of the Nassau County Police Department.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint, except aver that defendant Malone is a member of the Nassau County Police Department.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Deny the allegations set forth in paragraph "13" of the Complaint, respectfully refer the Court to the laws, statutes and ordinances referred to therein for their true text and import, and aver that defendant Nassau County Police Department is an administrative agency of the County of Nassau, and as such is a non-suable entity.

14. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint, except aver that defendant Cappy is a member of the Nassau County Police Department.

15. Admit the allegations set forth in paragraph "15" of the Complaint.

## AS AND FOR AN ANSWER TO SECTION:
## FACTS

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

## AS AND FOR AN ANSWER TO SECTION: COUNT ONE
## Right to Free Speech

26. Answering paragraph "26" of the Complaint, defendants repeat and re-aver each and every response herein to paragraphs "1" through "25" of the Complaint as though fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the Complaint, and respectfully refer all questions of law to the Court.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

### AS AND FOR AN ANSWER TO SECTION: COUNT TWO
### Right to Keep and Bear Arms

29. Answering paragraph "29" of the Complaint, defendants repeat and re-aver each and every response herein to paragraphs "1" through "28" of the Complaint as though fully set forth herein.

30. Deny the allegations set forth in paragraph "30" of the Complaint, and respectfully refer all questions of law to the Court.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

### AS AND FOR AN ANSWER TO SECTION: COUNT THREE
### Due Process

32. Answering paragraph "32" of the Complaint, defendants repeat and re-aver each and every response herein to paragraphs "1" through "31" of the Complaint as though fully set forth herein.

33. Deny the allegations set forth in paragraph "33" of the Complaint, and respectfully refer all questions of law to the Court.

34. Deny the allegations set forth in paragraph "34" of the Complaint, and respectfully refer all questions of law to the Court.

35. Deny the allegations set forth in paragraph "35" of the Complaint, and respectfully refer all questions of law to the Court.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

## AS AND FOR AN ANSWER TO SECTION: COUNT FOUR
### Search and Seizure

37. Answering paragraph "37" of the Complaint, defendants repeat and re-aver each and every response herein to paragraphs "1" through "36" of the Complaint as though fully set forth herein.

38. Deny the allegations set forth in paragraph "38" of the Complaint, and respectfully refer all questions of law to the Court.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

## AS AND FOR AN ANSWER TO SECTION: COUNT FIVE
### Monell Claim

41. Answering paragraph "41" of the Complaint, defendants repeat and re-aver each and every response herein to paragraphs "1" through "40" of the Complaint as though fully set forth herein.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

## AS AND FOR AN ANSWER TO SECTION: COUNT SIX
### Conversion

47. Answering paragraph "47" of the Complaint, defendants repeat and re-aver each and every response herein to paragraphs "1" through "46" of the Complaint as though fully set forth herein.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

6

49.  Deny the allegations set forth in paragraph "49" of the Complaint.

## AS AND FOR AN ANSWER TO SECTION: COUNT SEVEN
### Intentional Infliction of Emotional Distress

50.  Answering paragraph "50" of the Complaint, County Defendants repeat and re-aver each and every response herein to paragraphs "1" through "49" of the Complaint as though fully set forth herein.

51.  Deny the allegations set forth in paragraph "51" of the Complaint.

52.  Deny the allegations set forth in paragraph "52" of the Complaint.

## AFFIRMATIVE DEFENSES

53.  The Second Amended Complaint fails to state a cause of action upon which relief can be granted.

54.  Plaintiff has not complied with Section 50-e and/or 50-h and/or 50-i of the General Municipal Law of the State of New York.

55.  Plaintiff has not complied with Section 52 of County Law of the State of New York.

56.  Plaintiff has failed to mitigate his damages in this matter.

57.  That at all times herein mentioned and mentioned in the Complaint, the peace officers, and/or agents, servants or employees of the defendant County of Nassau, having anything to do with the plaintiff were in the performance of their respective duties as peace officers, and/or agents, servants or employees of the defendant County of Nassau; that all of the acts performed by each peace officer, and/or agent, servant or employee of the defendant County of Nassau in connection with plaintiff were performed in good faith, without malice, and with reasonable and proper cause in the ordinary course of their duties as such peace officers, and/or agents, servants or employees of the

defendant County of Nassau, and as peace officers of the State of New York, and as required by them and each of them by reason of plaintiff's conduct and the conduct of plaintiff's immediate family members including, but not limited to, his wife and son.

58.    Pursuant the case of *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978) and its progeny, the alleged acts or omissions of County Defendants named in the Complaint, and/or any officers, agents, servants and/or employees of defendant County of Nassau, do not create vicarious liability against defendant County of Nassau pursuant to the doctrine of *respondeat superior* and, consequently, defendant County of Nassau cannot be liable for any acts or conduct of any individual defendant herein, and/or the acts or conduct of any agent, servant or employee of defendant County of Nassau with respect to any and all claims brought pursuant to 42 U.S.C. § 1983, as a matter of law.

59.    The actions complained of were in full accord with the applicable law.

60.    Plaintiff's constitutional and statutory rights have not been violated by the defendants herein.

61.    The County of Nassau, its agencies, departments and/or employees at all applicable times herein enjoyed a full, partial or qualified immunity from civil suit.

62.    The alleged acts or omissions of the defendants were not the proximate cause of any injuries or damages incurred by plaintiff. Any injuries or damages incurred by plaintiff were the result of his own actions, the actions of others and/or the superseding intervention of causes outside the control of defendants.

63.    Punitive damages may not be recovered against the County of Nassau as a matter of law.

64. If the plaintiff sustained the damages as alleged in the Complaint, such damages were sustained through and by virtue of the negligent, reckless and/or wrongful conduct, acts or omissions of a third party, without any negligence, wrongdoing acts or omissions on the part of defendants contributing thereto.

**WHEREFORE,** defendants County of Nassau, Thomas C. Krumpter, Steven E. Skrynecki, Daniel P. Flanagan, James B. Malone, Paul Cappy and Nassau County Police Department demand judgment dismissing the Second Amended Complaint in its entirety, with prejudice, together with the costs and disbursements of this action, and such other relief as deemed just by the Court.

Dated: Mineola, New York
May 1, 2015

                                              CARNELL T. FOSKEY
                                              Nassau County Attorney
                                              Attorney for Defendants

                                              By: /s/ Ralph J. Reissman
                                                  RALPH J. REISSMAN
                                              Deputy County Attorney
                                              One West Street
                                              Mineola, New York 11566
                                              (516) 571-3046

TO: (via ECF)
The Law Offices of Robert T. Bean
Attorney for Plaintiff
3033 Brighton 3rd Street
Brooklyn, New York 11235
(718) 616-1414