

**EDWARD P. MANGANO**
County Executive

**CARNELL T. FOSKEY**
County Attorney

**RALPH J. REISSMAN**
Deputy County Attorney

**COUNTY OF NASSAU**
**OFFICE OF THE COUNTY ATTORNEY**
One West Street
Mineola, New York 11501-4820
Tel.  (516) 571-3046 / Fax (516) 571-3058

July 14, 2015

<u>Via ECF</u>
Hon. A. Kathleen Tomlinson
United States District Court
100 Federal Plaza
Central Islip, New York 11722

      Re:  *Weinstein v. Krumpter, et al.*
        <u>14-CV-7210 (ADS)(AKT)</u>

Dear Magistrate Judge Tomlinson:

  This office represents defendants Thomas C. Krumpter, Acting Commissioner of the Nassau County Police Department, Steven E. Skyynecki, Chief of Department of the Nassau County Police Department, Daniel P. Flanagan, Commanding Officer of the Nassau County Police Department's First Precinct, Nassau County Police Officer James B. Malone, Nassau County Police Officer Paul Cappy, the Nassau County Police Department and the County of Nassau in the above-referenced action.  This letter is written in response to Your Honor's directive of even date that I respond to plaintiff's motion to compel [DE 23].

  With respect to responding to plaintiff's written document demands, I discussed this today with a member of the Police Department's Legal Bureau, and explain the delay as follows.  In nearly all cases brought against the Police Department and, indeed, Nassau County, the plaintiff will serve a Notice of Claim.  Upon receiving a Notice of Claim, the Police Department's Legal Bureau will direct the commanding officer of the relevant precinct to assign an officer of that precinct to undertake a Notice of Claim Investigation.  That investigation will, in most cases, result in the investigating officer locating all documents and records relevant to the claims asserted in the Notice of Claim, including Communications Bureau printouts of telephone calls involved in the incident, reports of interviews of involved parties, Crime Reports, Arrest Reports, Case Reports and Property Receipts for property taken from the persons involved in the incident.  In short, once the Notice of Claim Investigation is complete, it will contain most, if not all, documents responsive to a plaintiff's document demand once the Complaint has been filed.

  That did not happen in this case, for the simple reason that plaintiff's attorney did not file a Notice of Claim.  As a result, the documents responsive to plaintiff's document demand have not yet been collected and provided to me.  My contact at the Legal Bureau advised me today that in order

to obtain records responsive to the document demand, inquiries will be made to four different commands: Communications Bureau, the First Precinct (the precinct in which plaintiff's firearms were confiscated), the Pistol License Section, and the Police Academy for training records.  All four commands are expected to provide responses within four to five weeks.

As for the Confidentiality Agreement, I sent a draft to plaintiff's counsel this afternoon for his review.  The reason for the delay was, as explained to plaintiff's counsel, I was heavily involved in motion practice, including two appeals to the Second Circuit, and trial preparation in the case of *Sanseviro v. D'Amico*,12-CV-4985 (LDW)(AKT).  I was also heavily involved in trial preparation in the case of *Fuertes v. County of Nassau*, 13-CV-6446 (LDW)(ARL).

I apologize for the delay in responding to plaintiff's document demands and sending him a draft of the Confidentiality Agreement.

As always, defendants thank Your Honor for your attention and consideration in this matter.

Respectfully submitted,

/s/  Ralph J. Reissman
RALPH J. REISSMAN
Deputy County Attorney

cc:  Robert T. Bean, Esq.
     Attorney for Plaintiff (via ECF)