**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**MARC WEINSTEIN,**

     Plaintiff,

                     CIVIL ACTION NO.

     -against-               CV - 14 – 7210 (ADS) (AKT)

**THOMAS C. KRUMPTER, Acting Police**
**Commissioner, Nassau County, New York**

**STEVEN E. SKRYNECKI, Chief of**
**Department, Nassau County Police**     **DISCOVERY STATUS**
**Department,**                    **REPORT**

**DANIEL P. FLANAGAN, Commanding**
**Officer, First Precinct, Nassau County Police**
**Department,**

**JAMES B. MALONE, Police Officer, First**
**Precinct, Nassau County Police Department**

**JOHN DOES I –IV, Police Officers, First**
**Precinct, Nassau Police Department,**

**PAUL CAPPY, Police Officer and**
**Investigator, Nassau County Police**
**Department, Pistol License Section,**

**NASSAU COUNTY POLICE**
**DEPARTMENT,**               Jury Trial Demanded

**and**

**COUNTY OF NASSAU**

     Defendants

In compliance with the Initial Case Management and Scheduling Order of April 24, 2015 (Doc. 21) the parties hereby file this Discovery Status Report.

1. **Paper Production.** Paper production has not been completed. Only initial disclosures under Rule 26 (f) have been completed.  On May 1, 2015 Plaintiff served his Request for Discovery of Documents on the Defendants. Defendants failed to answer, respond to or object to the Request. Plaintiff's attorney attempted to resolve the issue by telephone calls and correspondence to no avail. Plaintiff then filed his Motion to Compel Discovery (Doc. 23) with the Court on July 13, 2015.

In the Defendants' Opposition to the Motion, (Doc. 24) no objections were interposed nor responses to discovery provided but stated it they had not had time to assemble the requested information.

Defendants are in the process of responding to plaintiffs' written discovery demands, and expect to provide plaintiff with most of the required production at the conference to be held on Thursday, August 27, 2015.  Defendants are awaiting receipt of relevant pages from officers' Memo Books, of officers who responded to plaintiff's home.

Defendants intend to serve a demand for production of documents from plaintiff on or before September 11, 2015.

2. **Interrogatories.** Defendants intend to service interrogatory requests on or before September 11, 2015.

3. **Discovery Dispute.** There are no discovery disputes between the parties at this time.

4.      **Depositions.** The parties have agreed that depositions will be taken at the office of the Nassau County Attorney.  No agreement has been reached with regard to non-party members of the Nassau County Police Department whom the plaintiff may wish to depose.

5.      **Other Matters.** Plaintiff has agreed to produce copies of all e-mails regarding Plaintiff loss of "Sandy Funds" as a result of the confiscation and consequent inability to sell firearms to raise funds for architectural plans required to be submitted for the grant and e-mails regarding his inability to participate in shooting matches as a result of the confiscation. The Defendants have not stated a position on furnishing ESI.

Defendants presented Plaintiff with the attached proposed "Confidentiality Agreement". (Exhibit 1). Plaintiff was unable to agree and returned the agreement to Defendant's attorney with his proposed changes. (Exhibit 2) with a letter of explanation concerning the changes and reasons. (Exhibit 3). The parties have been unable to reach an agreement on "Confidentiality" and will attempt to resolve the matter prior to the Status Conference on August 27, 2015.

Dated: Brooklyn, New York
August 24, 2015

By:_____
Robert T. Bean, Esq. (RB4464)
Law Office of Robert T. Bean
3033 Brighton 3rd Street
Brooklyn, New York 11235
(718) 616-1414
e-mail: RBeanlaw@aol.com

By:_____
Ralph Reissman, Deputy Nassau
County Attorney

Carnell T. Foskey, Nassau County
Attorney
One West Street
Mineola, New York 11566
e-mail: rreisman@nassaucounty

# EXHIBIT 1

Exhibit 1 to Discovery Status Report– Proposed Confidentiality Agreement

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

MARC W. WEINSTEIN.

