| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **CIVIL CONFERENCE** |
| **EASTERN DISTRICT OF NEW YORK** | **MINUTE ORDER** |

BEFORE: A. KATHLEEN TOMLINSON        DATE: 8-27-2015
U.S. MAGISTRATE JUDGE                TIME: 11:17 a.m. (22 minutes)

*Weinstein v. Krumpter et al.,*
**CV 14-7210 (ADS) (AKT)**

TYPE OF CONFERENCE:        **DISCOVERY STATUS CONFERENCE**

APPEARANCES:   Plaintiff     Robert T. Bean

               Defendant    Ralph J. Reissman

FTR:   11:17-11:39

THE FOLLOWING RULINGS WERE MADE:

1. The Court expressed its frustration and dismay at the outset of the conference over Defendants' continued discovery delays which have necessitated the filing of a motion to compel by Plaintiff. *See* DE 23. While the Court understands the procedural complications faced by Defendants' counsel, the Court reminded Attorney Reissman that, as was made clear during the Initial Conference, the parties are not free to simply ignore the discovery deadlines set by the Court. Rather, if a party is unable to comply with a discovery deadline, he or she must bring the issue to the Court's attention prior to the expiration of the deadline and ask for an extension, providing the "good cause" reason why the extension is necessary. The Court expects counsel on both sides to comply with this directive going forward.

2. Attorney Reissman informed the Court that, just prior to the start of the conference, he provided Plaintiff's counsel with documents responsive to Plaintiff's discovery demands. Attorney Reissman represented that the production includes a copy of the IAB report.

   The Court is giving Plaintiff's counsel until September 10, 2015 to review the production he received today. If counsel determines that the production is in some way deficient, the parties are to conduct a good faith meet-and-confer between September 10, 2015 and September 21, 2015 to attempt to work out those issues. Plaintiff's counsel has until September 28, 2015 to file a motion to compel addressing the issues, if any, which the parties are not able to resolve during the meet-and-confer.

   Because Defendants have now produced the documents subject to Plaintiff's motion to compel [DE 23], that motion is DEEMED MOOT.

3. The Court confirmed that, as set forth in the parties' status report, Defendants have not served interrogatories or document demands on the Plaintiff, despite the fact that the May 15, 2015 deadline to do so has long passed. As it stands, based on the Court's prior rulings, Attorney Reissman proceeded at his own risk by allowing the deadline to pass without taking any action. As a consequence, the Court will permit Defendants to serve document requests but not interrogatories at this late juncture. Defendants have until September 11, 2015 to serve their documents requests. Plaintiff must serve his responses by October 23, 2015.

4.  The parties are currently engaged in a dispute regarding their proposed Stipulation of Confidentiality. The Court made clear that this dispute does not provide a proper basis for any party to withhold documents. Until the dispute is resolved, the parties are to exchange confidential documents on an "Attorneys' Eyes Only" basis. In the meantime, Plaintiff's counsel has been directed to provide the Court with a redlined version (not a handwritten version) of the proposed stipulation, which shows his proposed changes, by September 3, 2015. Once the Court has received the redlined version, it will issue a ruling.

5.  The Court noted that the parties did not comply with the Court's May 29, 2015 deadline to file their ESI agreement. Defendants' counsel represented that it is his belief, based on his conversations with law enforcement officials, that Defendants have no ESI. The Court directed counsel to put that statement in writing to Plaintiff's counsel so that it is in the record. The Court is giving Plaintiff's counsel until September 10, 2015 to provide Defendants' counsel with a flash drive containing the emails referenced in paragraph 5 of the parties' status report.

6.  Plaintiff's counsel intends to depose various law enforcement personnel, from the alleged "policy makers" to the officers who responded to or were otherwise involved in the incident underlying this litigation. Defendants' counsel intends to depose the Plaintiff as well as certain non-parties. Neither party intends to engage in expert discovery.

**FINAL SCHEDULING ORDER**:

- Deadline for completion of all discovery:   February 22, 2015

- Moving party's Rule 56.1 Statement of
  Undisputed Facts must be served by:   March 18, 2016

- Opposing party's Rule 56.1 Counterstatement
   must be served by:   April 11, 2016

- Any letter request for a pre-motion conference
  to Judge Spatt for purposes of making a
  summary judgment motion must be filed by:   April 29, 2016

- Proposed Joint Pre-Trial Order must be
  filed on ECF by:   June 30, 2016

- <u>Pre-Trial Conference will be held on</u>:   July 7, 2015 at 2:30 p.m.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge