UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

MARC W. WEINSTEIN.

Plaintiff,

-against-                                                                                         14-CV-7210 (ADS) (AKT)


THOMAS C. KRUMPTER, Acting Police Commissioner, Nassau County, New York, STEVEN E. SKYNECKI, Chief of Department, Nassau County Police Department, DANIEL P. FLANAGAN, Commanding Officer, First Precinct, Nassau County Police Department, JAMES B. MALONE, Police Officer, First Precinct, Nassau County Police Department, JOHN DOES I-IV, Police Officers, First Precinct, Nassau Police Department, PAUL CAPPY, Police Officer and Investigator, Nassau County Police Department, Pistol License Section, NASSAU COUNTY POLICE DEPARTMENT, and COUNTY OF NASSAU,

Defendants.

---------------------------------------------------------------------- X

**STIPULATION OF CONFIDENTIALITY**

_____

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the plaintiff and counsel for the defendants, as follows:

1. All documents marked specifically as "confidential" produced by the parties in the instant action shall be subject to the terms and provisions set forth herein and will be treated as confidential unless: (a) otherwise stated; (b) agreed by the parties; (c) ordered by the court; or (d) disclosure is mandated by legal process. The parties agree that documents inadvertently not marked "confidential" may be marked as such at any point

during the litigation. The parties shall in good faith mark as confidential only those documents and information necessary to protect the privacy rights of individual members of the Nassau County Police Department and members of the public or to protect sensitive ongoing police operations.

2. The following terms, as used herein, without limiting the generality of the meaning of said terms, shall be construed as follows:

(a) The parties to this action shall mean (i) Plaintiff, and any authorized agent(s), attorney(s) or other entities or person(s) acting on his behalf; and, (ii)

Defendants, as well as the employees and representatives of Defendants and any authorized agent(s), attorney(s) or other entities or person(s) acting on their behalf.

(b) "Documents" shall mean all originals, copies and non-identical copies, however produced or reproduced, of any printed, typed, handwritten, graphic or otherwise recorded matter of whatever character, including but not limited to, files, correspondence, contracts, agreements, memoranda, notes, forms, diaries, reports, interoffice communications, statements, transcripts, affidavits, photographs, audiotape or videotape recordings, motion pictures, employee performance evaluations, disciplinary warnings, documents concerning personnel actions, wage, salary and benefits information, job descriptions, and any other related documents not generally available to the public concerning the business and operations of Defendants. The term "documents" shall not include pleadings, notices of motion, briefs, or memoranda of law filed by any party in the instant action. Further, the term "documents" shall include "confidential" documents used as exhibits or otherwise appended to such pleadings.

(c) "Confidential information" means all Documents and testimony, and all information contained therein, and any other information designated as confidential, if such Documents or testimony contain information related to the personal information of members, ~~business or operations information~~ of the Nassau County Police Department and the individual Nassau County Police Officers ~~or other information the disclosure of which would, in the good faith judgment of the party designating the material as~~

~~confidential, be detrimental to the producing party~~ secret or ongoing police operations, the disclosure of which would endanger individual officers or members of the public. Such designation can occur in one or more of the following ways: (1) information set forth in an answer to an interrogatory can be so designated by including the word "confidential"; (2) information contained in any

2

document or part thereof may be so designated by marking the word "confidential" on the document or any copy of it delivered to the opposing party or its counsel or by giving written notice to counsel, describing the document or part thereof either specifically or by category; (3) information contained in the answer to any question asked during an oral deposition may be so designated by a statement made on the record during the course of the deposition; or (4) any party can designate information or documents as confidential in a letter, pleading or other communication. The designation shall set forth the reason i.e. personal information or ongoing sensitive police operation.

3. Any confidential information produced in this action which meets the above criteria shall be used ~~solely~~ for the purpose of ~~litigating the above-captioned matter and for no other purpose, regardless of its designation as confidential.~~ This and other or future litigation involving the same or similar issues and may be shared with other counsel who sign the agreement to be bound by this stipulation.

4. Except as otherwise provided in this Stipulation of Confidentiality, material designated as "confidential information" may be examined only by the following persons:

. (a) Defendants;

. (b) Plaintiff;

. (c) the parties' respective counsel and employees of the parties' counsel who

are acting under the direction and control of such counsel and who are necessary to assist such counsel in this action; other attorneys involved or contemplating similar litigation as

set forth in 3. Above.

(d) upon prior written agreement to abide by the terms and provisions of this Stipulation of Confidentiality, as described in paragraph 5 herein, ~~and only to the extent necessary for the prosecution or defense of the instant matter, independent consultants or experts retained in connection with the instant action by the parties' counsel;~~

~~(e) non-party deponents or witnesses may examine confidential information produced by the opposing party solely in the presence of, Plaintiff's counsel or Defendants' counsel and at no time shall have personal possession of any confidential information. Employees or former employees of Defendants are non-party witnesses, but are not subject to this provision (and instead are subject to subparagraph "a" of this section);~~

(f) stenographers or court reporters ~~only~~ to the extent necessary to prepare records of sworn testimony in the instant action; and,

(g) magistrates, judges, clerks or other members or employees of any court of competent jurisdiction over proceedings in or related to the instant action.

