**Law Office of Robert T. Bean**
**3033 Brighton 3rd Street**
**Brooklyn, New York 11235**
**718-616-1414**

Cell Phone: 484-838-9464    **Fax: 718-368-0981**         Of Counsel for
E-Mail: RBeanlaw@aol.com                                   Tanya Gendelman, P. C.

9-25-15

Via ECF
Hon. A. Kathleen Tomlinson
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722-9014

                                                **Second Letter Motion to**
                                                **Compel Discovery**
                                                Re: Weinstein v. Krumpter et al
                                                Docket No.: CV 14-7210 (ADS) (AKT)

Dear Judge Tomlinson,

      Plaintiff, by this Second Letter Motion, pursuant to your Rule III A. 1, and in compliance with the deadline set forth in your Civil Conference Order (D.I. 27) ¶ 5, moves under F.R.Civ.P. 37 to compel discovery. On August 27, 2015, at conference in this matter, after Plaintiff had filed his first Motion to Compel Discovery on July 13, 2015, (D.I. 23), delivered to Plaintiff's counsel Defendants' Response to Plaintiff's Request for Production of Documents. Plaintiff's counsel reviewed said Responses and conferred with counsel for Defendants'. All issues related to said Document Request and Responses thereto were resolved except the following:

In Request 16 of Plaintiff's Request for Production of Documents (23- 1) Plaintiff requested:

      Written or electronic list of all firearms confiscations by Nassau County Police Department following the *Razzano* decision (Feb. 28, 2011), where the firearms "are not (1) the fruit of a crime, (2) an instrument of crime, (3) evidence of a crime, (4) contraband, or (5) barred by court order from being possessed by the person from whom they were confiscated" and as to each:

      a.    The date and location of the confiscation;
      b.    The name, address, e-mail address and phone number of the person from

Motion to Compel                                        1

     whom the firearms were confiscated;

  c.  If and when the firearms were returned;
  d.  If not returned, the reasons;
  e.  The date, time and place of each post deprivation hearing and the person before whom it was held and the persons appearing before such tribunal including attorneys, if any;
  f.  The name, address, title and employment of the impartial decision-maker before whom the hearing was held, and if his/her decision was reviewable, by whom.

Defendants objected and refused to answer as follows:

> **RESPONSE**
>
> Defendants object to Request No. 16 on the grounds (a) that it seeks documents and/or information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (b) the request is overbroad, unduly burdensome and oppressive; (c) the terms included in the request are terms or phrases contained therein are vague, ambiguous or undefined; and (d) the names, addresses and e-mail addresses of the individuals sought by plaintiff in this request are protected from disclosure for reasons of personal privacy.

  Requests 16 concerns and is relevant to the county's gun confiscation policy "as applied" and its compliance with the *Razzano* decision in providing prompt post deprivation hearings before an impartial decision maker in these types of confiscations. The requested documents are also relevant to Plaintiff's *Monell* claim in its over all application county wide over time. While a policy, as written, such as OPS 10023 (D.I. 15, Ex. A) may be constitutional as written it may be shown to be unconstitutional as applied and also shown to be adopted and applied for an unconstitutional purpose. *Daskalea v D.C., 227 F.3d 433 (D.C. Cir. 2000); Marriott v. County of Montgomery, 426 F. Supp.2d 1 (N.D.N.Y. 2006).* As stated in *County of Montgomery*, "constitutional words cannot erase unconstitutional conduct". Further, this unconstitutional application and purpose must be linked to a policy maker. *Monell v. Dept of Social Services of the City of New York, 436 U.S. 658 (1978).*

  For example the OPS gives the investigating officers discretion to decide what is a "domestic incident" and to determine when gun confiscation is "necessary". It appears however that in practice, any call to a home is a "domestic incident" and any guns are always confiscated as per "department policy". In addition the Domestic Incident Liaison Officer is directed to

return long guns "as soon as possible once the investigation is complete". However the investigation often takes month or years, even with the simplest of facts. The purported purpose of the policy is public safety, but appears to be used to violate the Second Amendment rights of any one caught in it web by retaining possession of the guns as long as possible, by drawing out the investigation as long as possible, by delaying any post deprivation hearing until after the investigation, thereby denying a prompt post deprivation hearing and destroying the guns after one year. Further, the investigation puts to burden of proof on the gun owner rather than the County, contrary to *Razzano*. The policy is "applied" to deny the Second Amendment rights of gun owners and in the process, also violates the 4th, 5th and 14th Amendment rights.

      Plaintiff has already agreed that the personal information on individuals involved in such confiscations is confidential. (D.I. 28-1). The language of the Request is taken directly from the *Razzano* decision and thus should not be "vague, ambiguous or undefined". Finally if compliance with this request is burdensome or oppressive, so is the County's confiscation policy as applied. If the County makes overbroad and excessive use of the policy so as to create voluminous records, that is due to the County's actions, not the plaintiff's.

      The Plaintiff must also show that the "policy makers" have knowledge or at least constructive knowledge of the "application" of the policy. Plaintiff is entitled to discovery of the facts regarding these issues and request the Court to order the Defendants to produce the requested documents.

      Sincerely,

      /S/_____
      Robert T. Bean

Via E-Mail and ECF

Carnell T. Foskey
Nassau County Attorney
Attn. Ralph Reissman
Deputy Nassau County Attorney
One West Street
Mineola, New York 11566

Motion to Compel      3