UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARC W. WEINSTEIN,

                       Plaintiff,

    - against -

**ORDER**

CV 14-7210 (ADS) (AKT)

THOMAS C. KRUMPTER, Acting Police
Commissioner, Nassau County, New York,
STEVEN E. SKRYNECKI, Chief of
Department, Nassau County Police Department,
DANIEL P. FLANAGAN, Commanding Officer,
First Precinct, Nassau County Police Department,
JAMES B. MALONE, Police Officer, First
Precinct, Nassau County Police Department
JOHN DOES I -IV, Police Officers, First
Precinct, Nassau Police Department, PAUL
CAPPY, Police Officer and Investigator,
Nassau County Police Department, Pistol License
Section, and NASSAU COUNTY POLICE
DEPARTMENT,

                       Defendants.
-----------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

       The Court has reviewed the "red-lined" version of the parties' proposed Stipulation of Confidentiality [DE 28-1] and makes the following rulings.

       Paragraph (1) shall read as follows:

> All documents marked specifically as "confidential" produced by the parties in the instant action shall be subject to the terms and provisions set forth herein and will be treated as confidential unless: (a) otherwise stated; (b) agreed by the parties; (c) ordered by the court; or (d) disclosure is mandated by legal process. The parties agree that documents inadvertently not marked "confidential" may be marked as such at any point during the litigation.

The Court finds that the sentence Plaintiff proposes adding to the end of Paragraph (1) is overly restrictive and tends to remove all discretion between counsel to resolve questions which might arise regarding the definition categories.

> Paragraph (2)(c) shall read as follows:
>
>> (c) "Confidential information" means all Documents and testimony, and all information contained therein, and any other information designated as confidential, if such Documents or testimony contain information related to the internal operations of the Nassau County Police Department and the personal information of the individual Nassau County Police Officers. Such designation can occur in one or more of the following ways: (1) information set forth in an answer to an interrogatory can be so designated by including the word "confidential"; (2) information contained in any document or part thereof may be so designated by marking the word "confidential" on the document or any copy of it delivered to the opposing party or its counsel or by giving written notice to counsel, describing the document or part thereof either specifically or by category; (3) information contained in the answer to any question asked during an oral deposition may be so designated by a statement made on the record during the course of the deposition; or (4) any party can designate information or documents as confidential in a letter, pleading or other communication.
>
> Paragraph (3) shall read as follows:
>
>> Any confidential information produced in this action which meets the above criteria shall be used solely for the purpose of litigating the above-captioned matter and for no other purpose, regardless of its designation as confidential.

The Court finds that the sentence Plaintiff proposes adding to the end of Paragraph (3) is contrary to the purposes of these types of agreements and directs that it be removed.

> Paragraph (4)(a)-(e) shall read as follows:

>Except as otherwise provided in this Stipulation of Confidentiality, material designated as "confidential information" may be examined only by the following persons:
>
>(a) Defendants;
>
>(b) Plaintiff;
>
>(c) the parties' respective counsel and employees of the parties' counsel who are acting under the direction and control of such counsel and who are necessary to assist such counsel in this action;
>
>(d) upon prior written agreement to abide by the terms and provisions of this Stipulation of Confidentiality, as described in paragraph 5 herein, independent consultants or experts retained in connection with the instant action by the parties' counsel;
>
>(e) non-party deponents or witnesses may examine confidential information to the extent such material is introduced at a deposition;

As for Paragraph (5), the parties are directed to remove the proposed added phrase "and attorney and their staffs involved in or contemplating similar litigation," for the reasons explained with regard to Paragraph (3).

As for Paragraph (8), the parties are directed to remove the following proposed phrase: "as defined above, *i.e.* private information or ongoing police operations." The Court finds this language unnecessary.

The parties have until October 14, 2015 to submit a proposed Stipulation of Confidentiality which complies with the directives set forth in this Order. The Court further reminds the parties that their proposed Stipulation of Confidentiality must also include a separate, unsigned Agreement to Be Bound attached to it.

**SO ORDERED.**

Dated: Central Islip, New York
October 7, 2015

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge