**EDWARD P. MANGANO**
County Executive

**CARNELL T. FOSKEY**
County Attorney

**RALPH J. REISSMAN**
Deputy County Attorney

COUNTY OF NASSAU
OFFICE OF THE COUNTY ATTORNEY
One West Street
Mineola, New York 11501-4820
Tel. (516) 571-3046 / Fax (516) 571-3058

October 13, 2015

Via ECF
Hon. A. Kathleen Tomlinson
United States District Court
100 Federal Plaza
Central Islip, New York 11722

Re: *Weinstein v. Krumpter, et al.*
14-CV-7210 (ADS)(AKT)

Dear Magistrate Judge Tomlinson:

This office represents defendants Thomas C. Krumpter, Acting Commissioner of the Nassau County Police Department, Steven E. Skyynecki, Chief of Department of the Nassau County Police Department, Daniel P. Flanagan, Commanding Officer of the Nassau County Police Department's First Precinct, Nassau County Police Officer James B. Malone, Nassau County Police Officer Paul Cappy, the Nassau County Police Department and the County of Nassau in the above-referenced action. This letter is written in opposition to plaintiff Marc Weinstein's second letter motion to compel discovery dated September 25, 2015 [DE 29].

As Your Honor well knows, this case involves the temporary confiscation, and subsequent return of plaintiff's firearms by the Nassau County Police Department due to a domestic violence 911 call by plaintiff's wife. On May 1, 2015 plaintiff's attorney, Robert T. Bean, Esq. served a Request for Production of Documents. Defendants served their response on August 26, 2015, including 229 pages of documents, primarily related to the confiscation of plaintiff's firearms as well as a voluminous materials of Police Department policies and procedures for removal and return of firearms. In particular, defendants provided to Mr. Bean the Nassau County Police Department's Procedure OPS 10023 entitled "Removal and Disposition of Weapons – Domestic Incidents/Threats to Public Safety," adopted on May 11, 2012 in direct response to Judge Arthur D. Spatt's Memorandum & Order on cross-motions for summary judgment in the case of *Razzano v. County of Nassau*, 765 F. Supp. 2d 176 (E.D.N.Y. 2011).

OPS 10023, a copy of which is annexed hereto for Your Honor's convenience, is a comprehensive procedure for members of the Police Department to, first, evaluate the threat posed in domestic violence incidents where any of the parties involved possesses firearms and second, to

investigate, post-confiscation, when it is appropriate and safe to return the firearms to the owner. It is defendants' position that OPS 10023, adopted specifically to remedy the constitutional issues identified by Judge Spatt in *Razzano*, provides ample due process to persons whose firearms were confiscated by the Police Department for return of those weapons. Since the adoption of OPS 10023, the Police Department has never received any complaint from any gun owner until this action filed by plaintiff Marc Weinstein, whose guns have already been returned to him.

Turning back to this case, plaintiff's second letter motion to compel involves Document Request No. 16, in which plaintiff seeks:

> Written or electronic list of all firearms confiscations by Nassau County Police Department following the *Razzano* decision (Feb. 28, 2011), where the firearms "are not (1) the fruit of a crime, (2) an instrument of crime, (3) evidence of a crime, (4) contraband, or (5) barred by court order from being possessed by the person from whom they were confiscated" and as to each:
>
> a. The date and time of the confiscation.
>
> b. The name, address, e-mail address and phone number of the person from whom the firearms were confiscated;
>
> c. If and when the firearms were returned;
>
> d. If not returned, the reasons;
>
> e. The date, time and place of each post deprivation hearing and the person before whom it was held and the persons appearing before such tribunal including attorneys, if any;
>
> f. The name, address, title and employment of the impartial decision-maker before whom the hearing was held, and if his/her decision was reviewable, by whom.

Defendants objected to Request No. 16, stating:

> Defendants object to Request No. 16 on the grounds (a) that it seeks documents and/or information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (b) the request is overbroad, unduly burdensome and oppressive; (c) the terms included in the request are terms or phrases contained therein are vague, ambiguous or undefined; and (d) the names, addresses and e-mail addresses of the individuals sought by plaintiff in this request are protected from disclosure for reasons of personal privacy.

2

It is obvious that plaintiff's attorney is seeking documentary evidence and information in order to establish a *Monell* claim based on Judge Spatt's directive in *Razzano* that a "prompt post-deprivation hearing" be held "before a neutral decision-maker." 765 F.Supp. 2d at 191. However, there are three significant reasons that plaintiff's motion to compel should be denied.

