UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARC W. WEINSTEIN,

                       Plaintiff,

     - against -

THOMAS C. KRUMPTER, Acting Police
Commissioner, Nassau County, New York,
STEVEN E. SKRYNECKI, Chief of
Department, Nassau County Police Department,
DANIEL P.FLANAGAN, Commanding Officer,
First Precinct, Nassau County Police Department,
JAMES B.MALONE, Police Officer, First
Precinct, Nassau County Police Department
JOHN DOES I -IV, Police Officers, First
Precinct, Nassau Police Department, PAUL
CAPPY, Police Officer and Investigator,
Nassau County Police Department, Pistol License
Section, and NASSAU COUNTY POLICE
DEPARTMENT, and COUNTY OF NASSAU,

                       Defendants.
------------------------------------------------------------X

**ORDER**

CV 14-7210 (ADS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Plaintiff Marc W. Weinstein ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 1983, 1985 and 1988 against the County of Nassau ("the County"), the Nassau County Police Department ("NCPD"), Acting NCPD Commissioner Thomas Krumpter, NCPD Chief Steven E. Skrynecki, NCPD First Precinct Commanding Officer Daniel P. Flanagan, NCPD Officer James B. Malone, and NCPD Officer and Investigator Paul Cappy (collectively "Defendants"). Plaintiff alleges that Defendants violated his constitutional rights under the First, Second, Fourth, Fifth, and Fourteenth Amendments by forcing him to surrender his pistol license and confiscating his legally owned firearms after NCPD officers responded to a domestic incident at his home.

*See generally* Second Am. Compl. ("SAC") [DE 18].  Plaintiff also brings a municipal liability claim against the County pursuant to *Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658 (1978), alleging that the County's policy of "confiscat[ing] all firearms in the event of any domestic incident when there is a police presence" violates constitutional due process rights and that the County has "intentionally failed and refused to implement prompt post deprivation procedures before a neutral judge" as required by Judge Spatt's decision in *Razzano v. County of Nassau*, 765 F. Supp. 2d. 176 (E.D.N.Y. 2011).  SAC ¶¶ 42, 45.

In *Razzano*, Judge Spatt held that persons whose longarm rifles and shotguns are seized by the County are entitled to a "prompt post-deprivation hearing" before a neutral decision-maker so long as "the seized longarms . . . are not (1) the fruit of a crime, (2) an instrument of crime, (3) evidence of a crime, (4) contraband, or (5) barred by court order from being possessed by the person from whom they were confiscated."  765 F. Supp. 2d at 190-91.  In response to *Razzano*, the County adopted the procedure "OPS 10023 – Removal and Disposition of Weapons-Domestic Incidents/Threats to Public Safety" ("OPS 10023"), which went into effect on May 11, 2012.  *See* OPS 10023, annexed to DE 31.  OPS 10023 sets forth procedures for NCPD, *inter alia,* to confiscate pistol licenses and licensed firearms, "when necessary, from parties involved in a domestic incident" and to conduct an investigation after the confiscation to determine whether the firearms should be returned to the owner, retained, or destroyed.  *Id.*

Presently before the Court is Plaintiff's letter motion to compel Defendants to respond to Plaintiff's Request for Production No. 16, which seeks the following information:

> Written or electronic list of all firearms confiscations by Nassau County Police Department following the *Razzano* decision (Feb. 28, 2011), where the firearms "are not (1) the fruit of a crime, (2)

> an instrument of crime, (3) evidence of a crime, (4) contraband, or (5) barred by court order from being possessed by the person from whom they were confiscated" and as to each:
>
> a. The date and location of the confiscation;
>
> b. The name, address, e-mail address and phone number of the person from whom the firearms were confiscated;
>
> c. If and when the firearms were returned;
>
> d. If not returned, the reasons;
>
> e. The date, time and place of each post deprivation hearing and the person before whom it was held and the persons appearing before such tribunal including attorneys, if any;
>
> f. The name, address, title and employment of the impartial decision-maker before whom the hearing was held, and if his/her decision was reviewable, by whom.

DE 29. Plaintiff argues that the information sought in Request No. 16 is relevant to whether OPS 10023 is constitutional "as applied" and whether Defendants have complied with *Razzano* "by providing prompt post deprivation hearings before an impartial decision maker in these types of confiscations." *See* DE 29. Plaintiff also asserts that the requested information is relevant to his *Monell* claim "in its over all application county wide over time." *Id.*

Defendants oppose Plaintiff's motion to compel. *See* DE 31. Defendants assert that OPS 10023, which the County "adopted specifically to remedy the constitutional issues identified by Judge Spatt in *Razzano,* provides ample due process to persons whose firearms were confiscated by the Police Department for return of those weapons." *Id.* Defendants further note that "[s]ince the adoption of OPS 10023, the Police Department has never received any complaint from any gun owner until this action was filed by plaintiff[.]" *Id.* As for the contents of Plaintiff's

3

Request No. 16, Defendants argue that the request is overbroad, that it would be "unduly burdensome and virtually impossible" for NCPD to identify every firearm confiscation since February 2011 which falls within the parameters of the request, and, even if it were possible to obtain such information, producing it to Plaintiff would "violate the privacy rights of individuals whose firearms were confiscated by disclosing their 'name, address, email address and phone number' from police records, particularly where criminal records are sealed, or where disclosure of such names would violate statutory law, such as New York Criminal Procedure Law §§ 160.50 and 160.55, or New York Family Court Act § 166." *Id.*