                         Plaintiff,

          -against-

THOMAS C. KRUMPTER, Acting Police Commissioner,
Nassau County, New York, STEVEN E. SKYNECKI,
Chief of Department, Nassau County Police Department,
DANIEL P. FLANAGAN, Commanding Officer, First
Precinct, Nassau County Police Department, JAMES B.
MALONE, Police Officer, First Precinct, Nassau County
Police Department, JOHN DOES I-IV, Police Officers,
First Precinct, Nassau Police Department, PAUL CAPPY,
Police Officer and Investigator, Nassau County Police
Department, Pistol License Section, NASSAU COUNTY
POLICE DEPARTMENT, and COUNTY OF NASSAU,

                         Defendants.
------------------------------------------------------------------------ X

**14-CV-7210
(ADS) (AKT)**

**STIPULATION OF
<u>CONFIDENTIALITY</u>**

     IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the plaintiff
and counsel for the defendants, as follows:

          1.     All documents marked specifically as "confidential" produced by the
parties in the instant action shall be subject to the terms and provisions set forth herein
and will be treated as confidential unless: (a) otherwise stated; (b) agreed by the parties;
(c) ordered by the court; or (d) disclosure is mandated by legal process. The parties agree
that documents inadvertently not marked "confidential" may be marked as such at any
point during the litigation.

          2.     The following terms, as used herein, without limiting the generality of the
meaning of said terms, shall be construed as follows:

          (a)     The parties to this action shall mean (i) Plaintiff, and any authorized
agent(s), attorney(s) or other entities or person(s) acting on his behalf; and, (ii)

Defendants, as well as the employees and representatives of Defendants and any authorized agent(s), attorney(s) or other entities or person(s) acting on their behalf.

(b)   "Documents" shall mean all originals, copies and non-identical copies, however produced or reproduced, of any printed, typed, handwritten, graphic or otherwise recorded matter of whatever character, including but not limited to, files, correspondence, contracts, agreements, memoranda, notes, forms, diaries, reports, interoffice communications, statements, transcripts, affidavits, photographs, audiotape or videotape recordings, motion pictures, employee performance evaluations, disciplinary warnings, documents concerning personnel actions, wage, salary and benefits information, job descriptions, and any other related documents not generally available to the public concerning the business and operations of Defendants.  The term "documents" shall not include pleadings, notices of motion, briefs, or memoranda of law filed by any party in the instant action.  Further, the term "documents" shall include "confidential" documents used as exhibits or otherwise appended to such pleadings.

(c)   "Confidential information" means all Documents and testimony, and all information contained therein, and any other information designated as confidential, if such Documents or testimony contain information related to the members, business or operations information of the Nassau County Police Department and the individual Nassau County Police Officers, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the producing party.  Such designation can occur in one or more of the following ways:  (1) information set forth in an answer to an interrogatory can be so designated by including the word "confidential";  (2) information contained in any

2

document or part thereof may be so designated by marking the word "confidential" on the document or any copy of it delivered to the opposing party or its counsel or by giving written notice to counsel, describing the document or part thereof either specifically or by category; (3) information contained in the answer to any question asked during an oral deposition may be so designated by a statement made on the record during the course of the deposition; or (4) any party can designate information or documents as confidential in a letter, pleading or other communication.

3. Any information produced in this action shall be used solely for the purpose of litigating the above-captioned matter and for no other purpose, regardless of its designation as confidential.

4. Except as otherwise provided in this Stipulation of Confidentiality, material designated as "confidential information" may be examined only by the following persons:

(a) Defendants;

(b) Plaintiff;

(c) the parties' respective counsel and employees of the parties' counsel who are acting under the direction and control of such counsel and who are necessary to assist such counsel in this action;

(d) upon prior written agreement to abide by the terms and provisions of this Stipulation of Confidentiality, as described in paragraph 5 herein, and only to the extent necessary for the prosecution or defense of the instant matter, independent consultants or experts retained in connection with the instant action by the parties' counsel;

(e)      non-party deponents or witnesses may examine confidential information produced by the opposing party solely in the presence of, Plaintiff's counsel or Defendants' counsel and at no time shall have personal possession of any confidential information.  Employees or former employees of Defendants are non-party witnesses, but are not subject to this provision (and instead are subject to subparagraph "a" of this section);

(f)      stenographers or court reporters only to the extent necessary to prepare records of sworn testimony in the instant action; and,

(g)      magistrates, judges, clerks or other members or employees of any court of competent jurisdiction over proceedings in or related to the instant action.

5.      Before any person identified in paragraphs 4 (b), (d) and (e) is given access to confidential information, he or she shall sign a certificate in the form of Exhibit "A" hereto stating that he or she has received a copy of an has read this Stipulation of Confidentiality and agrees to be bound by the provisions set forth herein and to submit to the jurisdiction of this Court in connection with the enforcement of the provisions set forth herein.  Access to confidential information shall not be given to any person who has not signed such a certificate.  Other than Plaintiff, Defendants and non-party deponents or witnesses (who, unless former employees of Defendants who are or may be witnesses in this case, shall not be allowed to retain any confidential information hereunder), no such person shall be allowed to retain any document or other item designated as confidential beyond the time period necessary to accomplish the purpose for which disclosure to such person was permitted.

6.     The originating or producing party may waive the confidentiality provisions of this Stipulation of Confidentiality as to any information designated as confidential or any portion thereof only by explicit written waiver.  Such intentional waiver shall not result in waiver of the confidential status of any other information deemed confidential pursuant to this Stipulation of Confidentiality.  Use of information acquired through independent search or investigation (other than discovery from the parties to this action) and which is in the public domain shall not be restricted by the terms of this Stipulation of Confidentiality.

7.     In the event that any confidential information or documents otherwise subject to the law enforcement privilege, deliberative process privilege, attorney-client privilege and/or attorney work product privilege are produced inadvertently, such disclosure shall not constitute a waiver of any applicable privilege and the receiving party shall return the privileged documents to the producing party immediately and without retaining copies thereof.

8.     Unless otherwise agreed in writing, all documents consisting of or containing confidential information to be filed with the Court shall be filed under seal. Information to be filed under seal shall be submitted in a sealed envelope bearing the caption of the case, the title and date of the document, and the legend "Confidential – To be Filed Under Seal."  If the answer to any interrogatory or request for admission or response to any request for the production of documents requires the disclosure of any confidential information, that answer or response shall bear the same legend described herein.

9.      Any party that desires relief from the provisions of this Stipulation of Confidentiality or desires further protection with respect to discovery may, if agreement cannot be negotiated, seek appropriate relief from the Court upon no less than fourteen (14) days' notice to counsel for the parties.

10.      Any party that objects to the marking of confidentiality on a document as described in paragraph 2, subsection (b) above, shall file a written letter to the other parties stating the basis of the objection. The parties will then meet and confer regarding the confidentiality of the document in issue. In the event that the parties cannot agree to the confidentiality of a document the parties may, if agreement cannot be negotiated, seek appropriate relief from the Court by motion upon no less than fourteen (14) days' notice to counsel for the parties.

11.      Any confidential information may be offered into evidence at trial in open court unless the party that produced the confidential information obtains an appropriate protective order from the court directing a closed session.

12.      This Stipulation of Confidentiality may be amended by agreement of the parties in the form of a written amendment to the Stipulation of Confidentiality.

13.      Documents in the public domain cannot be deemed "confidential."

14.      This Stipulation of Confidentiality shall remain in full force and effect indefinitely until modified, superseded, or terminated by agreement of the parties hereto or by court order.

15.      Within thirty (30) days after the conclusion of this action by final judgment not subject to appeal or by settlement, all documents or other items constituting or containing confidential information and all copies thereof which are in the possession,

custody or control of any person other than the party who or which produced such documents or items shall either be returned to the party who or which produced such documents or items or destroyed.  If destroyed, a detailed affidavit confirming such destruction shall be delivered within thirty (30) days after the conclusion of this action to the party who or which produced such document or items.  Plaintiff and Defendants agree that, at the conclusion of litigation, neither shall retain any transcripts of depositions taken.

16.    Nothing in this Stipulation constitutes an admission or agreement that any document or information is subject to discovery or is admissible as evidence in this case.

17.    Pending court approval of this Stipulation, the parties agree to abide by all of its terms, as if it had been approved by the Court.

Consented to and approved for entry by:

Dated: July ___, 2015

LAW OFFICE OF ROBERT T. BEAN
Attorney for Plaintiff

_____

By:  Robert T. Bean, Esq.
3033 Brighton 3rd Street
Brooklyn, NY 11235
(718) 368-0981

CARNELL T. FOSKEY
Nassau County Attorney
Attorney for Defendants

Dated: July 14, 2015

_____

By:  Ralph Reissman, Esq.
Deputy County Attorney
One West Street
Mineola, New York 11501
(516) 571-3046

7

SO ORDERED ON THE _____ day of _____, 2015

_____

Hon. Kathleen A. Tomlinson, U. S. M. J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

MARC W. WEINSTEIN.                                      **14-CV-7210**
                                    Plaintiff,          **(ADS) (AKT)**

                    -against-

THOMAS C. KRUMPTER, Acting Police Commissioner,        **STIPULATION**
Nassau County, New York, STEVEN E. SKYNECKI,           **AND PROTECTIVE**
Chief of Department, Nassau County Police Department,   **ORDER**
DANIEL P. FLANAGAN, Commanding Officer, First
Precinct, Nassau County Police Department, JAMES B.
MALONE, Police Officer, First Precinct, Nassau County
Police Department, JOHN DOES I-IV, Police Officers,
First Precinct, Nassau Police Department, PAUL CAPPY,
Police Officer and Investigator, Nassau County Police
Department, Pistol License Section, NASSAU COUNTY
POLICE DEPARTMENT, and COUNTY OF NASSAU,

                                    Defendants.
------------------------------------------------------------------------ X


## AGREEMENT TO BE BOUND BY STIPULATION
## AND ORDER OF CONFIDENTIALITY

I, _____, declare as follows:

1.      I have read and am familiar with the terms of the Stipulation and Order of Confidentiality ("Order") in the above-captioned case governing disclosure of information designated as confidential.

2.      I have been instructed by counsel for _____ that the Court has ordered any information designated as "confidential" shall be kept confidential and used only in the preparation of this matter for trial and any other pre-trial proceedings in this case and that I may not disclose, convey, publish, or duplicate any of said confidential information other than under the limited conditions permitted in the Order.

3.      I agree to abide by all the terms of the Order and will not reveal or otherwise communicate to anyone any confidential information disclosed to me pursuant thereto except in accordance with the terms of said Order.   I agree not to use any confidential information for any purpose other than the litigation of the above-captioned matter.

4.      I agree to return to producing counsel any and all documentation delivered to me under the terms of said Order and all copies thereof and to destroy any notes in my possession containing any confidential information covered by the terms of this Order.

5.      I acknowledge that the Order is binding on me.   I consent to the personal jurisdiction of the above-captioned Court for the purposes of determining whether I have complied with this Order, and, if I have not complied, whether to impose sanctions and/or attorneys' fees and costs as the Court may, after notice and an opportunity to be heard, deem appropriate.

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

Executed this _____ day of _____, 2015, at _____.

_____
Signature

_____
Printed Name

_____
Address
_____

10

# EXHIBIT 2

Exhibit 2 to Discovery Status Report– Proposed Amendments to Agreement

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

MARC W. WEINSTEIN.

                            Plaintiff,

        -against-

THOMAS C. KRUMPTER, Acting Police Commissioner,
Nassau County, New York, STEVEN E. SKYNECKI,
Chief of Department, Nassau County Police Department,
DANIEL P. FLANAGAN, Commanding Officer, First
Precinct, Nassau County Police Department, JAMES B.
MALONE, Police Officer, First Precinct, Nassau County
Police Department, JOHN DOES I-IV, Police Officers,
First Precinct, Nassau Police Department, PAUL CAPPY,
Police Officer and Investigator, Nassau County Police
Department, Pistol License Section, NASSAU COUNTY
POLICE DEPARTMENT, and COUNTY OF NASSAU,

                            Defendants.

-------------------------------------------------------------------- X

                   14-CV-7210
                   (ADS) (AKT)

          **STIPULATION OF**
          **CONFIDENTIALITY**

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the plaintiff
and counsel for the defendants, as follows:

    1.   All documents marked specifically as "confidential" produced by the
parties in the instant action shall be subject to the terms and provisions set forth herein
and will be treated as confidential unless: (a) otherwise stated; (b) agreed by the parties;
(c) ordered by the court; or (d) disclosure is mandated by legal process. The parties agree
that documents inadvertently not marked "confidential" may be marked as such at any
point during the litigation. *The parties shall in good faith mark as confidential only those documents and information necessary to protect sensitive and ongoing police operations.*

    2.   The following terms, as used herein, without limiting the generality of the
meaning of said terms, shall be construed as follows:

    (a)   The parties to this action shall mean (i) Plaintiff, and any authorized
agent(s), attorney(s) or other entities or person(s) acting on his behalf; and, (ii)

Defendants, as well as the employees and representatives of Defendants and any authorized agent(s), attorney(s) or other entities or person(s) acting on their behalf.

(b)   "Documents" shall mean all originals, copies and non-identical copies, however produced or reproduced, of any printed, typed, handwritten, graphic or otherwise recorded matter of whatever character, including but not limited to, files, correspondence, contracts, agreements, memoranda, notes, forms, diaries, reports, interoffice communications, statements, transcripts, affidavits, photographs, audiotape or videotape recordings, motion pictures, employee performance evaluations, disciplinary warnings, documents concerning personnel actions, wage, salary and benefits information, job descriptions, and any other related documents not generally available to the public concerning the business and operations of Defendants. The term "documents" shall not include pleadings, notices of motion, briefs, or memoranda of law filed by any party in the instant action. Further, the term "documents" shall include "confidential" documents used as exhibits or otherwise appended to such pleadings.

(c)   "Confidential information" means all Documents and testimony, and all information contained therein, and any other information designated as confidential, if such Documents or testimony contain information related to the personal information of members, ~~business or operations information~~ of the Nassau County Police Department and the individual Nassau County Police Officers, ~~or other information~~ secret or ongoing police operations, the disclosure of which would, in disclosure of which would endanger individual officers or citizens ~~the good faith judgment of the party designating the material as confidential, be detrimental to the producing party~~. Such designation can occur in one or more of the following ways: (1) information set forth in an answer to an interrogatory can be so designated by including the word "confidential"; (2) information contained in any

document or part thereof may be so designated by marking the word "confidential" on the document or any copy of it delivered to the opposing party or its counsel or by giving written notice to counsel, describing the document or part thereof either specifically or by category; (3) information contained in the answer to any question asked during an oral deposition may be so designated by a statement made on the record during the course of the deposition; or (4) any party can designate information or documents as confidential in a letter, pleading or other communication. *The designation shall set forth the reason i.e., personal information or going to sensitive police operation.*

3.      Any information *confidential* produced in this action *which meets the above criteria* shall be used ~~solely~~ for the purpose of ~~litigating the above-captioned matter and for no other purpose, regardless of~~ *this and other or future litigation involving the same* ~~its designation as confidential.~~ *or similar issues and may be shared with other counsel who sign this agreement to be bound by this stipulation.*

4.      Except as ~~otherwise provided in this Stipulation of Confidentiality,~~ material designated as "confidential information" may be examined only by the following persons:

(a)     Defendants;

(b)     Plaintiff;

(c)     the parties' respective counsel and employees of the parties' counsel who are acting under the direction and control of such counsel and who are necessary to assist such counsel in this action; *other attorneys involved or contemplating similar litigation as set forth in 3. above*

(d)     upon prior written agreement to abide by the terms and provisions of this Stipulation of Confidentiality, as described in paragraph 5 herein, ~~and only to the extent necessary for the prosecution or defense of the instant matter~~, independent consultants or experts retained in connection with the instant action by the parties' counsel;

3

(e) ~~non-party deponents or witnesses may examine confidential information produced by the opposing party solely in the presence of, Plaintiff's counsel or Defendants' counsel and at no time shall have personal possession of any confidential information.~~ Employees or former employees of Defendants are non-party witnesses, but are not subject to this provision (and instead are subject to subparagraph "a" of this ~~section);~~

(f) stenographers or court reporters ~~only~~ to the extent necessary to prepare records of sworn testimony in the instant action; and,

(g) magistrates, judges, clerks or other members or employees of any court of competent jurisdiction over proceedings in or related to the instant action.

5. Before any person identified in paragraphs 4 (b), (d) and (e) is given access to confidential information, he or she shall sign a certificate in the form of Exhibit "A" hereto stating that he or she has received a copy of an has read this Stipulation of Confidentiality and agrees to be bound by the provisions set forth herein and to submit to the jurisdiction of this Court in connection with the enforcement of the provisions set forth herein. Access to confidential information shall not be given to any person who has not signed such a certificate. Other than Plaintiff, Defendants and non-party deponents or witnesses (who, unless former employees of Defendants who are or may be witnesses in _and attorneys and their staffs involved in_ this case, shall not be allowed to retain any confidential information hereunder) no such _or contemplating similar litigation_ person shall be allowed to retain any document or other item designated as confidential beyond the time period necessary to accomplish the purpose for which disclosure to such person was permitted.

4

6.     The originating or producing party may waive the confidentiality provisions of this Stipulation of Confidentiality as to any information designated as confidential or any portion thereof only by explicit written waiver. Such intentional waiver shall not result in waiver of the confidential status of any other information deemed confidential pursuant to this Stipulation of Confidentiality. Use of information acquired through independent search or investigation (other than discovery from the parties to this action) and which is in the public domain shall not be restricted by the terms of this Stipulation of Confidentiality.

7.     In the event that any confidential information or documents otherwise subject to ~~the law enforcement privilege, deliberative process privilege~~, attorney-client privilege and/or attorney work product privilege are produced inadvertently, such disclosure shall not constitute a waiver of any applicable privilege and the receiving party shall return the privileged documents to the producing party immediately and without retaining copies thereof.

8.     Unless otherwise agreed in writing, all documents consisting of or *as defined above i.e. citizen interaction or ongoing police operation* containing confidential information to be filed with the Court shall be filed under seal. Information to be filed under seal shall be submitted in a sealed envelope bearing the caption of the case, the title and date of the document, and the legend "Confidential – To be Filed Under Seal." If the answer to any interrogatory or request for admission or response to any request for the production of documents requires the disclosure of any confidential information, that answer or response shall bear the same legend described herein.

5

9. Any party that desires relief from the provisions of this Stipulation of Confidentiality or desires further protection with respect to discovery may, if agreement cannot be negotiated, seek appropriate relief from the Court upon no less than fourteen (14) days' notice to counsel for the parties.

10. Any party that objects to the marking of confidentiality on a document as described in paragraph 2, subsection (b) above, shall file a written letter to the other parties stating the basis of the objection. The parties will then meet and confer regarding the confidentiality of the document in issue. In the event that the parties cannot agree to the confidentiality of a document the parties may, if agreement cannot be negotiated, seek appropriate relief from the Court by motion upon no less than fourteen (14) days' notice to counsel for the parties.

11. Any confidential information may be offered into evidence at trial in open court unless the party that produced the confidential information obtains an appropriate protective order from the court directing a closed session.

12. This Stipulation of Confidentiality may be amended by agreement of the parties in the form of a written amendment to the Stipulation of Confidentiality.

13. Documents in the public domain cannot be deemed "confidential."

14. This Stipulation of Confidentiality shall remain in full force and effect indefinitely until modified, superseded, or terminated by agreement of the parties hereto or by court order.

15. Within thirty (30) days after the conclusion of this action by final judgment not subject to appeal or by settlement, all documents or other items constituting or containing confidential information and all copies thereof which are in the possession,

6

custody or control of any person other than the party who or which produced such documents or items shall either be returned to the party who or which produced such documents or items or destroyed. If destroyed, a detailed affidavit confirming such destruction shall be delivered within thirty (30) days after the conclusion of this action to the party who or which produced such document or items. Plaintiff and Defendants agree that, at the conclusion of litigation, neither shall retain any transcripts of depositions taken.

16.    Nothing in this Stipulation constitutes an admission or agreement that any document or information is subject to discovery or is admissible as evidence in this case.

17.    Pending court approval of this Stipulation, the parties agree to abide by all of its terms, as if it had been approved by the Court.

Consented to and approved for entry by:

Dated: July ___, 2015                            LAW OFFICE OF ROBERT T. BEAN
                                                 Attorney for Plaintiff

                                                 _____
                                                 By: Robert T. Bean, Esq.
                                                 3033 Brighton 3rd Street
                                                 Brooklyn, NY 11235
                                                 (718) 368-0981

                                                 CARNELL T. FOSKEY
                                                 Nassau County Attorney
                                                 Attorney for Defendants

Dated: July 14, 2015

                                                 _____
                                                 By: Ralph Reissman, Esq.
                                                 Deputy County Attorney
                                                 One West Street
                                                 Mineola, New York 11501
                                                 (516) 571-3046

7

SO ORDERED ON THE _____ day of _____, 2015

_____

Hon. Kathleen A. Tomlinson, U. S. M. J.

8

# EXHIBIT 3

Exhibit 3 to Discovery Status Report– Letter Regarding Changes

**Law Office of Robert T. Bean**
**3033 Brighton 3rd Street**
**Brooklyn, New York 11235**
**718-616-1414**

Cell Phone: 484-838-9464     **Fax:  718-368-0981**          Of Counsel for
E-Mail: RBeanlaw@aol.com                              Tanya Gendelman, P. C.

7-14-15

Carnell T. Foskey
Nassau County Attorney
Attn. Ralph Reissman
Deputy Nassau County Attorney
One West Street
Mineola, New York 11566

Re: Weinstein v. Krumpter et al
Docket No.: CV 14-7210 (ADS) (AKT)

Dear Mr. Reissman,

I have reviewed your proposed Confidentially Agreement and believe it is over broad with regard to what is "confidential" and too restrictive as to the use of such information and is geared more towards the protection of Nassau County and hindering the Plaintiff and others who have been victims of Nassau County's unconstitutional firearms confiscation policy. I suspect that almost all of the information provided in discovery under the proposed Stipulation would be designated "confidential". I have other ongoing similar litigation against Nassau County regarding the same unconstitutional policies as do other attorneys with contemplated future litigation.

I certainly have no desire to delve into the personal information of members of the Nassau County Police Department nor to endanger any member of the department, or anyone else for that matter, by disclosing information on sensitive and ongoing police operations.

That being said, I believe the following to be properly designated "Confidential" and not to be distributed further:

1.      Personal information with regard to members of the Nassau County Police Department and employees of Nassau County;

2.      Personal information on individual citizens who have been subject to "*Razzano*" confiscations;

3.  Information regarding sensitive and ongoing police operations, the disclosure of which could endanger members of the Nassau County Police Department or members of the public.

Information protected by the Attorney-Client Privilege with regard to this litigation is of course not discoverable. However, legal opinions, letters and research used to promulgate or continue the complained of unconstitutional confiscations is not privileged and is relevant to Plaintiff's *Monel* claim regarding the policies of Nassau County. Also not privileged or "confidential" is the information, if any, used in educating the members of the Nassau County Police Department as the rights of Plaintiff and other similarly situated gun owner and persons subjected to warrantless searches.

For the above reasons, I cannot sign the proffered Stipulation of Confidentiality. I have am furnishing herewith a copy with proposed changes. If you will send me a copy in "word" as opposed to PDF I will make those proposed changes in the document.

Sincerely,

/S/ _____

Robert T. Bean