5. Before any person identified in paragraphs 4 (b), (d) and ~~(e)~~ is given access to confidential information, he or she shall sign a certificate in the form of Exhibit "A" hereto stating that he or she has received a copy of an has read this Stipulation of Confidentiality and agrees to be bound by the provisions set forth herein and to submit to the jurisdiction of this Court in connection with the enforcement of the provisions set forth herein. Access to confidential information shall not be given to any person who has not signed such a certificate. Other than Plaintiff, Defendants and non-party deponents or witnesses (who, unless former employees of Defendants who are or may be witnesses in this case, shall not be allowed to retain any confidential information hereunder), and attorneys and their staffs involved in or contemplating similar litigation, no such person shall be allowed to retain any document or other item designated as confidential beyond the time period necessary to accomplish the purpose for which disclosure to such person was permitted.

6. The originating or producing party may waive the confidentiality provisions of this

Stipulation of Confidentiality as to any information designated as confidential or any portion thereof only by explicit written waiver. Such intentional waiver shall not result in waiver of the confidential status of any other information deemed confidential pursuant to this Stipulation of Confidentiality. Use of information acquired through independent search or investigation (other than discovery from the parties to this action) and which is in the public domain shall not be restricted by the terms of this Stipulation of Confidentiality.

7. In the event that any confidential information or documents otherwise subject to the ~~law enforcement privilege, deliberative process privilege~~, attorney-client privilege and/or attorney work product privilege are produced inadvertently, such disclosure shall not constitute a waiver of any applicable privilege and the receiving party shall return the privileged documents to the producing party immediately and without retaining copies thereof.

8. Unless otherwise agreed in writing, all documents consisting of or containing confidential information **as defined above, i.e. private information or ongoing police operations,** to be filed with the Court shall be filed under seal. Information to be filed under seal shall be submitted in a sealed envelope bearing the caption of the case, the title and date of the document, and the legend "Confidential – To be Filed Under Seal." If the answer to any interrogatory or request for admission or response to any request for the production of documents requires the disclosure of any confidential information, that answer or response shall bear the same legend described herein.

9. Any party that desires relief from the provisions of this Stipulation of Confidentiality or desires further protection with respect to discovery may, if agreement cannot be negotiated, seek appropriate relief from the Court upon no less than fourteen (14) days' notice to counsel for the parties.

10. Any party that objects to the marking of confidentiality on a document as described in paragraph 2, subsection (b) above, shall file a written letter to the other parties stating the basis of the objection. The parties will then meet and confer regarding the confidentiality of the document in issue. In the event that the parties cannot agree to the confidentiality

of a document the parties may, if agreement cannot be negotiated, seek appropriate relief from the Court by motion upon no less than fourteen (14) days' notice to counsel for the parties.

11. Any confidential information may be offered into evidence at trial in open court unless the party that produced the confidential information obtains an appropriate protective order from the court directing a closed session.

12. This Stipulation of Confidentiality may be amended by agreement of the parties in the form of a written amendment to the Stipulation of Confidentiality.

13.     Documents in the public domain cannot be deemed "confidential."

14.     This Stipulation of Confidentiality shall remain in full force and effect

indefinitely until modified, superseded, or terminated by agreement of the parties hereto or by court order.

15. Within thirty (30) days after the conclusion of this action by final judgment not subject to appeal or by settlement, all documents or other items constituting or containing confidential information and all copies thereof which are in the possession, custody or control of any person other than the party who or which produced such documents or items shall either be returned to the party who or which produced such documents or items or destroyed. If destroyed, a detailed affidavit confirming such destruction shall be delivered within thirty (30) days after the conclusion of this action to the party who or which produced such document or items. Plaintiff and Defendants agree that, at the conclusion of litigation, neither shall retain any transcripts of depositions taken.

16. Nothing in this Stipulation constitutes an admission or agreement that any document or information is subject to discovery or is admissible as evidence in this case.

17. Pending court approval of this Stipulation, the parties agree to abide by all of its terms,

as if it had been approved by the Court.

Consented to and approved for entry by: Dated:      ___, 2015

            LAW OFFICE OF ROBERT T. BEAN
            Attorney for Plaintiff

            By:_____
            Robert T. Bean, Esq.
            3033 Brighton 3rd Street
            Brooklyn, NY 11235 (718) 368-0981

CARNELL T. FOSKEY Nassau County Attorney
 Attorney for Defendants

By:_____
Ralph Reissman, Esq.
Deputy County AttorneyOne West Street
Mineola, New York 11501 (516) 571-3046
_____

Dated:    , 2015

            SO ORDERED ON THE _____ day of

            _____, 2015

            _____
            Hon. Kathleen A. Tomlinson, U. S. M. J.