First, Request No. 16 seeks documents and information far beyond the scope of this action, which involves only plaintiff Weinstein and his firearms. This is not a class action. Any information regarding other gun owners is completely irrelevant to the facts of this case, *i.e.*, that plaintiff's weapons were seized and then returned under the Police Department's application of the new policy, OPS 10023 which, defendants posit, provides sufficient due process post-*Razzano*.

Second, in addition to seeking irrelevant information, it would clearly be unduly burdensome and virtually impossible for the Police Department to review its records to identify every confiscation of any firearm since February 2011 and determine whether such confiscation was "(1) the fruit of a crime, (2) an instrument of crime, (3) evidence of a crime, (4) contraband, or (5) barred by court order from being possessed by the person from whom they were confiscated."

Third, even if it were possible to obtain such information, it would of course violate the privacy rights of individuals whose firearms were confiscated by disclosing their "name, address, e-mail address and phone number" from police records, particularly where criminal records are sealed, or where disclosure of such names would violate statutory law, such as New York Criminal Procedure Law §§ 160.50 and 160.55, or New York Family Court Act § 166.

## Conclusion

For the foregoing reasons, defendants respectfully request that plaintiff's second letter motion to compel discovery be denied in all respects.

As always, defendants thank Your Honor for your attention and consideration in this matter.

Respectfully submitted,

RALPH J. REISSMAN
Deputy County Attorney

cc: Robert T. Bean, Esq.
Attorney for Plaintiff (via ECF)

3

**Nassau County Police Department**

# Department Procedure

| PROCEDURE TITLE | PROCEDURE NUMBER | REVISION |
|---|---|---|
| Removal and Disposition of Weapons – Domestic Incidents/Threats to Public Safety | OPS 10023 | 2 |

**POLICY**   The policy of the Police Department is to afford the public the greatest protection available against threats of violence. In furtherance of this goal, firearms, rifles, and shotguns are removed, when warranted, from persons involved in domestic incidents or when such weapons pose a threat to the public safety.

**PURPOSE**   To establish procedures for the following:

1. removing firearms, rifles, and shotguns, when necessary, from the parties involved in a domestic incident,
2. removing firearms, rifles, and shotguns, when such weapons create a threat of violence or threat to the public safety,
3. returning, retaining or destroying the firearms, rifles, and shotguns after completion of an investigation or review.

**DEFINITIONS**   **Federal Gun Control Act:** A federal law in the United States that broadly regulates the firearms industry. It also prohibits firearms ownership by certain individuals thought to pose a threat to the public safety. 18 U.S.C. §922(d) states:

It shall be unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person--

(1) is under indictment for, or has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
(2) is a fugitive from justice;
(3) is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802));
(4) has been adjudicated as a mental defective or has been committed to any mental institution;
(5) who, being an alien--
   (A) is illegally or unlawfully in the United States; or
   (B) except as provided in subsection (y)(2), has been admitted to the United States under a nonimmigrant visa (as that term is defined in section 101(a)(26) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(26)));
(6) [who] has been discharged from the Armed Forces under dishonorable conditions;
(7) who, having been a citizen of the United States, has renounced his citizenship;
(8) is subject to a court order that restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child, except that this paragraph shall only apply to a court order that--
   (A) was issued after a hearing of which such person received actual notice, and at which such person had the opportunity to participate; and
   (B) (I) includes a finding that such person represents a

| ISSUING AUTHORITY | SIGNATURE | EFFECTIVE DATE | PAGE |
|---|---|---|---|
| Commissioner | Thomas V. Dale | 05/11/2012 | 1 of 6 |

# Removal and Disposition of Weapons – Domestic Incidents/Threats to Public Safety   OPS 10023   2

|  |  |
|---|---|
|  | credible threat to the physical safety of such intimate partner or child; or<br>(ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury; or<br>(9) has been convicted in any court of a misdemeanor crime of domestic violence. |
| **DEFINITIONS** | Firearms: [See Glossary] |
| **SCOPE** | All Members of the Force. |
| **SOURCES** | 18 USC §922, Federal Gun Control Act.<br><br>NYS CPL §265. (Firearms and Other Dangerous Weapons)<br>§400. (License to Carry, Possess, Repair and Dispose of Firearms) |
| **RULES** | No new rules within this procedure. |
| **REPLACES** | OPS 10023 Revision 1, dated 08/05/2011. |
| **PROCEDURE** | **A. Removal of Firearms, Rifles and Shotguns** |
| Police Officer | 1. *Confiscates* illegally possessed firearms, rifles, and shotguns *and*<br><br>    a. if present, *arrests* the offender, [See OPS 2115]<br>    b. *processes* the evidence.<br><br>2. *Confiscates* pistol licenses and licensed firearms when the licensee is:<br><br>    a. arrested,<br>    b. the subject of an order of protection,<br>    c. involved in physical violence or the threat of violence.<br><br>**Note:** A pistol license is a privilege. Any licensed pistol holder who refuses to surrender his pistol license and/or firearm(s) upon lawful request must be reported to the licensing agency.<br><br>3. *Confiscates* legally possessed firearms, rifles and shotguns when such firearms, rifles and shotguns create a threat of violence or threat to the public safety.<br><br>4. *Accepts* legally possessed firearms, rifles, and shotguns that are voluntarily surrendered by persons.<br><br>5. *Renders* firearms, rifles, and shotguns safe.<br><br>6. *Prepares* PDCN Form 41, Property Receipt, *and*<br><br>    a. *gives* a copy to the owner,<br>    b. *forwards* a copy to the Precinct Domestic Incident Liaison Officer.<br><br>7. *Invoices* the confiscated property.<br><br>**B. Licensed Firearms Investigation** |
| RB Pistol License Section Investigator | 1. *Conducts* a pistol license incident investigation and *prepares* recommendations regarding the following:<br><br>    a. disposition of the licensed firearms, |

# Removal and Disposition of Weapons – Domestic Incidents/Threats to Public Safety   OPS 10023   2

|  |  |
|---|---|
|  | b. reinstatement of the pistol license, |
|  | c. suspension or revocation of the pistol license. |
| RB Pistol License Section Investigator | 2. *Reports* the results of the investigation to a Records Bureau (RB) Pistol License Section Supervisor and *recommends* actions to be taken. |
| RB Pistol License Section Supervisor | 3. *Reviews* the investigator's report and recommendations. |
|  | 4. *Forwards* a copy of the investigator's report and recommendations to the Precinct Domestic Incident Liaison Officer of the precinct of occurrence. |
| Precinct Domestic Incident Liaison Officer | 5. *Reviews* the investigator's report and recommendations. |
|  | 6. *Confers* with a Pistol License Section Supervisor regarding the recommendations. |
| RB Pistol License Section Supervisor | 7. *Prepares* and *forwards* a narrative report [See Glossary] to the Chief of Department detailing the results of the investigation and recommendations. |
| Chief of the Department | 8. *Reviews* the narrative report and the recommendations and *notifies* the Records Bureau Commanding Officer of his decision. |
| Records Bureau Commanding Officer | 9. *Follows* the direction of the Chief of Department. |
| RB Pistol License Section Investigator | 10. *Notifies* the Precinct Domestic Incident Liaison Officer whenever firearms are to be returned, and |
|  | a. if previously confiscated rifles and shotguns are still being held: |
|  | (1) *notifies* the Precinct Domestic Incident Liaison Officer that these rifles and shotguns can be released, |
|  | (2) *includes* any rifles and shotguns along with licensed firearms when preparing PDCN Form 83, Property Disposition Form, |
|  | (3) *forwards* internal correspondence regarding reinstatement of pistol license, to the Precinct Domestic Incident Liaison Officer. |
|  | **C. Rifles and Shotguns Investigation** |
| Precinct Domestic Incident Liaison Officer | 1. *Reviews* all incidents involving confiscation of rifles and shotguns as soon as possible. |
|  | 2. *Determines* if the confiscation of rifles and shotguns was appropriate. |
|  | 3. *Ensures* the immediate return of confiscated rifles and shotguns in the following situations: |
|  | a. confiscation was inappropriate, |
|  | b. new information is learned which makes the confiscation inappropriate. |
|  | 4. *Initiates* an administrative review to determine if a legal impediment exists *not* to return confiscated rifles and shotguns. |

# Removal and Disposition of Weapons – Domestic Incidents/Threats to Public Safety   OPS 10023   2

| | |
|---|---|
| Precinct Domestic Incident Liaison Officer | 5. *Mails* the following forms, return receipt requested, to the owner of the rifles and shotguns: <br>    a. PDCN Form 173, Long Gun Review Record, *and* <br>    b. Long Gun cover letter. <br><br> 6. *Forwards* the following *mandatory* information to the Desk Personnel and *directs* them to request a National Crime Information Computer (NCIC) inquiry, using the QICS format, to determine if there is any information that would prohibit a return of firearms, rifles, and shotguns under the Federal Gun Control Act [See Definition]: <br>    a. name, <br>    b. sex, <br>    c. race, <br>    d. date of birth, <br>    e. state of residence. <br><br> Note: A social security number *is not* mandatory but should also be forwarded, if available. |
| Desk Personnel | 7. *Completes* the QICS format on the NYSPIN computer and *transmits* to the Teletype Section. |
| PCO Teletype Section | 8. *Enters* the QICS into NYSPIN and *transmits* to the NYSP. <br><br> 9. *Receives* reply from NYSPIN and *performs* a Criminal History Check in the eJusticeNY if there is any indication of criminal history. <br><br> 10. *Faxes* the results to the requesting Desk Personnel. |
| Desk Personnel | 11. *Forwards* the results to the Precinct Domestic Incident Liaison Officer. |
| Precinct Domestic Incident Liaison Officer | 12. *Determines* if any of the following conditions exist: <br>    a. the owner is prohibited from possessing rifles or shotguns under the Federal Gun Control Act, <br>    b. the owner has a relevant pending court disposition, <br>    c. the owner is a subject of an order of protection, <br>    d. the owner has a relevant Nassau County arrest history, <br>    e. domestic incidents have occurred since the time of the confiscation or voluntary surrender, <br>    f. other extenuating circumstances which indicate that rifles and shotguns should not be returned. <br><br> 13. *Interviews* the investigating detective, if the Detective Division was involved in the initial incident. <br><br> 14. *Interviews* the victim of a domestic incident, outside the presence of the offender, to determine the following: <br>    a. current status of the relationship, <br>    b. if there have been any threats since the initial incident, <br>    c. whether the victim believes that the rifles and shotguns can be safely returned, <br>    d. any other circumstances relevant to the return of the rifles and shotguns. |

## Removal and Disposition of Weapons – Domestic Incidents/Threats to Public Safety  OPS 10023  2

| | |
|---|---|
| **Precinct Domestic Incident Liaison Officer** | 15. *Reviews* the gathered information to determine if the rifles and shotguns should continue to be held or be returned. |
| | 16. If notified by a Pistol License Section Supervisor that the owners license has been reinstated: |
| |     a. *prepares* a brief narrative report outlining the investigation, *indicating* that Pistol License Section has concluded a pistol license investigation and is reinstating the owners license, *and* |
| |     b. *forwards* the following to the Patrol Division Domestic Incident Coordinator: |
| |         (1) narrative report, |
| |         (2) copy of internal correspondence received from Pistol License Section regarding the reinstatement of pistol license. **[End of Procedure]** |
| | 17. *Prepares* a brief narrative report outlining the investigation, including a recommendation as to whether the rifles and shotguns should be returned. |
| | 18. *Prepares* the following forms, if the rifles and shotguns will be returned: |
| |     a. PDCN Form 83, and |
| |     b. PDCN Form 110, Property Bureau Notice to Claimant Card. |
| | 19. *Forwards* the following to the Patrol Division Domestic Incident Coordinator: |
| |     a. narrative report, |
| |     b. PDCN Form 83, if prepared, |
| |     c. PDCN Form 110, if prepared. |
| **Patrol Division Domestic Incident Coordinator** | 20. *Reviews* the narrative report and *confers* with the Precinct Domestic Incident Liaison Officer. |
| | 21. *Advises* the Precinct Domestic Incident Liaison Officer to *either:* |
| |     a. continue to hold the rifles and shotguns, *or* |
| |     b. return them to the owner. |
| | 22. *Forwards* the following forms to Property Bureau (PB) if the rifles and shotguns will be returned: |
| |     a. PDCN Form 83, and |
| |     b. PDCN Form 110. |
| **Precinct Domestic Incident Liaison Officer** | 23. If the shotguns and rifles *will not* be returned, *notifies* Legal Bureau to initiate legal proceedings. |
| | 24. *Notifies* the following regarding the status of the rifles and shotguns: |
| |     a. victim, if one exists, |
| |     b. owner, only if rifles and shotguns will be returned. |
| | 25. *Notifies* PB to destroy firearms, rifles and shotguns in the following situations: |
| |     a. owner can not be located, |

PAGE 5 of 6

# Removal and Disposition of Weapons –
## Domestic Incidents/Threats to Public Safety   OPS 10023   2

| | |
|---|---|
| | b. owner does not want rifles and shotguns returned, |
| | c. an investigation reveals a legal impediment still exists not to return the rifles and shotguns. |
| | **Note:** The Liaison Officer should take into consideration if rifles and shotguns should continue to be held for reasons such as court orders, which *temporarily* prohibit the owner from possessing such rifles and shotguns. |
| Precinct Domestic Incident Liaison Officer | 26. *Maintains* written records of all actions taken regarding confiscated or voluntarily surrendered rifles and shotguns. |
| Property Bureau Personnel | 27. *Upon receipt* of PDCN Form 83 and PDCN Form 110: |
| | a. *mails* PDCN Form 110, return receipt requested, to the owner of the rifles and shotguns, and |
| | b. *files* PDCN Form 83. |