On June 27, 2016, the Court heard oral argument on Plaintiff's motion. During oral argument, Plaintiff's counsel reiterated his position that the information sought in Request No. 16 is relevant to the *Monell* claim and to the question of whether the implementation of OPS 10023 provides for the prompt post-deprivation hearing required under *Razzano*. Plaintiff's counsel asserted that, at the very least, he was entitled to the "statistical information" sought in his request. Defendants' counsel argued that, in his view, the facts of this case are distinguishable from *Razzano* because Plaintiff's guns in this instance were confiscated after a domestic incident. Thus, despite having previously stated in his opposition that OPS 10023 was "adopted specifically to remedy the constitutional issues identified by Judge Spatt in *Razzano*," Defendants' counsel asserted that the *Razzano* requirements are not applicable here and Plaintiff is therefore not entitled to the information he seeks in Request No. 16. After hearing the parties' arguments, the Court reserved decision on Plaintiff's motion.

Rule 26 of the Federal Rules of Civil Procedure provides for the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs

4

of the case[.]" Fed. R. Civ. P. 26(b). "'Relevance" under Rule 26 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case.'" *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir. 1992) (noting that the scope of discovery under Rule 26(b) is "very broad"); *Henry v. Morgan's Hotel Grp., Inc.*, No. 15-CV-1789, 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016) (stating that, after the December 2015 amendments to Rule 26, "relevance is still to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense") (internal quotation marks omitted)*; AP Links, LLC v. Russ*, 299 F.R.D. 7, 11 (E.D.N.Y. 2014)*; see also Barrett v. City of New York*, 237 F.R.D. 39, 40 (E.D.N.Y. 2006) (noting that the information sought "need not be admissible at trial to be discoverable."). Notwithstanding the foregoing principles,"[t]he party seeking discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Barbara v. MarineMax, Inc.*, No. 12-CV-368, 2013 WL 1952308, at *2 (E.D.N.Y. May 10, 2013) (citing *Wells Fargo Bank, N.A. v. Konover*, No. 05-CV-1924, 2009 WL 585430, at *5 (D. Conn. Mar. 4, 2009)). In general, "[a] district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008)); *Barbara*, 2013 WL 1952308, at *3 ("Courts afford broad discretion in magistrates' resolution of discovery disputes.").

Having considered the parties' arguments in light of the applicable law, the Court concludes that Plaintiff is entitled to some of the information sought in Request No. 16. The

Court notes that, as Defendants argue, Request No. 16 is overbroad as written. At oral argument, the Court addressed problems with how Plaintiff drafted Request No. 16 and the fact that much of the information Plaintiff seeks in that request could be explored and possibly obtained during depositions. The Court also finds that Plaintiff has not made a *prima facie* showing as to why he needs the names, addresses, e-mail addresses and phone numbers of the persons from whom the firearms were confiscated since, as Defendants point out, there are no class action allegations in this case. Requiring the production of this information would raise serious privacy concerns which Plaintiff has not even addressed.

Nevertheless, the Court will not foreclose Plaintiff from pursuing discovery on his *Monell* claim because Defendants now believe that *Razzano* is inapplicable under the facts of this case. Rather, the Court concludes that Plaintiff is entitled to discover information regarding circumstances where, as here, the NCPD confiscated firearms as a result of a domestic incident – *i.e.*, confiscations which occurred pursuant to OPS 10023. This information falls within the broad scope of relevant discovery under Federal Rule of Civil Procedure 26(b) in light of Plaintiff's *Monell* claim against the County. *See, e.g.*, *Cooks v. Town of Southampton*, No. 13-3460, 2015 WL 1476672, at *8 (E.D.N.Y. Mar. 31, 2015) (compelling disclosure of information in a Section 1983 case on the grounds that it was "clearly relevant to Plaintiff's unlawful arrest claims as well as his *Monell* claims against the Town for failure to supervise and for ignoring police misconduct").

Accordingly, the Court hereby compels Defendants to respond to Plaintiff's Request No. 16 by providing a list of all firearms confiscations by NCPD which occurred as a result of a domestic incident and pursuant to OPS 10023 during the approximately 21-month time period

between May 11, 2012 – the date OPS 100123 went into effect – and February 25, 2014, the date of the underlying incident. This list must include: (1) the date and location of the confiscation(s); (2) an indication whether the firearms were returned and, if so, the date of their return, and if not, the reasons they were not returned; (3) the date, time and place of each post-deprivation hearing held after the confication(s); (4) the name and title of the decision-maker who conducted the hearing, and (5) an indication whether the decision after the hearing was reviewable and, if so, by whom. This information is to be produced to Plaintiff no later than **August 5, 2016**.

For the foregoing reasons, Plaintiff's motion to compel [DE 29] is GRANTED, in part, to the extent set forth in this Order. The Court is adjusting the Final Scheduling Order as follows to account for the additional discovery to be completed in this action.

**FINAL SCHEDULING ORDER**:

- Deadline for completion of all discovery: August 15, 2016

- Moving party's Rule 56.1 Statement of Undisputed Facts must be served by: September 9, 2016

- Opposing party's Rule 56.1 Counterstatement must be served by: September 30, 2016

- Any letter request for a pre-motion conference to Judge Spatt for purposes of making a summary judgment motion must be filed by: October 14, 2016

- Proposed Joint Pre-Trial Order must be filed on ECF by: December 16, 2016

- Pre-Trial Conference will be held on: December 21, 2016 at 2 p.m.

**SO ORDERED.**

Dated: Central Islip, New York
July 6, 2016

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge